THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs*
829 East 15th Street, Box 7
Brooklyn, New York 11230
718-855-3627
rtolchin@berkmanlaw.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
----------------------------------------------------------------X

MAURICE SHNAIDER, *et al.*,

        Plaintiff,

-against-

AMERICAN MUSLIMS FOR PALESTINE, *et al.*,

        Defendant.

----------------------------------------------------------------X

Case no.
24-cv-01067 (MSS)(SPF)

## **MOTION FOR EXTENSION OF TIME TO SERVE PROCESS**

Plaintiffs respectfully move pursuant to Fed. R. Civ. P. 4(m) for an extension of time to serve process.

This action was filed May 2, 2024 (Dkt. 1). Pursuant to Fed. R. Civ. P. 4(m) service of process was required to be carried out within 90 days, which works out to July 31, 2024. Unfortunately, due to some technical procedural anomalies, because Plaintiffs took time to draft and file an amended complaint, and because of the difficulty of determining proper addresses to serve

Defendants, process has not yet been served. Plaintiffs therefore respectfully move this Court for an order extending their time to serve by an additional 60 days.

This action was filed by the undersigned together with a motion for admission *pro hac vice*. When an action is filed in this manner the complaint is not submitted via the usual ECF case initiating process, which usually collects the filing fee for the case. Rather, the complaint is submitted together with the *pro hac vice* motion. A fee is collected for the *pro hac vice* motion, but not for the complaint itself. Unfortunately, because one cannot apply for ECF privileges until after the *pro hac vice* motion is granted, one does not get notified of the granting of the *pro hac vice* motion. An extended time passed before I found out from the clerk that the *pro hac vice* motion had been granted. Then I needed to apply for ECF privileges, which also took an extended time. I had assumed at that point I would receive a prompt to pay the filing fee of the case, but I did not. I later realized the filing fee had not been paid on July 18 when I attempted to file proposed summonses and in conversation with the clerk about the summonses I was informed that they could not be processed until the filing fee was paid.

The clerk instructed me that if I wished to make payment of the filing fee by credit card I could do so via the Treasury's payment site, pay.gov. This is consistent with this District's Administrative Procedures for Electronic

Filing, which provides at section M that "A fee payable to the Clerk must be paid by a certified bank check, cashier's check, money order, cash, or electronically via Pay.gov." Unfortunately, there are no instructions on this Court's website, or on the pay.gov website, or in the Local Rules, or in the Administrative Procedures for Electronic Filing as to how to pay this fee via pay.gov when the fee is not being paid together with the filing of a complaint as there was "no form for that" searchable on the pay.gov site. I was finally able to reach someone at pay.gov today who told me this is a frequent question and that there was no way to do what Administrative Procedures for Electronic Filing Section M says. The pay.gov representative suggested that previous callers had re-filed their complaint in the district court, thereby triggering the payment routine that had not been available to them before. Upon receiving that suggestion today, I refiled the complaint and was able to pay the fee today.

Having now paid the fee, in the next few days Plaintiffs expect to file summonses and be in a position to move on to service of process.

It should be mentioned as well that as all this has been going on, counsels' 94-year-old father was diagnosed with cancerous nodules in his lungs and it fell on counsel to coordinate his care, which has resulted in two hospitalizations since this case was filed, and weekly immunotherapy infusions, which has greatly sapped the time available to attend to this matter.

In the meanwhile, though Plaintiffs have not been idle. An amended complaint enhancing the allegations of the original complaint was filed on July 15, and Plaintiffs have been researching potential addresses for service of process on the defendants, who are somewhat elusive and hard to pin down and serve.

It is respectfully submitted that under Fed. R. Civ. P. 4(m) this Court has discretion to extend Plaintiffs' time to serve on the ground of good cause. The procedural confusion described above, coupled with the illness of counsel's father, plus the time taken to prepare an amended complaint, constitutes such good cause. But even in the absence of good cause, this Court has discretion to extend time for service. *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005) ("Thus, today we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause.")

**WHEREFORE,** it is respectfully requested that the Court grant the within motion and enlarge Plaintiff's time to serve process herein by an additional 60 days, which works out to September 30, 2024.

Dated: Brooklyn, New York
       July 24, 2024

                                        Respectfully submitted,

                                        THE BERKMAN LAW OFFICE, LLC
                                        *Attorneys for Plaintiffs pro hac vice*

                                        by: _____
                                              Robert J. Tolchin

                                        829 East 15th Street, Box 7
                                        Brooklyn, New York 11230
                                        718-855-3627