UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAURICE SHNAIDER et al.,**

    **Plaintiffs,**

v.                                             Case No: 8:24-cv-1067-MSS-SPF

**AMERICAN MUSLIMS FOR
PALESTINE et al.,**

    **Defendants.**

_____

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court *sua sponte*. Upon consideration of the Amended Complaint, (Dkt. 8), the Court finds Plaintiffs fail to state a proper basis for venue in the Middle District of Florida. Plaintiffs assert venue is proper in this Court under 18 U.S.C. § 2334(a), which states, "Any civil action under [18 U.S.C. § 2333] against any person may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent."

Plaintiffs do not set forth a basis for venue in the Middle District of Florida under § 2334(a). First, the Amended Complaint contains no allegation that any plaintiff resides in the Middle District of Florida. Next, to the extent Plaintiffs contend venue is proper based on the residency of a defendant, the allegations in the Amended Complaint are insufficient. Plaintiffs state venue is proper "because Defendant Florida

State University SJP, Defendant University of Florida, Gainesville SJP, and Defendant University of South Florida SJP are located within the Middle District of Florida." (Id. at ¶ 12) Florida State University and the University of Florida are not located in the Middle District of Florida. Although the University of South Florida ("USF") is located within the Middle District of Florida, the complaint does not list USF or USF Students for Justice in Palestine among the named defendants. Moreover, the Amended Complaint does not allege any facts about acts or omissions by USF Students for Justice in Palestine or any other USF student group related to the causes of action brought by Plaintiffs.

Based on the foregoing, the Court would intend to transfer this action to a district court where venue is proper. Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005) ("[W]hile a district court may dismiss a suit *sua sponte* for lack of venue, it may not do so 'without first giving the parties an opportunity to present their views on the issue.'").

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiffs are directed to **SHOW CAUSE** why venue is proper in the Middle District of Florida.

2. Additionally, the Court notes that the case purports to be filed on behalf of a multitude of Plaintiffs, whose rights and interests do not facially appear to overlap completely. Plaintiffs are further directed to **SHOW**

**CAUSE** as to the basis for the action being filed jointly by all of these individuals rather than as separate actions on behalf of each.

3. Plaintiffs shall file a response to this Order on or before August 12, 2024.

4. Plaintiffs' Motion for Extension of Time to Serve Process, (Dkt. 9), is **DENIED WITHOUT PREJUDICE** as premature.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of July 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person