## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

-------------------------------------------------------------------- X

**MAURICE SHNAIDER**, et al.,

                        Plaintiffs,

                -against-

**AMERICAN MUSLIMS FOR PALESTINE, et al.[1]**,

                       Defendants.

Case No:
8:24-cv-1067-MSS-SPF

-------------------------------------------------------------------- X


## PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE REGARDING VENUE AND JOINDER OF MULTIPLE PLAINTIFFS

This memorandum of law is respectfully submitted in response to the Court's *sua sponte* show cause order (Dkt. 11) seeking briefing regarding placing venue in the Middle District of Florida and the joinder of multiple plaintiffs in this action.

---

[1] Each defendant Chapter of Students for Justice in Palestine is listed on Exhibit 1.

## <u>VENUE IN THE MIDDLE DISTRICT OF FLORIDA</u>

The Amended Complaint (Dkt. 6) lists the University of South Florida Students for Justice in Palestine ("USF SJP") among the named defendants. Since there were too many chapters of Students for Justice in Palestine to list in the caption, footnote 1 on page 4 of the Amended Complaint states, "[e]ach defendant Chapter of Students for Justice in Palestine is listed on Exhibit 1." Specifically, page 6 of Exhibit 1 of the Amended Complaint includes USF SJP among the named defendants.

Additionally, ¶ 276 of the Amended Complaint details actions by USF SJP, which are relevant to the causes of action brought by Plaintiffs in this case. On October 9, 2023, USF SJP posted a message on its official Facebook account that can be construed as conspiring with, aiding and abetting, and providing material support to Hamas, thereby implicating them in the claims brought by Plaintiffs under the federal Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act,[2] Pub. L. No.114-222 (2016).

1.  **<u>Statutory Basis for Venue</u>**: Under 18 U.S.C. § 2334(a), any civil action under 18 U.S.C. § 2333 may be instituted in the district court of the United States for any district where any plaintiff resides or where any

---

[2] JASTA provides a civil remedy for anyone "injured…by reason of an act of international terrorism." 18 U.S.C. § 2333(a).

defendant resides, is served, or has an agent. Given that USF SJP is located within the Middle District of Florida and is a named defendant, venue is proper in this district. This satisfies the statutory requirement for venue under § 2334.

**2.    Venue Allegations in the Complaint**: It is important to note that Plaintiffs are not required to include an allegation showing proper venue in the complaint. Under the Federal Rules of Civil Procedure, venue is not an essential element of pleading, and Plaintiffs do not need to allege facts establishing venue in the complaint. *Edwards v. Auto Showcase Motorcars of Palm Beach, LLC*, 2010 U.S. Dist. LEXIS 36769 (S.D. Fla. Apr. 14, 2010) ("Fed. R. Civ. P. 8(a) does not require that a complaint include allegations showing venue to be proper. Therefore, failure to state that venue lies properly in this district is not a valid reason to dismiss the complaint."); *Reyes v. JA & M Developing Corp.*, 2012 U.S. Dist. LEXIS 116324 (S.D. Fla. Aug. 17, 2012); *see* Fed. R. Civ. P. Form 2 note 3. Rather, improper venue is an affirmative defense, which must be timely raised by Defendants, or it is waived. Fed. R. Civ. P. 12(b)(3), (h).

**3.    Remedy for Improper Venue**: Even if venue were improper, dismissal would not be the better remedy. Under 28 U.S.C. § 1406(a) the Court has the authority to transfer a case filed in a district where venue is incorrect to any district or division in which it could have been brought in the interest

of justice. Courts often find that the "interest of justice" favors transfer over dismissal. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating.") Therefore, even if venue is improper in this case, the case should be transferred rather than dismissed in the interest of justice. This aims to minimize disruption to the litigation process. *Pelton v. Lowe's Home Centers, LLC*, 2021 U.S. Dist. LEXIS 265484 (M.D. Fla. 2021), *Brannigan v. Anthem Ins. Co., Inc.*, 2022 U.S. Dist. LEXIS 202494 (M.D. Fla. Nov. 7, 2022).

## JOINDER OF MULTIPLE PLAINTIFFS

Rule 20(a) permits multiple plaintiffs to join in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "(B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). "Joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)). Plaintiffs in this case are all victims of Hamas's terrorism on October 7, 2023,

and their claims arise out of the same series of transactions or occurrences involving the Defendants' alleged conspiracy with, aiding and abetting, and material support for Hamas. Additionally, common questions of law and fact, such as the Defendants' liability under the ATA, will arise in this action. The permissive joinder of Plaintiffs in this case is appropriate under Rule 20(a) because the claims arise out of the same series of transactions and occurrences and involve common questions of law and fact. This approach is consistent with the principles of judicial economy and fairness to the parties involved.

Dated: July 31, 2024

**THE BERKMAN LAW OFFICE, LLC**
*Attorneys for Plaintiffs*

by: _____
        Robert J. Tolchin

829 East 15th Street, Box 7
Brooklyn, New York 11230
(718) 855-3627
rtolchin@berkmanlaw.com