## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

-------------------------------------------------------------X

**MAURICE SHNAIDER, et al.,**

                         Plaintiffs,

              v.

**AMERICAN MUSLIMS FOR PALESTINE,
et al.,**

                         Defendants.

Case No.:
8:24-cv-01067-MSS-SPF

-------------------------------------------------------------X

## PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE
## AND EXTENSION OF TIME TO SERVE DEFENDANTS

Plaintiffs, by and through undersigned counsel, respectfully move this Court pursuant to Rules 4(e) and 4(m) of the Federal Rules of Civil Procedure for an order (1) authorizing alternative service of process on several defendants, and (2) extending the time to complete service of process. In support thereof, Plaintiffs state as follows:

Plaintiffs filed an Amended Complaint in this action on July 15, 2024. On March 27, 2025, the Court entered an Endorsed Order discharging its prior Order to Show Cause and granted Plaintiffs ninety (90) days from that date to complete service of process upon all Defendants in this matter.

## I.
## Alternative Service

Federal Rule of Civil Procedure 4(e) allows for service of process to be made pursuant to state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Federal courts have inherent equitable power to authorize alternative service when a defendant is actively evading service and the plaintiff has exercised due diligence. *See United States CFTC v Aliaga*, 272 F.R.D. 617 (SD Fla 2011) (authorizing alternative service of process on defendants believed to be evading service via email and on the attorney representing the defendants); *District of Columbia v Butler*, 713 F. Supp. 2d 61 (DDC 2010) (authorizing alternative service after numerous failed attempts at personal service and evidence suggesting the defendant was evading service); *Grado v Med., Indus.*, 347 F.R.D. 654 SD Ohio 2024) (authorizing alternative service by email, finding that the proposed method was reasonably calculated to notify the defendants and provide them an opportunity to respond).

Plaintiffs have made diligent and repeated efforts to personally serve each of the Defendants in this action. Despite these efforts, several Defendants have actively evaded service or otherwise could not be located for personal service.

The district court has discretion to extend the Rule 4(m) service deadline. See *Horenkamp v. Van Winkle & Co., Inc.,* 402 F.3d 1129, 1132–33 (11th Cir. 2005); *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Even in the absence of good cause, the district court has the discretion to extend the time for service of process.")

## Defendants Taher Herzallah, NSJP, SJP Chapters

Plaintiffs seek to serve Mr. Herzallah individually and in his capacity as campus liaison for Defendant National Students for Justice in Palestine ("NSJP"), as well as on behalf of all named SJP chapters identified as Defendants in this action.

Defendant Taher Herzallah is an individual believed to reside at 2331 Toulouse Circle, Corona, California 92882.

Plaintiffs have made diligent and repeated efforts to personally serve Mr. Herzallah at his last known address.

As documented in Exhibit 1—Affidavits of Unsuccessful Service and Declarations of Diligence from the Riverside, California Sheriff's office— Deputy E. Morales made three separate attempts to serve Mr. Herzallah:

- o On May 7, 2025, at 1:36 PM (no response, card left),

- o On May 9, 2025, at 12:59 PM (no response),

o   On May 13, 2025, at 7:50 PM (female voice heard behind door, then silence after Deputy identified himself as from the Sheriff's Department).

As documented in Exhibit 2—Affidavits of Service from the Fairfax County Sheriff's Office—on May 21, 2025, Deputy Sheriff Hashtroudilar attempted service at the place of business of Defendant Taher Herzallah, individually, and in his capacity as campus liaison for Defendant NSJP, as well as on behalf of all named SJP chapters identified as Defendants in this action. A copy of the Summons and Complaint was left with Osama Abuirshaid, Executive Director of American Muslims for Palestine, at 6404 N. Seven Corners Place, Falls Church, Virginia 22044.

Despite these diligent efforts, Plaintiffs have been unable to effectuate personal service on Mr. Herzallah.

Plaintiffs have exercised due diligence in attempting to effectuate personal service on Mr. Herzallah, as evidenced by the multiple attempts made by the Riverside, California Sheriff's office at the Defendant's residence and the attempt made by the Fairfax, Virginia Sheriff's office at the Defendant's place of business. The circumstances strongly suggest that Mr. Herzallah is actively avoiding service.

Plaintiffs submit that service by certified mail to Taher Herzallah's last known residential address is reasonably calculated to apprise him of the pendency of the action and afford him an opportunity to respond.

Accordingly, Plaintiffs respectfully request that this Court authorize service of process on Defendant Taher Herzallah—individually, in his capacity as campus liaison for Defendant NSJP, and on behalf of all named SJP chapters identified as Defendants in this action—via certified mail with USPS tracking, which will provide confirmation of delivery. Plaintiffs will file the delivery confirmation with the Court. This method is reasonably calculated to apprise Defendant Herzallah of the pendency of this action and satisfies the requirements of due process.

## Defendant National Students for Justice in Palestine

Plaintiffs also seek to serve Defendant NSJP, a national unincorporated association, via its lead attorney Abdel-Rahman Hamed, Esq., at 4548 Maxfield Drive, Annandale, Virginia 22003.

As documented in the attached Exhibit 3—Affidavit of Posting and Affidavit of Due Diligence, Plaintiffs have attempted service on NSJP by delivering the Summons and Amended Complaint to its lead attorney, Abdel-Rahman Hamed, Esq., at his known professional address. Process server Abel Emiru made repeated attempts to serve Mr. Hamed:

- o On May 6, 2025, at 6:40 PM at 5600 35th Road North, Arlington Virginia 22207 (current resident stated Mr. Hamed does not reside there and then called him, process server had unpleasant conversation with Mr. Hamed),

- o On May 10, 2025, at 6:33 PM at 4548 Maxfield Drive, Annandale, Virginia 22003 (no response, package at front door addressed to Mr. Abdel-Rahman),

- o On May 12, 2025, at 9:23 AM at 4548 Maxfield Drive, Annandale, Virginia 22003 (no response).

- o On May 15, 2025, at 6:17 PM at 4548 Maxfield Drive, Annandale, Virginia 22003 (man answered, became combative, threatened to call police, took pictures of process server and license plate).

On May 17, 2025, process server George Illidge posted the Summons and Complaint at the door of Mr. Hamed's address, and a copy was mailed to the same address on May 19, 2025.

Accordingly, Plaintiffs respectfully request that this Court authorize service of process on Defendant NSJP to its attorney, Abdel-Rahman Hamed, Esq., at 4548 Maxfield Drive, Annandale, Virginia 22003, via certified mail with USPS tracking, which will provide confirmation of delivery. Plaintiffs will file the delivery confirmation with the Court. This method is reasonably calculated to apprise NSJP of the action and satisfies due process.

Plaintiffs also seek to serve Defendant NSJP via its attorney Mark Allen Kleiman at 12121 Wilshire Boulevard, Suite 810, Los Angeles, CA 90025.

As documented in the attached Exhibit 4—Affidavits of Service, a deputy sheriff unsuccessfully attempted service on Defendant NSJP. Service was subsequently effected by a process server on June 2, 2025, by leaving a copy of the summons and complaint with a receptionist of suitable age and discretion at the office of Mark Allen Kleinman, Esq., attorney for Defendant NSJP. On June 4, 2025, a copy of the summons and complaint was mailed to Defendant NSJP via its attorney Mark Allen Kleiman.

Accordingly, Plaintiffs respectfully request that this Court authorize service of process on Defendant NSJP to its attorney, Mark Allen Kleiman at 12121 Wilshire Boulevard, Suite 810, Los Angeles, CA 90025, via certified mail with USPS tracking, which will provide confirmation of delivery. Plaintiffs will file the delivery confirmation with the Court. This method is reasonably calculated to apprise NSJP of the action and satisfies due process.

**Defendant Rafeeq Jaber**

Plaintiffs seek to serve Defendant Rafeeq Jaber, an individual believed to reside at 9748 Meade Avenue, Oak Lawn, IL 60453.

As documented in the attached Exhibit 5—Affidavit of Service from the Cook County, Illinois Sheriff's Office, attempted service was made on May 1, 2025 and substituted service was made on May 2, 2025 upon Defendant Jaber

by leaving a copy of the summons and complaint with a family member or person residing there, 13 years or older, and a copy mailed to Defendant Jaber.

To ensure that Defendant Rafeeq Jaber has received notice of this action, Plaintiffs respectfully request that this Court authorize service of process on Defendant Rafeeq Jaber via certified mail with USPS tracking to his last known address: 9748 Meade Avenue, Oak Lawn, IL 60453, which will provide confirmation of delivery. Plaintiffs will file a copy of the delivery confirmation with the Court. This method is reasonably calculated to apprise Defendant Rafeeq Jaber of the action and satisfies due process.

**Defendant Abdullah Akl**

Plaintiffs seek to serve Defendant Abdullah Akl, Co-Director of Public Affairs and Civic Engagement at the Muslim American Society, 180 Burgher Avenue, Staten Island, NY 10304.

No public residential address is available for Defendant Abdullah Akl. After conducting a diligent search, Plaintiffs identified the only known address for Defendant Akl as: c/o Muslim American Society, 180 Burgher Avenue, Staten Island, NY 10304. Plaintiffs also located an associated email address: pace@masnewyork.org.

As documented in the attached Exhibit 6—Sheriff's Certificate of Attempted Service—on May 14, 2025, Deputy Gonzalez and Sergeant Chu attempted to serve Defendant Abdullah Akl at the Muslim American Society,

180 Burgher Avenue, Staten Island, NY 10304. During the attempt, a male individual, who refused to identify himself, stated that no one by the name of Abdullah Akl is at the address.

Plaintiffs have exercised due diligence in attempting to effectuate personal service on Defendant Abdullah Akl at the only publicly available address associated with him: c/o Muslim American Society, 180 Burgher Avenue, Staten Island, NY 10304.

Plaintiffs submit that service by certified mail to Defendant Abdullah Akl's only publicly available address—c/o Muslim American Society, 180 Burgher Avenue, Staten Island, NY 10304—is reasonably calculated to apprise him of the pendency of this action and to afford him an opportunity to respond. Plaintiffs further submit that service by email to Defendant Akl's known email address, pace@masnewyork.org, is likewise reasonably calculated to provide notice and satisfy the requirements of due process.

Accordingly, Plaintiffs respectfully request that this Court authorize service of process on Defendant Abdullah Akl, c/o Muslim American Society, 180 Burgher Avenue, Staten Island, NY 10304, via certified mail with USPS tracking, which will provide confirmation of delivery. Plaintiffs will file a copy of the delivery confirmation with the Court.

Furthermore, Plaintiffs respectfully request that this Court authorize service of process on Defendant Abdullah Akl via email at pace@masnewyork.org.

These methods are reasonably calculated to apprise Defendant Abdullah Akl of the action and satisfies due process.

**Defendant Zarefah Baroud**

Plaintiffs seek to serve Defendant Zarefah Baroud, an individual believed to reside at 23524 3rd Place West, Bothell, WA 98021.

As documented in the attached Exhibit 7—Affidavit of Service, substituted service was made on May 17, 2025 upon Defendant Baroud by leaving a copy of the summons and complaint with a resident.

As documented in Exhibit 8—Affidavit of Service from the Fairfax, Virginia sheriff's office —on May 21, 2025, Deputy Sheriff Hashtroudilar went to the place of business of Defendant Zarefah Baroud and left a copy of the summons and complaint with Osama Abuirshaid, Executive Director of American Muslims for Palestine at 6404 N Seven Corners Pl., Falls Church, Virgina 22044.

To ensure that Defendant Zarefah Baroud has received notice of this action, Plaintiffs respectfully request that this Court authorize service of process on Defendant Zarefah Baroud via certified mail with USPS tracking to her last known address: 23524 3rd Place West, Bothell, WA 98021, which will

provide confirmation of delivery. Plaintiffs will file a copy of the delivery confirmation with the Court. This method is reasonably calculated to apprise Defendant Zarefah Baroud of the action and satisfies due process.

## Defendants Nerdeen Kiswani and Within Our Lifetime

Plaintiffs seek to serve Defendant Nerdeen Kiswani, individually, and in her capacity as the chairperson of Defendant, Within Our Lifetime, a collective without formal legal status.

No public residential address is available for Defendant Nerdeen Kiswani, and no public address is available for Defendant Within Our Lifetime. After conducting a diligent search, Plaintiffs identified the only known addressees for Defendant Nerdeen Kiswani: 202 Spring Street, Apt. 5, New York, NY 10012 and 11 Motley Avenue, Staten Island, NY 10314.

No public address is available for Defendant Within Our Lifetime. Its website provides only an email address: wol.palestine@gmail.com.

After conducting a diligent search, Plaintiffs also identified the attorney for Defendant Nerdeen Kiswani, individually and as representative of Within Our Lifetime, in another case as Jonathan Wallace, PO #728, Amagansett, NY 11930, jonathan.wallace80@gmail.com.

As documented in the attached Exhibit 9— Sheriff's Certificates of Attempted Service:

Two deputy sheriffs attempted to serve Nerdeen Kiswani at 202 Spring Street, Apt. 5, New York, NY 10012:

- o On May 29, 2025, at 7:45 AM (rang Apt. 5 doorbell multiple times on intercom; no response),

- o On June 3, 2025, at 9:00 PM (rang Apt. 5 doorbell multiple times, intercom system not working, left contact card and intercom).

Two deputy sheriffs attempted to serve Nerdeen Kiswani and Within Our Lifetime:

- o On May 15, 2025, at 10:18 AM at 11 Motley Avenue, Staten Island, NY 10314 (left contact card),

- o On June 11, 2025, at 7:25 PM at 202 Spring Street, Apt. 5, New York, NY 10012 (knocked and used the ring device several times, no response, contact card left on door).

As documented in the attached Exhibit 10— Proof of Service, a process server attempted to serve Nerdeen Kiswani at 11 Motley Avenue, Staten Island, NY 10314:

- o On June 3, 2025, at 4:35 PM (female resident exited house, advised she is not Nerdeen Kiswani and not employed by Within Our Lifetime and Nerdeen Kiswani does not live at that address. She refused to accept service.),

- o On June 4, 2025, at 7:05 PM (rang doorbell, no answer).

Plaintiffs have exercised due diligence in attempting to effectuate personal service on Defendants Nerdeen Kiswani and Within Our Lifetime at the only publicly available addresses associated with them: 202 Spring Street, Apt. 5, New York, NY 10012 and 11 Motley Avenue, Staten Island, NY 10314.

Plaintiffs also attempted to contact Jonathan Wallace, Esq., the attorney for Defendant Nerdeen Kiswani, individually and as representative of Within Our Lifetime, in another case via email at jonathan.wallace80@gmail.com, asking if he would accept service for Defendants Nerdeen Kiswani and Within Our Lifetime in this case. Mr. Wallace did not respond to the email.

Plaintiffs submit that service by certified mail to the only publicly available addresses for Defendants Nerdeen Kiswani and Within Our Lifetime—202 Spring Street, Apt. 5, New York, NY 10012 and 11 Motley Avenue, Staten Island, NY 10314—is reasonably calculated to apprise them of the pendency of this action and to afford them an opportunity to respond. Plaintiffs further submit that service by email to Defendant Within Our Lifetime's known email address, wol.palestine@gmail.com, is likewise reasonably calculated to provide notice and satisfy the requirements of due process.

Accordingly, Plaintiffs respectfully request that this Court authorize service of process on Defendants Nerdeen Kiswani and Within Our Lifetime, 202 Spring Street, Apt. 5, New York, NY 10012 and 11 Motley Avenue, Staten

Island, NY 10314, via certified mail with USPS tracking, which will provide confirmation of delivery. Plaintiffs will file a copy of each delivery confirmation with the Court.

Furthermore, Plaintiffs respectfully request that this Court authorize service of process on Defendant Within Our Lifetime via email at wol.palestine@gmail.com.

Plaintiffs also respectfully request that this Court authorize service of process on Defendants Nerdeen Kiswani and Within Our Lifetime via their attorney, Jonathan Wallace, PO #728, Amagansett, NY 11930, certified mail with USPS tracking, which will provide confirmation of delivery, and email at jonathan.wallace80@gmail.com. Plaintiffs will file the delivery confirmation with the Court.

These methods are reasonably calculated to apprise Defendants Nerdeen Kiswani and Within Our Lifetime of the action and satisfies due process.

## II.
## Extension of Time to Serve Defendants

Plaintiffs respectfully request an additional 30 days from the date of the Court's decision on this motion, to complete service of process using the alternative methods requested, and to ensure full compliance with Rule 4(m) and this Court's Order. This extension is requested in good faith and not for the purpose of delay. No party will be prejudiced by the brief extension.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order:

a)      Authorizing service of process on the following Defendants by the specified alternative methods:

1. **Defendants Taher Herzallah, NSJP, SJP Chapters**—By certified mail with USPS tracking to: 2331 Toulouse Circle, Corona, California 92882. This service shall be deemed effective upon mailing. This service shall also be deemed effective on behalf of: Defendant Herzallah individually, in his capacity as campus liaison for Defendant NSJP, and on behalf of all named SJP chapters identified as Defendants.

2. **Defendant NSJP**—By certified mail with USPS tracking to its attorneys: Abdel-Rahman Hamed, Esq., 4548 Maxfield Drive, Annandale, Virginia 22003 and Mark Allen Kleiman at 12121 Wilshire Boulevard, Suite 810, Los Angeles, CA 90025.

3. **Defendant Rafeeq** Jaber—By certified mail with USPS tracking to: 9748 Meade Avenue, Oak Lawn, Illinois 60453.

4. **Defendant Abdullah Akl**—By certified mail with USPS tracking to:    c/o Muslim American Society, 180 Burgher Avenue, Staten Island, New York 10304; and Email to: pace@masnewyork.org.

5. **Defendant Zarefah Baroud**—By certified mail with USPS tracking to: 23524 3rd Place West, Bothell, Washington 98021;

6. **Defendants Nerdeen Kiswani and Within Our Lifetime**—By certified mail with USPS tracking to:   202 Spring Street, Apt. 5, New York, NY 10012; 11 Motley Avenue, Staten Island, NY 10314; Jonathan Wallace, PO #728, Amagansett, NY 11930; and via email to: wol.palestine@gmail.com and jonathan.wallace80@gmail.com;

   b)    Extending the time to serve the Defendants in this action for 30 days after the date of the decision on this motion; and

   c)    Granting such other and further relief as this Court deems just and proper.

Dated:  Brooklyn, New York
        June 17, 2025

                            Respectfully submitted,

                            THE BERKMAN LAW OFFICE, LLC
                            *Attorneys for Plaintiffs*

                            by:    /S/ Robert J. Tolchin
                                   Robert J. Tolchin

                            829 East 15th Street, Box 7
                            Brooklyn, New York 11230
                            718-855-3627
                            rtolchin@berkmanlaw.com