# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MAURICE SHNAIDER et al.,

      Plaintiffs.

v.                            Case No. 8:24-cv-1067

AMERICAN MUSLIMS FOR
PALESTINE et al.,

      Defendants.

_____

## DEFENDANT MAGDI ODEH'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Magdi Odeh ("Mr. Odeh"), by and through his undersigned counsel, moves to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and respectfully submits this incorporated memorandum of law in support of his motion.

## INTRODUCTION

Magdi Odeh was one of the founders of U.S. Palestinian Network ("USPCN"), a Palestinian and Arab community-based organization that works to advance Palestinian rights, and of American Muslims for Palestine, a 501(c)(3) non-profit organization that also works to advance Palestinian rights. Mr. Odeh has not had any role in either organization for over 15 years. Mr. Odeh has been named as a defendant in this lawsuit merely because of his prior affiliation with USPCN and

AMP. The allegations against Mr. Odeh are incredibly sparse—his name appears in only 4 of the 384 paragraphs that comprise the "Factual Allegations" section of the Amended Complaint. *See* Am. Compl., ¶¶ 115, 130, 406, 407.

Plaintiffs fail to allege any specific actions whatsoever by Mr. Odeh that could possibly render him liable under the Anti-Terrorism Act ("ATA") for aiding and abetting the October 7, 2023 attacks committed by Hamas (hereinafter "October 7 attacks"), conspiring to commit the attacks, or providing material support to Hamas. The only non-conclusory allegations related to Mr. Odeh are that he: (1) was a founder of USPCN and AMP; (2) was one of the initial organizers of the transition group related to AMP; and (3) "previously had a role with IAP/AMS or HLF." *Id.*, ¶¶ 56, 115, 130. These allegations have nothing to do with aiding and abetting Hamas, much less the October 7 attacks, and are not connected to any cause of action.

There are only two paragraphs in the Amended Complaint that link Mr. Odeh to Hamas, but the allegations in those two paragraphs are also wholly conclusory. *Id.* at ¶¶ 406, 407. Paragraph 406 lists each of the individual defendants, including Mr. Odeh, and, lumping them all together, alleges that they "facilitated" the establishment of National SJP and SJP "to continue the same ongoing enterprise of IAP/AMS and HLF and AMP, but on a college level where they could infiltrate the minds of the young and easily influenced"; paragraph 407 lists all of the individual defendants, and again, lumping them all together, alleges that they "facilitated" "the joining of … National SJP and SJP into the Hamas Conspiracy." These allegations

constitute naked assertions, devoid of factual enhancement, and, as such, are not entitled to the assumption of truth and should be disregarded. Not one specific fact is offered or alleged in support of these conclusory, blanket assertions.

Plaintiffs' claim for aiding and abetting terrorism under the ATA should therefore be dismissed because the factual allegations in the Amended Complaint fall far short of establishing that Mr. Odeh provided knowing and substantial assistance to Hamas. The claim for conspiracy under the ATA likewise fails because the Amended Complaint contains no factual allegations that plausibly show Mr. Odeh entered into an agreement with Hamas for the purpose of committing a terrorist act. Plaintiffs' claims for material support liability under the ATA should also be dismissed because the Amended Complaint does not plausibly plead that Mr. Odeh committed an act of terrorism, acted with a culpable state of mind, or proximately caused Plaintiffs' injuries.

To the extent that Plaintiffs allege that Mr. Odeh can be held liable based solely on his associations—Mr. Odeh's previous roles with USPCN and AMP—or because of group pleadings against "Defendants" in general, neither argument establishes individual liability.

Because Plaintiffs have had a chance to amend their pleading, and the Amended Complaint represents their best effort to state a claim, dismissal should be with prejudice. No further amendment will cure the defects Mr. Odeh identifies in this Motion.

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The "plausibility standard" asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id. at* 678 (internal quotation marks and citation omitted). "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). *See Mamani v. Berzaín*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."); *Womack v. Carroll Cty., Ga.*, 840 F. App'x 404, 405 (11th Cir. 2020) ("[W]e need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations.").

## FACTUAL BACKGROUND

Plaintiffs plead that they are family members of American citizens who were victims of Hamas's attack on October 7, 2023.[1] Am. Compl., ¶ 1. Plaintiffs assert

---

[1] In another part of the Amended Complaint, Plaintiffs plead that certain of the Plaintiffs' injuries were the result of attacks that occurred after October 7, specifically: an attack on an active duty IDF soldier by "a 16-year-old terrorist … from, or supported by, a [unspecified] specifically designated global terrorist organization" that occurred on November 6, 2023 (¶¶ 434-437); an attack on an active duty IDF soldier by Hamas that occurred on December 10, 2023 (¶¶ 443-445); an attack on an active duty IDF soldier by Hamas at an unspecified place time and place (¶¶ 446-448); and an attack on an individual by unspecified terrorists that occurred on January 15, 2025 (¶¶ 449-452).

three separate causes of action under the Anti-Terrorist Act: Conspiracy Liability (18 U.S.C. § 2333(a) and (d)); Aiding and Abetting Liability (18 U.S.C. § 2333(a) and (d)); and Material Support Liability (18 U.S.C. § 2339B and § 2333(a)). *Id.*, ¶¶ 453-484. Plaintiffs' apparent theory of the case is that the Defendants aided and abetted the October 7 attacks, not by providing any type of actual material support for the October 7 attacks, but by exercising their right to free speech and association.

Plaintiffs do not allege that Mr. Odeh is or was a member of, or affiliated with, Hamas. Nor do Plaintiffs allege that Mr. Odeh participated in or had any advance knowledge of the October 7 attacks.

In support of Mr. Odeh's individual liability, Plaintiffs make only the following cursory and conclusory allegations, which are quoted in their entirety:

(1) "Following the *Boim* Judgment, IAP/AMS and HLF faced intense scrutiny from the enforcement proceedings in the *Boim* Action as well as from criminal prosecutions being pursued by the Department of Justice. The timing of the formation of AMP coincided precisely with the shutdown of its predecessors, IAP/AMS. The organizers referred to this initial phase of AMP on a Yahoo bulletin board as the "transition." Among the initial organizers of the "transition" group were Hatem Bazian and Magdi Odeh. Each had previously had a role with IAP/AMS or HLF. At least four individuals who worked for or on behalf of HLF went on to work for or on behalf of AMP." *Id.*, ¶ 115.

(2) "Defendants AMP and AJP became the successors of IAP/AMS and HLF following the *Boim* Judgment and continue the same enterprise of sustaining Hamas in the United States and conspiring with Hamas. Defendants National SJP and SJP were established by Defendants AMP and USPCN to continue the same ongoing enterprise of IAP/AMS and HLF and AMP, but on a college level where they could infiltrate the minds of the young and easily influenced. This was facilitated by

Defendants WOL and CodePink, and Defendants, Hatem Bazian, Osama Abuirshaid, Zarefah Baroud, Magdi Odeh, Rafeeq Jaber, Hatem Abudayyeh, Taher Herzallah, Saleh Sarsour, Shakeel Sayed, Munjed Ahmed, Nerdeen Kiswani, and Abdullah Akl. The youth and impressionability of college students was the perfect breeding ground to radicalize students and create a student arm to conspire with Hamas. The evidence shows a continuity of the enterprise and a unity of interest between all of the Defendants and Hamas." *Id.*, ¶ 406.

(3) "Defendants National SJP and SJP joined the Hamas Conspiracy in 2010 when National SJP was formed by Defendants AMP and USPCN at a conference sponsored by BNC. Just like their predecessor organizations, AMP and USPCN are affiliated with Hamas, along with BCN. AMP and USPCN are intermediaries between Hamas, National SJP, and SJP. The joining of Defendants, National SJP and SJP, into the Hamas Conspiracy was facilitated by Defendants, WOL and CodePink, and the twelve individual Defendants Hatem Bazian, Osama Abuirshaid, Zarefah Baroud, Magdi Odeh, Rafeeq Jaber, Hatem Abudayyeh, Taher Herzallah, Saleh Sarsour, Shakeel Sayed, Munjed Ahmed, Nerdeen Kiswani, and Abdullah Akl, who are also part of the Hamas Conspiracy[2] by virtue of their active involvement with and support of Hamas." *Id.*, ¶ 407.

## ARGUMENT

## I.    The Amended Complaint Does Not Plausibly Allege Aiding and Abetting Liability Under the ATA Against Mr. Odeh

Section 2333(d) of the ATA imposes civil liability on a defendant "who aids and abets, by knowingly providing substantial assistance" to "an act of international terrorism" that is committed by a designated foreign terrorist organization ("FTO"). 18 U.S.C. § 2333(d)(2). To satisfy this standard, a plaintiff must allege that the

---

[2] "Hamas Conspiracy" is defined in the Amended Complaint as "Hamas led a conspiracy, the object of which was to commit terrorist attacks on Israeli civilians, including the October 7 Attack." Am. Compl., ¶ 402

defendant's conduct amounted to "conscious, voluntary, and culpable participation in another's wrongdoing." *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 493 (2023). Culpable participation in this context requires an "affirmative act," undertaken "with the intent of facilitating the offense's commission." *Id.* at 490 (internal quotation marks omitted). Aiding-and-abetting liability will not attach to "omissions, inactions, or nonfeasance." *Id.* at 489. Rather, a plaintiff must plausibly allege that the defendants "culpably associated themselves with the [relevant] attack, participated in it as something that they wished to bring about, or sought by their action to make it succeed." *Id.* at 490 (internal quotation marks omitted).

To state an ATA aiding-and-abetting claim, it is not enough for a plaintiff to allege that a defendant gave "assistance to [the FTO's] activities in general." *Id.* at 503; *Ofisi v. BNP Paribas, S.A.*, 77 F.4th 667, 675 (D.C. Cir. 2023) ("Aiding and abetting requires more than the provision of material support to a terrorist organization.") (internal quotation marks omitted). It is "not enough . . . that a defendant have given substantial assistance to a transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it." *Twitter*, 598 U.S. at 495. Rather, the defendant must have specifically "aided and abetted the act of international terrorism that injured the plaintiffs." *Id.* at 497. In other words, to plead aiding and abetting under the ATA, Plaintiffs must plausibly allege that Mr. Odeh aided the *specific tort* that injured them; it is not enough to allege that he aided the tortfeasor more generally.

7

When Congress enacted Section 2333(d), it pointed to *Halberstam v. Welch*, 705 F. 2d 472 (D.C. Cir. 1983), as "provid[ing] the proper legal framework" for "civil aiding and abetting and conspiracy liability." Justice Against Sponsors of Terrorism Act ("JASTA") § 2(a)(5), 130 Stat. 852. Thus, to state an aiding-and-abetting claim under the ATA, *Halberstam* requires a plaintiff to show that "(1) the party whom the defendant aids [performed] a wrongful act that cause[d] an injury; (2) the defendant [was] generally aware of his role as part of an overall illegal or tortious activity at the time that he provide[d] the assistance; [and] (3) the defendant . . . knowingly and substantially assist[ed] the principal violation." 705 F.2d at 477.[3] Plaintiffs fail to satisfy the second and third elements.

### A.    The Amended Complaint does not plausibly allege that Mr. Odeh knowingly provided substantial assistance to the October 7 attacks

The Amended Complaint is devoid of non-conclusory allegations that Mr. Odeh provided any aid whatsoever to Hamas, much less that he "consciously, voluntarily, and culpably" provided aid with the intent of facilitating Hamas's terrorist activities, much less the October 7 attacks. *Twitter*, 598 U.S. at 489-90, 505. The only allegations related to Mr. Odeh beyond benign descriptions of Mr. Odeh's

---

[3] While *Twitter* warned courts against "hew[ing] too tightly to the precise formulations *Halberstam* used," it did not invalidate that test. 598 U.S. at 493. Rather, the Court explained that "both JASTA and *Halberstam*'s elements and factors rest on the same conceptual core that has animated aiding-and-abetting liability for centuries: that the defendant consciously and culpably "participate[d]" in a wrongful act so as to help make it succeed." *Id.*

previous roles in USPCN and AMP[4] (*see* Am. Compl. ¶ 56) are that he along with every other individual defendant: "facilitated" the establishment of defendants National SJP and SJP "to continue the same ongoing enterprise of IAP/AMS and HLF and AMP, but on a college level where they could infiltrate the minds of the young and easily influenced"; and "facilitated" "the joining of Defendants, National SJP and SJP into the Hamas Conspiracy." Am. Compl., ¶¶ 406, 407. These are exactly the type of "naked assertions devoid of further factual development" that must be disregarded. *See Iqbal*, 556 U.S. at 678 (2009). The Amended Complaint contains no allegations regarding any specific actions by Mr. Odeh that could explain how they "facilitated" the "establishment" of National SJP or SJP or "facilitated" the "joining of National SJP or SJP into the Hamas Conspiracy," much less any allegations linking any such unspecified actions to Hamas, much less any allegations linking such unspecified actions to the October 7 attacks. Plaintiffs' claims against Mr. Odeh should be dismissed on this basis alone. *See, e.g., Franklin v. Curry*, 738 F.3d 1246, 1250-52 (11th Cir. 2013) ("Had the district court followed the Supreme Court's 'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief,' the insufficiency of Franklin's allegations would have been obvious.");

---

[4] The Amended Complaint does not allege that Mr. Odeh had any role in USPCN or AMP at the time of the October 7 attacks and, in fact, he has not had any role in either organization for over 15 years.

*Mamani v. Berzaín*, 654 F.3d 1148, 1152-56 (11th Cir. 2011) (dismissing Alien Tort Statute claim where the conclusory allegations were "entitled to no assumption of truth" and the non-conclusory allegations did not plausibly suggest an entitlement to relief).

Even if the Amended Complaint had factually alleged that Mr. Odeh took some actions in relation to National SJP or SJP that somehow provided assistance to Hamas's terrorist activities, that would still not qualify as "knowing and substantial" assistance for two reasons. First, the Amended Complaint does not allege the requisite *mens rea*—*i.e.*, that Mr. Odeh did so "knowingly," "with the intent of facilitating" Hamas's terrorist attacks. *Twitter*, 598 U.S. at 490. The Amended Complaint is devoid of any facts indicating that Mr. Odeh "wished" Hamas's terrorist operations "to succeed." *Id.* at 490. Second, the Amended Complaint does not allege a "concrete nexus between [these] services" and the October 7 attacks. *Id.* at 501. The Amended Complaint is utterly devoid of facts indicating that Mr. Odeh knew or understood that their unspecified actions regarding National SJP and SJP (whatever those actions may have been) were, or even might be, used to support terrorism, nor does it draw any "concrete nexus" between his unspecified actions and the October 7 attacks. Even if the Amended Complaint had alleged that Mr. Odeh inadvertently provided support to Hamas through some specifically identified actions, that would be insufficient to state a claim under Section 2333(d). *Twitter*, 598 U.S. at 489, 499-500 (aiding-and-abetting liability does not attach to inadvertent support); *id.* at 503 (general provision of aid to an FTO insufficient to establish aiding

and abetting); *Ofisi*, 77 F.4th at 675 (mere provision of "material support" to FTO insufficient to state a claim).

In sum, drawing every inference in Plaintiffs' favor, the Amended Complaint fails to plausibly allege that Mr. Odeh provided "knowing and substantial" assistance. Given these failings, the Court need not consider the six-part test that *Halberstam* articulated to assist in determining whether aid is "substantial." *Halberstam*, 705 F.2d at 484-85; *see Twitter*, 598 U.S. at 493, 497, 504 (eliminating the requirement that courts rigidly adhere to the six-factor test). Regardless, applying that test to Plaintiffs' allegations yields the same result:

1) "Nature of the act assisted". *Halberstam*, 705 F.2d at 488. This first factor asks "whether the alleged aid . . . would be important to the nature of the injury-causing act." *Honickman*, 6 F.4th at 500. Plaintiffs do not allege that Mr. Odeh committed any specific act that aided Hamas, let alone any specific act that was important to or otherwise used in the October 7 attacks.

2) "[A]mount of assistance provided". *Halberstam*, 705 F.2d at 488. This factor also weighs heavily against liability insofar as Mr. Odeh is not alleged to have committed any specific acts that assisted Hamas.

3) Whether Mr. Odeh was present at the time of the principal tort. *Id.* The Amended Complaint does not allege that Mr. Odeh was present at the place and time of the October 7 attacks.

4) Mr. Odeh's "relation to" Hamas. *Id.* This factor is designed to ascertain whether the defendant occupied a "position of authority [that gives] greater force to

his power of suggestion." *Id.* at 484. The Amended Complaint does not allege any relationship whatsoever between Hamas and Mr. Odeh, much less one that would give Mr. Odeh any power of persuasion. *See Bernhardt*, 47 F.4th at 872 (plaintiff "does not allege a connection between the foreign banks and al-Qaeda sufficient to infer any relationship, much less a close one, between HSBC and al- Qaeda.").

5) <u>Mr. Odeh's "state of mind"</u>. *Halberstam*, 705 F.2d at 488. This inquiry is designed to determine whether the defendant consciously provided aid with the "intent and desire to make the [unlawful] venture succeed." *Id.*; *Twitter*, 598 U.S. at 496-97. The Amended Complaint is devoid of any non-conclusory or other allegations that Mr. Odeh furnished aid to Hamas with the intent of facilitating Hamas' terrorist operations.

6) <u>"[D]uration of the assistance given"</u>. *Id.* 488. This factor is irrelevant to the analysis because Plaintiffs have completely failed to allege any specific assistance to Hamas or any of its operations. S*ee Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 225 (2d Cir. 2019) (25-year banking relationship did not support aiding-and-abetting liability where complaint failed to allege assistance to FTO's terrorist operations).

Plaintiffs' failure to come anywhere close to adequately pleading substantial and culpable assistance by Mr. Odeh to Hamas's October 7 attack is independently fatal to their aiding and abetting claim.

**B.    The Amended Complaint does not plausibly allege that Mr. Odeh were generally aware of playing a role in Hamas's operations**

The Amended Complaint also fails to plead the separate element that Mr. Odeh was "generally aware of aware of [their] role" in Hamas's activities. *Halberstam*, 705 F.2d at 477. To satisfy *Halberstam*'s general awareness requirement, it is not enough that the defendant understood that they were generally supporting a terrorist organization; rather, the defendant must be cognizant of "assuming a role in terrorist activities." *Weiss v. Nat'l Westminster Bank PLC*, 381 F. Supp. 3d 223, 231, 239 (E.D.N.Y. 2019), *aff'd* 993 F.3d 144 (2d Cir. 2021) ("Evidence that Defendant knowingly provided banking services to a terrorist organization, without more, is insufficient to satisfy JASTA's scienter requirement."). Moreover, the "inquiry is not whether a defendant should have been aware of its role"—rather, the plaintiff must establish "actual awareness." *Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 867 n.11 (D.C. Cir. 2022) (rejecting "extreme recklessness" standard for general awareness).

Here, there are no factual allegations that Mr. Odeh had any knowledge that his work for USPCN or AMP would assist any violent or terrorist activities, including the October 7 attacks (or that it in fact did). The two cursory allegations that Mr. Odeh somehow facilitated the establishment of National SJP and SJP, with no factual allegations to support these conclusory and vague assertions, are "not entitled to the assumption of truth." *See Franklin*, 738 F.3d at 1250-52; *Mamani*, 654

F.3d at 1152-56. Thus, Plaintiffs have failed to satisfy the "generally aware" element as well.

## II.    The Amended Complaint Does Not Plausibly Allege a Conspiracy Claim Under the ATA

Section 2333(d) imposes liability on anyone "who conspires with the person who committed such an act of international terrorism." 18 U.S.C. § 2333(d). To state an ATA conspiracy claim, a plaintiff must allege "(1) an agreement between two or more persons; (2) to participate in an unlawful act"; "(3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." *Halberstam*, 705 F.2d at 477.

The Amended Complaint fails to plausibly allege "an agreement" to participate in an unlawful act. *Halberstam*, 705 F.2d at 477; *see also Twombly*, 550 U.S. at 556-57 (explaining that "stating a [conspiracy] claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made," and noting that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."). To establish an "agreement," Plaintiffs must plausibly allege that the conspirators—*i.e.,* Mr. Odeh and Hamas— were "pursuing the same objective." *Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 873 (D.C. Cir. 2022); *Int'l Distrib. Ctrs., Inc. v. Walsh Trucking Co.*, 812 F.2d 786, 793 (2d Cir. 1987) ("[C]onspirators [must have] a unity of purpose or a common design and understanding."); *Newman v. AP*, 758 F. Supp. 3d 1357, 1374 (S.D. Fla. 2024).

In the ATA context, the object of the conspiracy is to commit an act of international terrorism. *See, e.g.*, *O'Sullivan v. Deutsche Bank AG*, 2019 WL 1409446, at *9 (S.D.N.Y. Mar. 28, 2019) (ATA conspiracy claim required that the parties to "share[] the common goal of committing an act of international terrorism").[5]

Here, the Amended Complaint does not adequately allege that Mr. Odeh conspired—directly or indirectly—with Hamas. It alleges no facts about any specific communications, agreements, or acts performed by Mr. Odeh in furtherance of the "Hamas Conspiracy." The conclusory allegation of an agreement at some unidentified point in time is not plausible to infer that the October 7 attacks were in furtherance of a conspiracy to which Mr. Odeh allegedly agreed. *See Newman*, 758 F. Supp. 3d at 1374-75 (dismissing ATA conspiracy claim because plaintiffs failed to plausibly allege any agreement to commit an act of international terrorism).

The Amended Complaint fails to plead an agreement for another reason: the ATA limits conspiracy liability to one "who conspires with the person who committed [the] act of international terrorism." 18 U.S.C. § 2333(d)(2) (emphasis added). The plain text of the statute requires the defendant to have directly interacted with the group that caused a plaintiff's injuries. *See also Twitter*, 598 U.S. at 489-90

---

[5] *See also Bernhardt v. Islamic Republic of Iran*, 2020 WL 6743066, at *7 (D.D.C. Nov. 16, 2020), *aff'd* 47 F.4th 856 (D.C. Cir. 2022) ("[T]o be subject to secondary liability under JASTA on the basis of a conspiracy, a defendant must have conspired to commit an act of international terrorism.") (internal quotation marks omitted); *O'Sullivan v. Deutsche Bank AG*, 2019 WL 1409446, at *9 (S.D.N.Y. Mar. 28, 2019) (ATA conspiracy claim required that the parties to "share[] the common goal of committing an act of international terrorism"); *Cain v. Twitter Inc.*, 2018 WL 4657275, at *3 (N.D. Cal. Sept. 24, 2018) (dismissing conspiracy claim where plaintiffs pled to allege an agreement "to commit terrorist attacks.").

(conspiracy requires an "agreement with the primary wrongdoer to commit wrongful acts"); *Halberstam*, 705 F.2d at 481 (to infer existence of a conspiracy "courts must initially look to see if the alleged joint tortfeasors are . . . in contact with one another."). The Amended Complaint, however, does not allege that Mr. Odeh had any contact whatsoever with Hamas.

Moreover, the conspiracy claim against Mr. Odeh constitutes quintessential and impermissible shotgun pleading because it incorporates by reference the allegations made in all previous sections, is based on conclusory and vague facts not obviously connected to the cause of action, and lumps together each of the defendants without specifying which defendants are responsible for which acts. *See Morris v. Hillsborough Cty. Sheriff's Office*, 2025 U.S. Dist. LEXIS 20720, at *5-6 (M.D. Fla. Feb. 5, 2025) (dismissing complaint based on shotgun pleading where, *inter alia*, the plaintiff "fails to identify which defendant committed which conduct"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (Rejecting complaint as "quintessential shotgun pleading of the kind we have condemned repeatedly," where, *inter alia*, "the complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged" and where "each count incorporates by reference the allegations made in a section entitled 'General Factual Allegations' … while also incorporating the allegations of any count or counts that precede it.") Pleading the conspiracy claim in this manner fails to give Mr. Odeh adequate notice of the grounds upon which the claim rests. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("Shotgun

16

pleadings 'are flatly forbidden by the spirit, if not the letter, of these rules' because they are 'calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked.'") (citation omitted).

For all of these reasons, Plaintiffs' ATA conspiracy claim must be dismissed.

## III. The Amended Complaint Does Not Plausibly Allege a Material Support Claim Under Section 2339B

In addition to their secondary liability claims against Mr. Odeh, Plaintiffs assert a direct liability claim under the ATA, which permits a civil cause of action for injury "by reason of an act of international terrorism." 18 U.S.C. § 2333(a). As noted above, nowhere does the Amended Complaint allege that Mr. Odeh himself committed an act of terrorism on October 7. Instead, Plaintiffs' theory is that Mr. Odeh provided material support to Hamas in violation of 18 U.S.C. § 2339B. Section 2339B makes it unlawful to "knowingly provide[] material support or resources to a foreign terrorist organization." Plaintiffs have not alleged that Mr. Odeh committed "an act of international terrorism," nor have they alleged the requisite scienter for this provision, or causation. This claim should be dismissed on each of these independent grounds.

First, the Amended Complaint does not plead facts that would establish Mr. Odeh committed "an act of international terrorism," as Section 2333(a) requires. Under the statute, a defendant's activities constitute "international terrorism" if they (a) "involve violent acts or acts dangerous to human life" in violation of U.S.

criminal law, 18 U.S.C. § 2331(1)(A), and (b) "appear to be intended" to achieve certain specified terrorist purposes, *i.e.*, "to intimidate or coerce a civilian population," "to influence the policy of a government by intimidation or coercion," or "to affect the conduct of a government by mass destruction, assassination, or kidnapping," *id.* § 2331(1)(B). The statute is clear that it is the defendant's conduct, and not that of the person or entity allegedly receiving material support, which must satisfy the definition of international terrorism. Plaintiffs do not allege that Mr. Odeh himself committed any terrorist acts. *See* Am. Compl. ¶ 456 (alleging that Hamas – not Mr. Odeh – "committed, planned, and authorized activities that involved violence or acts dangerous to human life"). They also do not allege that Mr. Odeh's actions "appear to be intended" to achieve one of the specified terrorist purposes under Section 2331(1)(B). *See id.* ¶ 472 (alleging that "acts … committed, planned, and authorized" by Hamas – not Mr. Odeh – were intended to achieve terrorist purposes). The question is whether the factual allegations "would [] lead an objective observer to conclude" that Mr. Odeh intended such an outcome. *Stansell v. BGP, Inc.*, 2011 WL 1296881, at *9 (M.D. Fla. Mar. 31, 2011). Plaintiffs' allegations against Mr. Odeh are so perfunctory and conclusory that they cannot plausibly suggest to an objective observer that Mr. Odeh intended to achieve terrorist goals. *See, e.g., Newman*, 758 F. Supp. 3d at 1375-78 (dismissing ATA material support claim because plaintiffs failed to plausibly allege that the plaintiff committed an international act of terrorism).

18

Second, the Amended Complaint does not plead the required scienter. Plaintiffs must establish that Mr. Odeh "knowingly provide[d] material support or resources to a foreign terrorist organization." The Supreme Court has read this provision stringently, requiring that a defendant act "under the direction of, or in coordination with" a group that it "knows to be" a terrorist organization. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 26 (2010). Indeed, Congress clearly anticipated that a claimant under this statute might bring an impermissible action arising from protected expressive conduct, as Plaintiffs appear to do here, and it included a carve out in the statute: "Nothing in this section shall be construed or applied so as to abridge the exercise of rights guaranteed under the First Amendment to the Constitution of the United States." 18 U.S.C. § 2339b(i). Independent, First Amendment-protected activities, which terrorist groups may paint to their constituencies as favorable to them, do not meet the scienter requirement of Section 2339B. *Humanitarian Law Project*, 561 U.S. at 36 ("Congress has avoided any restriction on independent advocacy, or indeed any activities not directed to, coordinated with, or controlled by foreign terrorist groups."). Here, the Amended Complaint is devoid of any non-conclusory factual allegations that suggest that Mr. Odeh knowingly acted under the direction of, or in coordination with, Hamas. *See Iqbal*, 556 at 686 (conclusory allegations of intent without factual support are insufficient); *Owens v. BNP Paribas S.A.*, 235 F. Supp. 3d 85, 99 (D.D.C. 2017) ("repeated conclusory statements in the complaint that [banks] 'conspired' with Sudan to provide financial services to al Qaeda, and that defendants knew the money

they processed for Sudan would end up with al Qaeda," failed to plead scienter),

*aff'd*, 897 F.3d 266 (D.C. Cir. 2018); *Newman*, 758 F. Supp. 3d at 1378-80 (dismissing

ATA material support claim because plaintiffs failed to plead the requisite scienter).

Third, Plaintiffs' material support claim fails because the Amended Complaint

does not plausibly plead proximate cause, as federal courts have uniformly

interpreted § 2333(a) to require. *See, e.g.*, *Ofisi v. BNP Paribas, S.A.*, 77 F.4th 667, 677

(D.C. Cir. 2023); *Crosby v. Twitter, Inc.*, 921 F.3d 617, 623 (6th Cir. 2019); *Fields v.

Twitter, Inc.*, 881 F.3d 739, 748 (9th Cir. 2018); *Rothstein v. UBS AG*, 708 F.3d 82, 95

(2d Cir. 2013). The Supreme Court and the Eleventh Circuit have not defined the

precise contours of proximate cause for direct liability claims under the ATA. *See

Colon v. Twitter, Inc.*, 14 F.4th 1213, 1223 (11th Cir. 2021) (noting that "federal courts

have set out conflicting versions of proximate cause" in this context, without

deciding the issue). Some courts have required "a direct relationship, rather than

foreseeability," to establish proximate cause. *Fields*, 881 F.3d at 748. Others have

held that a plaintiff must show the defendant's "acts were a substantial factor in the

sequence of events that led to their injuries," and that their injuries were "reasonably

foreseeable or anticipated as a natural consequence" of the defendant's conduct.

*Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018); *see also, e.g.*, *In re

Chiquita Brands Int'l*, 284 F. Supp. at 1314. Even under the latter, less demanding

formulation, Plaintiffs fail to meet their pleading burden. Again, the vague and

conclusory allegations against Mr. Odeh unsupported by pleaded facts showing any

specific actions that he took to support Hamas, much less the October 7 attacks, are

not enough to establish proximate cause under the ATA. *See, e.g.*, *Ofisi*, 77 F.4th at 667 (no proximate cause where plaintiffs "failed to make any non-conclusory allegations that funds from [bank] were actually transferred to al-Qaeda and aided in the bombings or that the funds were necessary for Sudan to fund the attacks by al-Qaeda"); *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 118, 124 (2d Cir. 2013) (rejecting conclusory allegations that provision of "routine banking services" to customers affiliated with al-Qaeda "proximately caused the September 11, 2001 attacks or plaintiffs' injuries"); *Newman*, 758 F. Supp. 3d at 1380-81 (dismissing ATA material support claim because plaintiffs failed to plead proximate cause).

Finally, Plaintiffs' material support claim against Mr. Odeh, like their conspiracy claim, constitutes impermissible shotgun pleading for the same reasons discussed above—it incorporates by reference the allegations made in all previous sections, is based on conclusory and vague facts no obviously connected to the cause of action, and lumps together each of the defendants without specifying which defendants are responsible for which acts. *See Morris*, 2025 U.S. Dist. LEXIS 20720, at *5-6; *Magluta*, 256 F.3d at 1284.

## IV.    Plaintiffs' Claims are An Attack on Protected Speech

Plaintiffs' failure to allege any specific speech by Mr. Odeh, much less speech that exceeds the protections of the First Amendment, further supports dismissal of their claims. *See Snyder v. Phelps*, 562 U.S. 443 (2011); *NAACP v. Claiborne Hardware*, 458 U.S. 886 (1982); B*randenburg v. Ohio*, 395 U.S. 444 (1969). The only inference

21

that can be drawn from the cursory and conclusory allegations against Mr. Odeh is that his actions encompass protected speech.

## CONCLUSION

For all of the foregoing reasons, Defendant Odeh respectfully request that the Court dismiss the Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that he conferred with the opposing party by email and the parties were unable to agree on a resolution of all or part of the motion.


Dated: August 11, 2025                    Respectfully submitted,

                                          */s/ Ben H. Elson*
                                          Ben H. Elson (*pro hac vice*)
                                          PEOPLE'S LAW OFFICE
                                          1180 N. Milwaukee Ave.
                                          Chicago, IL 60642
                                          Tel: (773) 235-0070 Ext. 116
                                          Email: ben@peopleslawoffice.com
                                          *Lead Counsel for Defendant Magdi Odeh*

                                          Collin Poirot (*pro hac vice*)
                                          2603 Oak Lawn Ave.
                                          Dallas, TX 75219
                                          Tel: (214) 392-2281
                                          Email: cpoirot.law@gmail.com
                                          *Counsel for Defendant Magdi Odeh*