# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MAURICE SHNAIDER, *et al.*,
Plaintiffs,

v.

AMERICAN MUSLIMS FOR
PALESTINE, *et al.*,

Defendants.

Case No. 2024-cv-1067-MSS-SPF

## <u>AMP'S MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

AJP Educational Foundation, Inc., d/b/a American Muslims for Palestine ("AMP" or "Defendant") respectfully requests this Court dismiss Plaintiffs' claims against it in full, and with prejudice. Plaintiffs fail to plead facts sufficient to state any claim under the Anti-Terrorism Act ("ATA") against AMP. As no facts exist that could create a claim against AMP, amendment would be futile, and this Court may dismiss Plaintiffs' claims with prejudice. The attached memorandum of points and authorities supports this Motion.

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................ ii

TABLE OF AUTHORITIES ....................................................................... iii

MEMORANDUM IN SUPPORT OF AMP'S MOTION TO DISMISS.................1

    I.     INTRODUCTION.............................................................................1

    II.    FACTS AND PROCEDURAL HISTORY ...........................................2

    III.   STANDARD OF REVIEW ................................................................5

          A.  Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6) ............................................................................5

          B.  Plaintiffs' Claims Fail Under the Anti-Terrorism Act...........6

    IV.   ARGUMENT ..................................................................................7

          A.  Plaintiffs' Claim for Aiding and Abetting Fails ....................7

          C.  Plaintiffs' Claim Against AMP for Material Support Fails as Well.......................................................................................13

    V.    CONCLUSION ..............................................................................16

CERTIFICATE OF SERVICE .....................................................................19

LOCAL RULE 3.01(g) CERTIFICATION......................................................19

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Arthur-Rodger v. N. Trust Co.*
  Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878 (M.D. Fla.
  Jan. 28, 2025)..................................................................................................1, 3

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ...........................................................................................5

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ...........................................................................................5

*Colon v. Twitter, Inc.*
  14 F.4th 1213 (11th Cir. 2021)..........................................................................15

*Fania v. Verified Docu Serv., Inc.*
  No. 8:22-cv-2652, 2024 U.S. Dist. LEXIS 40908 (M.D. Fla. Mar. 8, 2024) .......2

*Fields v. Twitter, Inc.*
  881 F.3d 739 (9th Cir. 2018)............................................................................14

*Gerow v. Newsom*
  No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077 (M.D. Fla. May, 2, 2024).......5

*Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*
  Case No. 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645 (D. Nev.
  May 5, 2025)................................................................................................ 12, 15

*Gonzalez v. Google LLC,*
  598 U.S. 617 (2023) .........................................................................................11

*Halberstam v. Welch*
  705 F.2d 472 (D.C. Cir. 1983)..................................................................... 10, 11

*Lavi v. UNRWA USA Nat'l Comm., Inc.*
  Civil Action No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757 (D. Del. Aug. 8,
  2025) ...................................................................................................... 8, 12, 13

*Leisrael v. Educ. for a Just Peace in the Middle E.*
  530 F. Supp. 3d 8 (D.D.C. 2021).......................................................................9

*Leisrael v. Educ. for a Just Peace in the Middle E.*
  66 F.4th 1007 (D.C. Cir. 2023) .......................................................................7, 8

*Losch v. National Mortg. LLC*
  No. 22-12421, 2024 U.S. App. LEXIS 7128 (11 Cir. Mar. 26, 2024)................12

*Manhart v. Wespac Found., Inc.*
  Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019 (N.D. Ill. Aug. 7, 2025)
  ............................................................................................................ 1, 9, 12

*NAACP v. Claiborne Hardware Co.*
  458 U.S. 886 (1982) .................................................................................16

*Neitzke v. Williams*
  490 U.S. 319 (1989) ...................................................................................5

*Newman v. AP*
  No. 1:24-cv-20684-KMM, 2024 U.S. Dist. LEXIS 223101 (S.D. Fla. 2024).....10

*Owens v. BNP Paribas, S.A.*
  897 F.3d 266 (D.C. Cir. 2018)....................................................................14

*Parizer, et al. v. AJP Educational Foundation, Inc. et al.*
  No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025)....................................8

*Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*
  711 F.2d 989 (11th Cir. 1983) .....................................................................5

*Riley v. HSBC Bank PLC*
  Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176 (M.D. Fla.
  July 30, 2018) ...........................................................................................15

*Rivera v. Liberty Mut. Fire Ins. Co.*
  Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930 (M.D. Fla.
  July 1, 2025) ..............................................................................................5

*Rosemond v. United States*
  572 U.S. 65 (2014) .....................................................................................6

*Ruiz v. Tenet Hialeah Healthsystem, Inc.*
  260 So.3d 977 (Fla. 2018) .........................................................................15

*Snyder v. Phelps*
  562 U.S. 443 (2011) ...................................................................................16

*Taamneh v. Twitter*
  343 F. Supp. 3d 904 (N.D. Cal. 2018)..........................................................14

*Twitter, Inc. v. Taamneh*
  598 U.S. 471 (2023) .......................................................................... passim

## Statutes

18 U.S.C. § 2331(1) ........................................................................................6

18 U.S.C. § 2333(a) .....................................................................................6, 7

18 U.S.C. § 2339B ..................................................................................14

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................5

## <u>MEMORANDUM IN SUPPORT OF AMP'S MOTION TO DISMISS</u>

Defendant American Muslims for Palestine ("AMP")[1] presents the following in support of its Motion to Dismiss, and respectfully requests this Court dismiss the claims against it in full, with prejudice.[2]

## I.     <u>INTRODUCTION</u>

Free speech and the exercise of the right to freely associate with others, even when not universally liked, do not equate to terrorism. Plaintiffs accuse AMP of facts that constitute no more, and their claims against it therefore fail as a matter of law. Plaintiffs filed this litigation, later amending their Complaint thereafter, with 484 paragraphs of allegations against 18 defendants. Plaintiffs seek compensation for harm caused by Hamas' attack in Israel on October 7, 2023 and other subsequent terrorist attacks in Israel. But Plaintiffs misdirect their lawsuit: instead of going after the perpetrators of the events that caused their harm, Plaintiffs blame AMP based on its protected free speech within the United States. The law does not support this.

---

[1] AMP is a stand-alone organization with no corporate affiliation to any other defendants named in this litigation.

[2] *See Arthur-Rodger v. N. Trust Co.*, Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878, at *30 (M.D. Fla. Jan. 28, 2025) (dismissing a claim with prejudice where the plaintiff could not satisfy an element of the claim even after amendment); *see also Manhart v. Wespac Found., Inc.*, Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019, at * 50 (N.D. Ill. Aug. 7, 2025) (dismissing with prejudice claims against many of the same defendants named in this lawsuit because the court determined the plaintiff's allegations were "intended to harass" the defendants).

AMP asks this Court to dismiss this misdirected attempt, for the reasons explained in further detail below.

## II.    FACTS AND PROCEDURAL HISTORY

AMP operates wholly in the United States as a 501(c)(3) non-profit organization that works to advance Palestinian rights in the United States and awareness of Palestine's rich history and culture. AMP is incorporated in California, and maintains its principle place of business in Virginia. *See* First Amended Complaint ("FAC") at ¶¶ 46-47, ECF No. 6 (July 15, 2024). Today, and at all times relevant to the allegations in this lawsuit, AJP Educational Foundation, Inc. is the name of the single legal entity, with American Muslims for Palestine ("AMP") as its designated fictitious name.[3] Since its founding in 2006, AMP has continuously worked toward its stated mission.[4] AMP does not accept donations from outside the United States, nor does it send money to any party outside of United States.

Plaintiffs are individuals and the relatives of individuals who allege harm resulting from Hamas' October 7, 2023 terrorist attack in Israel and other subsequent

---

[3] This Court may take judicial notice of AMP's publicly available incorporation documents and fictitious name certificate, available through the Virginia Secretary of State's website and attached hereto as Exhibit A. *See Fania v. Verified Docu Serv., Inc.*, No. 8:22-cv-2652, 2024 U.S. Dist. LEXIS 40908, at *5 n.2 (M.D. Fla. Mar. 8, 2024) (taking judicial notice of records found on "the verified website of a public agency").

[4]    *About AMP*, AMERICAN MUSLIMS FOR PALESTINE, https://www.ampalestine.org/about-amp (last visited August 1, 2025).

terrorist attacks in Israel. *Id.* ¶¶ 417-452. Plaintiffs allege that AMP conspired with, aided and abetted, and provided material support to Hamas. *Id.* ¶ 2. Plaintiffs allege that in 2005, AMP "emerged under a new name" to fulfill "the same fundamental mission and purpose of" other organizations, unrelated to this lawsuit. *Id.* ¶¶ 114 - 17.[5] Plaintiffs plead that AMP "leaders and members have been vocal in the United States for their support of Hamas's terrorist agenda" and that "AMP frequently hosts conventions which attract thousands of people at which terrorist-affiliated speakers are featured." *Id.* ¶¶ 121-22, 193. Plaintiffs also assert that AMP "sponsors protests in support of Hamas." *Id.* ¶ 124. On the basis of those allegations of speech and association, Plaintiffs conclude that "AMP is a front and the new name for the same terrorist enterprise previously conducted" by other entities. *Id.* ¶ 128.

Plaintiffs conclude that AMP has also "indirectly provided material support to Hamas by arranging to have payments sent to purported charitable organizations, which act as intermediaries," through providing vendor space to U.S. based nonprofit organizations at AMP's annual conference. *Id.* ¶ 136. Plaintiffs provide allegations of actions from more than a decade ago, and not temporally tied to the

---

[5] To the extent Plaintiffs rely on the allegations from other lawsuits to support their allegations in this matter, AMP notes that courts may take judicial notice of documents filed in other matters only to "establish the fact of such litigation and related filings," not for the truth of the facts contained in those filings. *See Arthur-Rodger v. N. Trust Co.*, Case No. 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878, at *29 n.3 (M.D. Fla. Jan. 28, 2025).

events that harmed Plaintiffs, that AMP "continued to provide material support to Hamas through its open fundraising support for a pro-Hamas organization called Viva Palestina." *Id.* ¶¶ 141-42 (reciting events from 2007, 2009, and 2010).

Plaintiffs allege, "AMP and USPCN formed National SJP to infiltrate the Hamas terrorist agenda into the SJP chapters across the United States and to garner support for Hamas from students across the United States to form the student arms of Hamas." *Id.* ¶ 131. They assert, "SJP and National SJP are an outgrowth of AMP" and that "AMP supports various SJP chapter initiatives and provides financial support as well." *Id.* ¶ 147. That financial support, they allege, includes fundraising in 2014, 2016, and 2022. *Id.* ¶ 185.

Finally, Plaintiffs allege that Representative Brian Mast sent a request to the U.S. Department of State requesting all "all records and correspondence the State Department has with radical pro-Hamas groups … including SJP, WOL and AMP." *Id.* ¶ 388. Representative James Comer also sent a letter, directed to National SJP, to AMP's executive director requesting a series of documents. *Id.* ¶ 389.[6]

Plaintiffs allege harm from attacks on October 7, 2023 and afterwards at the hands of international terrorists. *Id.* ¶¶ 417-452.

---

[6] AMP's response to Representative Comer remains publicly available on AMP's website. *See* American Muslims for Palestine, *AMP Responds to Chairman James Comer's Misinformation & Baseless Accusations* (June 26, 2024), https://www.ampalestine.org/media/media-room/statements/amp-responds-chairman-james-comers-misinformation-baseless-accusations.

Plaintiffs filed this claim on May 2, 2024, and later amended their complaint. ECF Nos. 1, 6. This Motion to Dismiss now follows.

## III.    <u>STANDARD OF REVIEW</u>

### A.    Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6)

Courts must dismiss a claim if a plaintiff's complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Gerow v. Newsom*, No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077, at *6 (M.D. Fla. May, 2, 2024) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-64 (2007)). Courts accept well-pleaded facts as true and construe them in the light most favorable to the plaintiff, but should not "assume that the plaintiff can prove facts that were not alleged." *Id.* (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983)). Where "a dispositive legal issue that precludes relief" exists, courts appropriately dismiss a plaintiff's complaint. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Courts also need not accept "legal conclusions" as true, nor do "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice to meet a plaintiff's burdens. *Rivera v. Liberty Mut. Fire Ins. Co.*, Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930, at *2 (M.D. Fla. July 1, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.    Plaintiffs' Claims Fail Under the Anti-Terrorism Act**

The Anti-Terrorism Act ("ATA") creates a cause of action for U.S. nationals injured in their "person, property, or business by reason of an act of international terrorism." 18 U.S.C. § 2333(a). An injured person may also bring suit against, in relevant part, "any person who aids and abets, by knowingly providing substantial assistance, or who conspires with" a designated foreign terrorist organization that committed the act of international terrorism. *Id*. § 2333(d)(2). U.S. national plaintiffs must first establish themselves as "injured in his or her person, property, or business by reason of an act of international terrorism." *Id*. § 2333(a); *see also* 18 U.S.C. § 2331(1) (defining an act of "international terrorism" as used in the statute).

To establish aiding and abetting liability under the ATA, plaintiffs must allege their injury arose "from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization," and that the alleged aider/abettor "knowingly provided substantial assistance" to that act. *Id*. § 2333(d). A plaintiff must establish that the defendant who allegedly aided or abetted took "some 'affirmative act' 'with the intent of facilitating the offense's commission.'" *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490 (2023) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)). Plaintiffs also bear the burden to establish that defendants were "generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance."

*Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023). Plaintiffs must show that each defendant "knowingly and substantially assist[ed] the principal violation." *Id.* Finally, Plaintiffs must allege facts showing the relevant assistance to be both substantial and that it significantly enhanced the terrorist organization's ability to carry out those activities. *Taamneh*, 598 U.S. at 495 (finding insufficient the claim that a defendant assisted a "transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it").

## IV.    <u>ARGUMENT</u>

### A.    Plaintiffs' Claim for Aiding and Abetting Fails[7]

Plaintiffs fail to meet their high burden to establish aiding and abetting liability for AMP under the ATA. Plaintiffs must plead that 1) they were harmed by an act of international terrorism; 2) AMP knowingly provided assistance to the harmful act; and 3) AMP provided substantial assistance to the harmful act. 18 U.S.C. § 2333(a) and (d). Plaintiffs fail to allege facts sufficient to meet at least two of those three requirements. While Plaintiffs allege acts of international terrorism harmed them, they do not allege a single act by AMP that provided any assistance in those terrorist attacks. This failure proves fatal to Plaintiffs' ATA aiding and

---

[7] Though Plaintiffs' Complaint lists a Cause of Action for Conspiracy before a Cause of Action for Aiding and Abetting, more robust case law exists for aiding and abetting, which courts also then apply to claims for conspiracy. For this Court's convenience, AMP therefore provides its argument for the aiding and abetting claim prior to its analysis for the conspiracy claim.

abetting claim. *See* Memorandum Opinion and Order at 47-48, *Parizer, et al. v. AJP Educational Foundation, Inc. et al.*, No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025), ECF No. 161 (finding that broad assertions against AMP do not suffice and dismissing ATA claims against it in full).

The Supreme Court limits aiding and abetting liability under the ATA to "truly culpable conduct," meaning "conscious, voluntary, and culpable participation in another's wrongdoing." *Taamneh*, 598 U.S. at 490. Plaintiffs must therefore allege facts establishing three elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as a part of an overall illegal or tortious activity at the time he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023), *cert. denied*, 144 S. Ct. 713; *see also Lavi v. UNRWA USA Nat'l Comm., Inc.,* Civil Action No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757, at *6 (D. Del. Aug. 8, 2025) (highlighting the importance of demonstrating a nexus between the harm and any alleged assistance).

Plaintiffs fail to allege any "role as part of an overall illegal or tortious activity" by AMP. *Leisrael*, 66 F.4th at 1016. Plaintiffs merely provide the conclusory assertion that they believe AMP "continues to espouse Hamas's terrorist ideology" and "it continues to facilitate fundraising for groups that funnel money to

Hamas." FAC ¶ 116. They point out that AMP "frequently hosts conventions which attract thousands of people at which terrorist-affiliated speakers are featured." *Id.* ¶ 122. Other than conclusory allegations centered on events and speech, these allegations fail to state a claim that AMP had any awareness of any role it supposedly played in any terrorist attack. Plaintiffs do not plead any facts that meet their burden to connect AMP to a specific act of terrorism that injured any of the plaintiffs. *Taamneh*, 598 U.S. at 503. Instead, Plaintiffs ask this Court to make irrational assumptions based on AMP's protected speech and associations that occur entirely within the United States. The law does not permit that. Once again, courts have found that nearly identical allegations are insufficient to state a claim. *Manhart*, 2025 U.S. Dist. LEXIS 152019, at *42 ("Plaintiff's improper purpose is evident from the SAC. The SAC is rife with allegations that are irrelevant to Plaintiff's stated causes of action and which are only a hair's breadth away from calling Defendants terrorists and placing the loss of innocent lives at their feet.")

Plaintiffs fail to allege facts sufficient to show AMP provided any assistance, let alone any sufficient to meet the "substantial" standard of the test. A generalized role that fails to allege the defendant was "one in spirit" with the terrorist organization does not suffice. *See Leisrael v. Educ. for a Just Peace in the Middle E.*, 530 F. Supp. 3d 8, 15 (D.D.C. 2021) (collecting cases). Plaintiffs in this case alleges that AMP "as the successor of IAP/AMS and HLF, has indirectly provided

9

material support to Hamas by arranging to have payments sent to purported charitable organizations, which act as intermediaries." FAC ¶ 136. Again, that sentence presumes legal conclusions that no court has established.

Because Plaintiffs fail to plead specific facts supporting allegations of substantial assistance to or participation in the attacks they identify as causing their harm, AMP bears no liability to Plaintiffs under the ATA. Even monetary payments to freelance photographers by the Associated Press fail to support a finding that "the AP was aware it was supporting Hamas, much less that it was assuming a role in carrying out its attack." *Newman v. AP*, 758 F. Supp. 3d 1357, 1369 (S.D. Fla. 2024).

The facts alleged merely show that, since its creation in 2006, AMP advocates exclusively in the U.S. for Palestinians, voices its views in favor of Palestinian self-determination, and challenges certain actions of the government of Israel. Support for Palestinians does not equate to support of terrorism. Neither does free speech, even of views these Plaintiffs may dislike.

## B.    Plaintiffs' Claim Under the ATA for Conspiracy Fails

Plaintiffs fail to allege facts sufficient to properly state a claim against AMP for conspiracy under the ATA. Congress specifically pointed to the D.C. Circuit's opinion in *Halberstam v. Welch* as "providing the proper legal framework" for conspiracy liability under the ATA. *Taamneh*, 598 U.S. at 485 (citing 705 F.2d 472 (D.C. Cir. 1983)). Here, Plaintiffs fail to plead facts that satisfy any of the

*Halberstam* factors, and therefore fail to support their claim for conspiracy under the

ATA.

The D.C. Circuit in *Halberstam* reviewed the common law, state and federal

cases, and treatises to determine three necessary elements: 1) the party the defendant

aids performs a wrongful act causing injury; 2) the defendant is generally aware of

his role as part of an illegal or tortious activity at the time of the assistance; and 3)

the defendant knowingly and substantially assists the violation. *Id.* at 486. Plaintiffs

must also allege the defendant "reached an agreement" with the tort-feasor to

establish conspiracy. *See Gonzalez v. Google LLC*, 598 U.S. 617, 622 (2023).

To determine "substantial" assistance, courts review six non-dispositive

factors: "(1) 'the nature of the act assisted,' (2) the 'amount of assistance' provided,

(3) whether the defendant was 'present at the time' of the principal tort, (4) the

defendant's 'relation to the tortious actor,' (5) the 'defendant's state of mind,' and

(6) the 'duration of the assistance' given." *Taamneh*, 598 U.S. at 485 (quoting

*Halbertsam*, 705 F.2d at 488). These factors are not "immutable components," and

instead require that courts engage in fact-specific reviews to determine whether each

defendant is liable for conspiring to commit a tort. *Id.* at 487.

Plaintiffs fail to allege that AMP "reached an agreement" with any terrorist

organization or actor, and therefore fail to establish conspiracy liability under the

ATA. Plaintiffs instead state, "Defendants AMP and AJP became the successors of

11

IAP/AMS and HLF following the *Boim* judgment and continue the same enterprise of sustaining Hamas in the United States and conspiracy with Hamas." FAC ¶ 406. This conclusory allegation does not merit credibility, nor is it based on any decision or holding by <u>any</u> court.[8] No court has found AMP to be the alter ego or successor of IAP or HLF. Therefore, this Court should not give judicial notice to the allegations contained in those pleadings.[9] *Losch v. National Mortg. LLC*, No. 22-12421, 2024 U.S. App. LEXIS 7128, at *4 (11th Cir. Mar. 26, 2024) (recognizing that courts do "not take judicial notice of the truth of the allegations contained in the pleading"). Plaintiffs also conclude, "Defendants National SJP and SJP joined the Hamas Conspiracy in 2010 when National SJP was formed by Defendants AMP and USPCN at a conference sponsored by BNC." FAC ¶ 407. AMP operates as a stand-alone organization, with no corporate affiliation to any other defendants in this litigation.

---

[8] *See generally Boim et al. v. AMP et al.,* 1:17-cv-03591 (N.D. Ill); *see also Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, Case No. 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645, at *15 (D. Nev. May 5, 2025) (holding that allegations that AMP "repeat[s] Hamas's rhetoric in the United States" do not suffice to support an allegation of substantial assistance); *Manhart*, 2025 U.S. Dist. LEXIS 152019, at *42 (explaining that allegations defendants "acted 'as Hamas's propaganda arm in the United States'" evince the plaintiff's "improper purpose").

[9] This Court may, however, consider the authority of the recent decisions rendered in *Gerwaski*, 2025 U.S. Dist. LEXIS 84645, *Manhart*, 2025 U.S. Dist. LEXIS 152019, and *Lavi*, 2025 U.S. Dist. LEXIS 153757.

Furthermore, Plaintiffs' conclusory allegation that "Defendants entered into a conspiracy with one another and with Hamas" does not suffice to state a claim for relief under governing precedent or the Federal Rules of Civil Procedure. FAC ¶ 460. Courts have found nearly identical allegations insufficient to state a claim. *Lavi*, 2025 U.S. Dist. LEXIS 153757, at *23-24  ("Plaintiffs fail to allege plausibly that there existed 'an agreement' between Defendant, UNRWA, and Hamas to commit the October 7th attack […] [t]hat is an accurate statement of the law, but inapt where, as here, Plaintiffs have not alleged that two members of the alleged conspiracy – Defendant and Hamas – ever interacted.")

Plaintiffs' rote regurgitation of the elements of a conspiracy claim fails under Rule 12(b)(6). *See generally* FAC ¶¶ 459-67. As described above, Plaintiffs' failure to specifically allege any act by AMP that furthered the objectives of a terrorist organization dooms Plaintiffs' claim for conspiracy.

## C.    Plaintiffs' Claim Against AMP for Material Support Fails as Well

Plaintiffs fail to state a claim for relief under their Third Cause of Action, for material support liability, against AMP. Plaintiffs merely recite the elements of the claim, and fail to allege facts establishing any support of terrorist acts or organizations by AMP. Merely disliking AMP's speech and associations cannot support Plaintiffs' claim for relief, and Plaintiffs do not plead any examples of

13

unprotected speech. AMP, therefore, respectfully requests this Court dismiss Plaintiffs' Third Cause of Action in full, and with prejudice.

The ATA criminalizes "provid[ing] material support or resources to a foreign terrorist organization." 18 U.S.C. § 2339B. It also provides a vehicle for civil liability as described above. Plaintiffs may bring a civil cause of action on the basis of facts that would establish a violation of the criminal provisions. *Taamneh v. Twitter*, 343 F. Supp. 3d 904, 910 (N.D. Cal. 2018), *rev'd* on different grounds. A claim under the civil provisions of the ATA requires demonstrating an injury "by reason of an act of international terrorism," and courts across the country require plaintiffs to show proximate causation between a defendant's alleged material support and the specific harm to the plaintiff. *Id.* at 912 (citing *Fields v. Twitter, Inc.*, 881 F.3d 739, 744 (9th Cir. 2018)) (highlighting that "a plaintiff must show at least *some direct relationship* between the injuries that he or she suffered and the defendant's acts") (emphasis in original); *see also Newman* 758 F. Supp. 3d at 744 (holding plaintiffs must show that "the defendant's acts were a 'substantial factor' in the sequence of events leading to the plaintiff's injuries"); *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018) (recognizing the plaintiff's injuries must be "reasonably foreseeable or anticipated as a natural consequence" of the defendant's actions to establish liability).

Florida law explains that "harm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Colon v. Twitter, Inc.*, 14 F.4th 1213, 1224 (11th Cir. 2021) (quoting *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So.3d 977, 982 (Fla. 2018)). Without plausibly alleging that AMP's actions proximately caused Plaintiffs' harm, their direct liability claims meet the same fate as their indirect claims.

Merely concluding for themselves that defendants provided material support in violation of the ATA does not suffice to meet Plaintiffs' pleading burden. *See Riley v. HSBC Bank PLC*, Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176, at *1 n.1 (M.D. Fla. July 30, 2018). Plaintiffs plead no acts by AMP that "prudent human foresight" would predict could cause Plaintiffs' harms. *Colon*, 14 F.4th at 1224. Plaintiffs' allegations that "Defendants … serv[e] as the U.S. student arms of Hamas" and that "Defendants serve and continue to serve Hamas's agenda by encouraging and perpetrating the terrorizing of Jewish students on college campuses" fail to establish the necessary proximate cause, just as they fail to support indirect liability. FAC ¶ 483. Even when taken as true, these allegations do nothing to show that AMP provided any "personnel or service to Hamas, rather than independent advocacy." *See Gerwaski*, 2025 U.S. Dist. LEXIS 84645, at *22.

Without any allegations that AMP took actions that proximately caused Plaintiffs' harms, Plaintiffs' Complaint fails.

**D.    The First Amendment Bars Plaintiff's Claims**

In reality, Plaintiffs only allege AMP's protected speech and association, suppression of which violates the First Amendment. The Supreme Court determined that even offensive speech and conduct cannot give rise to tort claims, where a claim cites speech alone on "matters of public import." *Snyder v. Phelps*, 562 U.S. 443, 456 (2011). Even speech that includes intimidation, coercion, and threats of boycotts warrants First Amendment protections. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 907 (1982). Here, Plaintiffs assert speech by AMP that they disagree with, and no more. Disagreeable speech does not negate the protection of the First Amendment; in fact, constitutional protections prove even more important in that context. Plaintiffs cannot hold AMP liable for mere speech they dislike, under any claim, without asking this Court to trample the inherent meaning of the First Amendment.

## V.    CONCLUSION

AMP operates legally in the United States as a wholly domestic nonprofit in good standing with the U.S. government. It fulfills its mission to inform and educate Americans about Palestine and its rich culture and history. Plaintiffs fail to plead facts sufficient to establish liability of AMP under the ATA, either directly or

indirectly. Plaintiffs do not allege that AMP had any prior knowledge of any terrorist attack that harmed Plaintiffs. Plaintiffs allege no act by AMP that substantially assisted any terrorist act that caused their injuries. Plaintiffs merely disagree with AMP's viewpoints and its work. They have the right to do so. They do not have the right to equate its legal and protected speech with the allegations lobbed against it. Plaintiffs' claims against AMP fail entirely under the law and amendment would be futile; therefore, AMP respectfully requests this Court dismiss Plaintiffs' claims against it in their entirety with prejudice.

DATED: August 15, 2025

Respectfully Submitted,

*/s/ Christina A. Jump*
Christina A. Jump*
(admitted *pro hac vice*)
Samira S. Elhosary
(admitted *pro hac vice*)
Christina A. Boyd
(admitted *pro hac vice*)
Constitutional Law Center
for Muslims in America**
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
ali.boyd@mlfa.org

COUNSEL FOR AJP EDUCATIONAL

FOUNDATION, INC. d/b/a AMERICAN
MUSLIMS FOR PALESTINE

*Lead Counsel

*The Constitutional Law Center for Muslims
in America is the legal division of the Muslim
Legal Fund of America

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 15th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*

COUNSEL FOR DEFENDANT

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

The undersigned certifies that counsel for Defendants conferred with Plaintiffs' counsel, who stated that Plaintiffs oppose this Motion.

*/s/ Christina A. Jump*