# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

MAURICE SHNAIDER, *et al.*,

    Plaintiffs,

v.

AMERICAN MUSLIMS FOR PALESTINE, *et al.*,

    Defendants.

CASE NO. 8:24-CV-01067-MSS-SPF

## DR. HATEM BAZIAN'S 12(b)(6) MOTION TO DISMISS

Defendant Dr. Hatem Bazian ("Dr. Bazian") respectfully requests that this Court dismiss Plaintiffs' claims against him in full, with prejudice. Plaintiffs fail to plead facts sufficient to state any claim under the Anti-Terrorism Act ("ATA"). As no facts exist that would create a claim against Dr. Bazian, amendment would be futile, and this Court may properly dismiss Plaintiffs' claims with prejudice. The attached memorandum of points and authorities supports this Motion.

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................ iii

MEMORANDUM IN SUPPORT OF
DR. HATEM BAZIAN'S MOTION TO DISMISS ....................................................... 1

    I.    INTRODUCTION ............................................................................... 1

    II.   FACTS AND PROCEDURAL HISTORY ......................................... 2

    III.  STANDARDS OF REVIEW ............................................................... 4

        A.  Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure
           12(b)(6) ........................................................................................ 4

        B.  Plaintiffs' Claims Fail Under the Anti-Terrorism Act ............. 5

    IV.  ARGUMENT ....................................................................................... 6

        A.  Plaintiffs' Claim for Aiding and Abetting Fails ....................... 6

        C.  Plaintiffs' Claim Under the ATA for Conspiracy Fails ........... 9

        D.  Plaintiffs' Claim Against Dr. Bazian for Material Support
           Fails .......................................................................................... 11

        E.  The First Amendment Precludes Liability ............................. 13

    V.   CONCLUSION ................................................................................. 14

CERTIFICATE OF SERVICE ................................................................................... 16

LOCAL RULE 3.01(g) CERTIFICATION ................................................................ 16

## TABLE OF AUTHORITIES

**Cases**

*Arthur-Rodger v. N. Tr. Co.*, Case No: 8:23-cv-2551-MSS-TGW
   2025 U.S. Dist. LEXIS 14878 (M.D. Fla. Jan. 28, 2025) ...................................1

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)..........................................................................................5

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007)..........................................................................................4

*Colon v. Twitter, Inc.*
   14 F.4th 1213 (11th Cir. 2021) .......................................................................12

*Fields v. Twitter, Inc.*
   881 F.3d 739 (9th Cir. 2018) ..........................................................................12

*Gerow v. Newsom*
   No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077 (M.D. Fla. May 2, 2024)........4

*Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*
   Case No.: 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645 (D. Nev. May 5, 2025)..................................................................................................13

*Gonzalez v. Google LLC*
   598 U.S. 617 (2023).........................................................................................10

*Halberstam v. Welch*
   705 F.2d 472 (D.C. Cir. 1983).....................................................................9, 10

*Lavi v. UNRWA USA Nat'l Comm., Inc.*
   No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757 (D. Del. Aug. 8, 2025). passim

*Leisrael v. Educ. for a Just Peace in the Middle E.*
   530 F. Supp. 3d 8 (D.D.C. 2021).....................................................................9

*Leisrael v. Educ. for a Just Peace in the Middle E.*
   66 F.4th 1007 (D.C. Cir. 2023) ............................................................... 6, 7, 8

*Manhart v. Wespac Found., Inc.*
   Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019 (N.D. Ill. Aug. 7, 2025)
   .....................................................................................................................1, 9

*NAACP v. Claiborne Hardware Co.*
   458 U.S. 886 (1982).........................................................................................14

*Neitzke v. Williams*
   490 U.S. 319 (1989)..........................................................................................4

*Newman v. AP*
   758 F. Supp. 3d 1357 (S.D. Fla. 2024)............................................................12

*Owens v. BNP Paribas, S.A.*
    897 F.3d 266 (D.C. Cir. 2018)..................................................................................12
*Parizer, et al. v. AJP Educational Foundation, Inc. et al.*
    No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025).......................................7
*Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*
    711 F.2d 989 (11th Cir. 1983) ..................................................................................4
*Riley v. HSBC Bank PLC*
    Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176 (M.D. Fla.
    July 30, 2018)..........................................................................................................13
*Rivera v. Liberty Mut. Fire Ins. Co.*
    Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930 (M.D. Fla.
    July 1, 2025).............................................................................................................5
*Rosemond v. United States*
    572 U.S. 65 (2014)....................................................................................................5
*Ruiz v. Tenet Hialeah Healthsystem, Inc.*
    260 So.3d 977 (Fla. 2018) ......................................................................................12
*Snyder v. Phelps*
    562 U.S. 443 (2011)................................................................................................13
*Taamneh v. Twitter*
    343 F. Supp. 3d 904 (N.D. Cal. 2018).................................................................11
*Twitter, Inc. v. Taamneh*
    598 U.S. 471 (2023)........................................................................................ passim

## **Statutes**

18 U.S.C. § 2331(1) ........................................................................................................5
18 U.S.C. § 2333(a) ....................................................................................................5, 6

## MEMORANDUM IN SUPPORT OF
## DR. HATEM BAZIAN'S MOTION TO DISMISS

Defendant Dr. Hatem Bazian presents the following in support of his Motion to Dismiss, and respectfully requests this Court dismiss the claims against him in full, with prejudice.[1]

### I.     INTRODUCTION

Dr. Bazian works as a professor and lecturer at the University of California, Berkeley. His academic focus includes Arab and Arab American studies, colonialism, and post-colonial studies, comparative liberation theologies, critical race theory, Muslim American Studies, and Palestine studies. He writes extensively on these issues and presents lectures on his areas of expertise at schools and events across the country. Dr. Bazian is a respected academic and co-founder and current chairman of the Board of Directors of AJP Educational Foundation, d/b/a American Muslims for Palestine ("AMP"). This role with AMP, as well as his constitutionally protected and legal speech, forms the basis of Plaintiffs' attempt to hold Dr. Bazian liable for the harms they suffered at the hands of international terrorists. However,

---

[1] *See Arthur-Rodger v. N. Tr. Co.*, Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878, at *30 (M.D. Fla. Jan. 28, 2025) (dismissing a claim with prejudice where the plaintiff could not satisfy an element of the claim even after amendment); *see also Manhart v. Wespac Found., Inc.*, Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019, at * 50 (N.D. Ill. Aug. 7, 2025) (dismissing with prejudice claims against many of the same defendants named in this lawsuit because the court determined the plaintiff's allegations were "intended to harass" the defendants).

1

Plaintiffs fail to allege any facts that tie Dr. Bazian to terrorists in any way, much less sufficient to hold him accountable for the claims Plaintiffs bring. Dr. Bazian therefore respectfully requests this Court dismiss Plaintiffs' claims against him in full.

## II.  FACTS AND PROCEDURAL HISTORY[2]

Plaintiffs are individuals and the relatives of individuals who allege harm resulting from Hamas' October 7, 2023 terrorist attack in Israel and other subsequent terrorist attacks in Israel. *See* First Amended Complaint ("FAC"), at ¶¶ 417-452, ECF No. 6 (July 15, 2024). Plaintiffs allege that Dr. Bazian is both a founder of AMP and SJP and serves on the AMP national board. *Id*. ¶¶ 53, 148, 154, 215. They allege that he was involved in the early founding of AMP and appeared in a Yahoo bulletin board used to organize the group. *Id.* ¶ 115.

Plaintiffs allege that Dr. Bazian spoke at a fundraiser for an unrelated organization, KindHearts, in 2004. *Id.* ¶ 102. They allege that he made social media posts and gave speeches that Plaintiffs characterize as "subversive, anti-American, antisemitic, and terror-supporting." *Id.* ¶¶ 121, 154-55, 327. Finally, they allege that Dr. Bazian has spoken at events for charities and organizations over the years that support the cause of Palestinian freedom, and associates with people who advocate

---

[2] As most of Plaintiffs' allegations in their 210-page Complaint do not relate to Dr. Bazian, he addresses only the allegations Plaintiffs assert against him.

2

for the same cause. *Id.* ¶ 154. These acts, Plaintiffs allege, evince Dr. Bazian's participation, with each of the other defendants, in the "Hamas Conspiracy." *Id.* ¶¶ 406-07.

Plaintiffs allege only that all Defendants must be "accountable … for their egregious acts in conspiring with, aiding and abetting, and providing material support to [Hamas]." *Id.* ¶ 2. They allege that "[i]ndividual defendants," including Dr. Bazian, "have all conspired with Hamas's terrorist enterprise through their establishment of or participation in activities with one or more of the Defendants." *Id.* ¶ 8. Plaintiffs conclude that "Defendants AMP and AJP became the successors of IAP/AMS and HLF following the *Boim* Judgment," and subsequently sought to "infiltrate the minds of the young and easily influenced," facilitated by individual Defendants including Dr. Bazian. *Id.* ¶ 406. Finally, Plaintiffs allege that "the twelve individual defendants," including Dr. Bazian, "are also part of the Hamas Conspiracy by virtue of their active involvement with and support of Hamas." *Id.* ¶ 407.

Plaintiffs allege they suffered harm on October 7, 2023 and afterwards at the hands of international terrorists in various attacks on October 7, 2023, November 6, 2023, December 10, 2023, and January 15, 2024. *Id.* ¶¶ 417-452.

Plaintiffs filed this claim on May 2, 2024, and amended their complaint on July 15, 2024. ECF Nos. 1, 6. This Court granted Plaintiffs an extension of time to

3

serve Defendants on March 27, 2025. ECF No. 14. Counsel for Dr. Bazian waived personal service on May 1, 2025. ECF No. 20. Dr. Bazian subsequently sought two extensions of time to respond to Plaintiffs' Complaint, which this Court granted on June 26, 2025 and August 6, 2025. ECF Nos. 32, 34, 39, 42. This Motion to Dismiss now follows.

### III.   STANDARDS OF REVIEW

**A.   Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6)**

Courts must dismiss a claim if a plaintiff's complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Gerow v. Newsom*, No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077, at *6 (M.D. Fla. May 2, 2024) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-64 (2007)). Courts accept well-pleaded facts as true and construe them in the light most favorable to the plaintiff, but should not "assume that the plaintiff can prove facts that were not alleged." *Id.* (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983)). Where "a dispositive legal issue that precludes relief" exists, courts appropriately dismiss a plaintiff's complaint. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Courts also need not accept "legal conclusions" as true, nor do "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice to meet a plaintiff's burdens. *Rivera v. Liberty Mut. Fire Ins. Co.*, Case No. 6:25-cv-845-CEM-DCI,

4

2025 U.S. Dist. LEXIS 124930, at *2 (M.D. Fla. July 1, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.     Plaintiffs' Claims Fail Under the Anti-Terrorism Act**

The Anti-Terrorism Act ("ATA") creates a cause of action for U.S. nationals injured in their "person, property, or business by reason of an act of international terrorism." 18 U.S.C. § 2333(a). An injured person may also bring suit against, in relevant part, "any person who aids and abets, by knowingly providing substantial assistance, or who conspires with" a designated foreign terrorist organization that committed the act of international terrorism. *Id*. § 2333(d)(2). U.S. national plaintiffs must first establish themselves as "injured in his or her person, property, or business by reason of an act of international terrorism." *Id*. § 2333(a); *see also* 18 U.S.C. § 2331(1) (defining an act of "international terrorism" as used in the statute).

To establish aiding and abetting liability under the ATA, plaintiffs must allege their injury arose "from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization," and that the alleged aider/abettor "knowingly provided substantial assistance" to that act. *Id*. § 2333(d). A plaintiff must establish that the defendant who allegedly aided or abetted took "some 'affirmative act' 'with the intent of facilitating the offense's commission.'" *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490 (2023) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)). Plaintiffs also

5

bear the burden to establish that defendants were "generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance." *Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023). Plaintiffs must show that each defendant "knowingly and substantially assist[ed] the principal violation." *Id.* Finally, Plaintiffs must allege facts showing the relevant assistance to be both substantial and that it significantly enhanced the terrorist organization's ability to carry out those activities. *Taamneh*, 598 U.S. at 495 (finding insufficient the claim that a defendant assisted a "transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it").

## IV. ARGUMENT

### A. Plaintiffs' Claim for Aiding and Abetting Fails[3]

Plaintiffs fail to reach their high burden to establish aiding and abetting liability for Dr. Bazian under the ATA. Plaintiffs must plead that 1) an act of international terrorism harmed them; 2) Dr. Bazian knowingly provided assistance to the harmful act; and 3) Dr. Bazian provided substantial assistance to the harmful act. 18 U.S.C. § 2333(a) and (d); *see also Lavi v. UNRWA USA Nat'l Comm., Inc.*, No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757, at *4 (D. Del. Aug. 8, 2025).

---

[3] Though Plaintiffs' Complaint lists a Cause of Action for Conspiracy before a Cause of Action for Aiding and Abetting, more robust case law exists for aiding and abetting, which courts also then apply to claims for conspiracy. For this Court's convenience, Dr. Bazian therefore provides his argument for the aiding and abetting claim prior to his analysis for the conspiracy claim.

6

(setting out the framework for aiding and abetting liability under the ATA). Plaintiffs fail to allege facts sufficient to meet at least two of those three requirements. While Plaintiffs allege acts of international terrorism harmed them, they do not allege a single act by Dr. Bazian that provided any assistance in those acts. This failure proves fatal to Plaintiffs' ATA aiding and abetting claim. *See* Memorandum Opinion and Order at 47-48, *Parizer, et al. v. AJP Educational Foundation, Inc. et al.*, No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025), ECF No. 161 (finding that broad assertions against Dr. Bazian do not suffice and dismissing ATA claims against him in full).

The Supreme Court limits aiding and abetting liability under the ATA to "truly culpable conduct," meaning "conscious, voluntary, and culpable participation in another's wrongdoing." *Taamneh*, 598 U.S. at 490. Plaintiffs must therefore allege facts establishing three elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as a part of an overall illegal or tortious activity at the time he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023), *cert denied*, 144 S. Ct. 713; *see also Lavi*, 2025 U.S. Dist. LEXIS 153757, at *6 (highlighting the importance of demonstrating a nexus between the harm and any alleged assistance).

7

Plaintiffs fail to allege any "role as part of an overall illegal or tortious activity" by Dr. Bazian. *Leisrael*, 66 F.4th at 1016. Plaintiffs merely provide the conclusory assertion that Dr. Bazian "[has] been vocal in the United States for [his] support of Hamas's terrorist agenda" on social media. FAC ¶ 121. They point to the allegation that Dr. Bazian shared a livestream on his Facebook page of a student encampment at the University of California, Berkeley, where he teaches. *Id.* ¶ 367. Other than social media posts and speech, Plaintiffs merely plead the conclusion that Dr. Bazian "perpetrated a number" of unspecified "subversive, anti-American, antisemitic, and terror-supporting acts." *Id.* ¶ 154. These allegations fail to state a claim that Dr. Bazian had any awareness of any role he supposedly played in any terrorist attack. *See Lavi*, 2025 U.S. Dist. LEXIS 153757, *10 (finding allegations in the complaint must support a reasonable conclusion of awareness). Plaintiffs do not plead any facts that meet their burden of connecting Dr. Bazian to a specific act of terrorism that injured the plaintiffs. *Taamneh*, 598 U.S. 497, 503. Instead, Plaintiffs ask this Court to make irrational assumptions based on Dr. Bazian's protected speech and associations entirely within the United States. The law does not impose liability for that.

Plaintiffs also fail to allege facts sufficient to show Dr. Bazian provided any assistance to any terrorist actor, and therefore also cannot meet the "substantial" standard of the test. A generalized role that fails to allege the defendant was "one in

8

spirit" with the terrorist organization does not suffice. *See Leisrael v. Educ. for a Just Peace in the Middle E.*, 530 F. Supp. 3d 8, 15 (D.D.C. 2021) (collecting cases). Plaintiffs in this case allege no more than that Dr. Bazian shared social media posts and made speeches. *See, e.g.,* FAC ¶ 102, 121, 154-55; *see also Manhart*, 2025 U.S. Dist. LEXIS 152019, at *43 (explaining that the inflammatory allegations that the defendants acted "as Hamas's propaganda arm in the United States" served to demonstrate the plaintiff's improper purpose to harass defendants). Even Plaintiffs' allegation that Dr. Bazian "repeatedly justified terror attacks against Israel and intifada in the US" does not suffice to state a claim that Dr. Bazian intended "to make [] succeed" any act of terrorism, or show substantial assistance. Plaintiffs' ATA aiding and abetting claim against Dr. Bazian fails and therefore warrants dismissal.

**B.    Plaintiffs' Claim Under the ATA for Conspiracy Fails**

Plaintiffs fail to allege facts sufficient to properly state a claim against Dr. Bazian for conspiracy under the ATA. Congress specifically pointed to the D.C. Circuit's opinion in *Halberstam v. Welch* as "providing the proper legal framework" for conspiracy liability under the ATA. *Taamneh*, 598 U.S. at 485 (citing 705 F.2d 472 (D.C. Cir. 1983)). Here, Plaintiffs fail to plead facts that speak to any of the *Halberstam* factors, and therefore fail to support their claim for conspiracy under the ATA.

9

The D.C. Circuit in *Halberstam* reviewed the common law, state and federal cases, and treatises to determine that three necessary elements: 1) the party the defendant aids performs a wrongful act causing injury; 2) the defendant is generally aware of his role as part of an illegal or tortious activity at the time of the assistance; and 3) the defendant knowingly and substantially assists the violation. *Id.* at 486. Plaintiffs must also allege the defendant "reached an agreement" with the tort-feasor to establish conspiracy. *See Gonzalez v. Google LLC*, 598 U.S. 617, 622 (2023). To determine "substantial" assistance, courts review six non-dispositive factors: "(1) 'the nature of the act assisted,' (2) the 'amount of assistance' provided, (3) whether the defendant was 'present at the time' of the principal tort, (4) the defendant's 'relation to the tortious actor,' (5) the 'defendant's state of mind,' and (6) the 'duration of the assistance' given." *Taamneh*, 598 U.S. at 485 (quoting *Halbertsam*, 705 F.2d at 488). These factors are not "immutable components." Instead, they require that courts engage in fact-specific reviews to determine whether each defendant is liable for conspiring to commit a tort. *Id.* at 487.

Plaintiffs fail to allege that Dr. Bazian "reached an agreement" with any terrorist organization or actor, and therefore fail to establish conspiracy liability under the ATA. Plaintiffs' conclusory allegation that "Defendants entered into a conspiracy with one another and with Hamas" does not suffice to meet their burden. FAC ¶ 460. Plaintiffs' rote recitation of the elements of a conspiracy claim is

precisely the kind of pleading that does fails under Rule 12(b)(6). *See generally id.* ¶¶ 459-67; *see also Lavi,* 2025 U.S. Dist. LEXIS 152757, at *23 (finding a conspiracy claim insufficient where the plaintiffs failed to plead that two members of the supposed conspiracy ever interacted). As described above, Plaintiffs' failure to specifically allege any act by Dr. Bazian that furthered the objectives of a terrorist organization dooms Plaintiffs' claim for conspiracy against him.

### C. Plaintiffs' Claim Against Dr. Bazian for Material Support Fails

Plaintiffs fail to state a claim for relief under their Third Cause of Action, for material support liability, against Dr. Bazian. Plaintiffs merely recite the elements of the claim, and fail to allege facts establishing any support of terrorist acts or organizations by Dr. Bazian. Merely disliking Dr. Bazian's speech and associations cannot support Plaintiffs' claim for relief, and Plaintiffs do not plead any examples of unprotected speech. Dr. Bazian, therefore, respectfully requests this Court dismiss Plaintiffs' Third Cause of Action in full, and with prejudice.

The ATA criminalizes "provid[ing] material support or resources to a foreign terrorist organization." 18 U.S.C. § 2339B. It also provides a vehicle for civil liability as described above. Plaintiff may bring a civil cause of action based on facts that establish a violation of the criminal provisions. *Taamneh v. Twitter*, 343 F. Supp. 3d 904, 910 (N.D. Cal. 2018), *rev'd* on different grounds. However, to bring a claim under the civil provisions of the ATA, which require injury "by reason of an act of

11

international terrorism," courts across the country require plaintiffs to show proximate causation between a defendant's alleged material support and the specific harm to the plaintiff. *Id.* at 912 (citing *Fields v. Twitter, Inc.*, 881 F.3d 739, 744 (9th Cir. 2018)) (highlighting that "a plaintiff must show at least *some direct relationship* between the injuries that he or she suffered and the defendant's acts") (emphasis in original); *see also Newman v. AP*, 758 F. Supp. 3d 1357, 1380 (S.D. Fla. 2024) (requiring a plaintiff to establish "the defendant's acts were a 'substantial factor' in the sequence of events leading to the plaintiff's injuries"); *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018) (recognizing the plaintiff's injuries must be "reasonably foreseeable or anticipated as a natural consequence" of the defendant's actions).

Florida law explains that "harm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Colon v. Twitter, Inc.*, 14 F.4th 1213, 1224 (11th Cir. 2021) (quoting *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So.3d 977, 982 (Fla. 2018)). Without plausibly alleging that Dr. Bazian's actions proximately caused Plaintiffs' harm, their direct liability claims meet the same fate as their indirect claims.

Merely concluding for themselves that defendants provided material support in violation of the ATA does not suffice to meet Plaintiffs' pleading burden. *See*

12

*Riley v. HSBC Bank PLC*, Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176, at *1 n.1 (M.D. Fla. July 30, 2018). Plaintiffs plead no acts by Dr. Bazian that "prudent human foresight" predict could cause Plaintiffs' harms. *Colon*, 14 F.4th at 1224. Plaintiffs' allegations that "Defendants… serv[e] as the U.S. student arms of Hamas" and that "Defendants serve and continue to serve Hamas's agenda by encouraging and perpetrating the terrorizing of Jewish students on college campuses" fail to establish the necessary proximate cause, just as they fail to support indirect liability. FAC ¶ 483. Even taken as true, these allegations do nothing to show that Dr. Bazian provided any "personnel or service to Hamas, rather than independent advocacy." *See Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, Case No.: 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645, at *22 (D. Nev. May 5, 2025). Without any allegations that Dr. Bazian took actions that proximately caused Plaintiffs' harms, Plaintiffs' Complaint fails.

**D.     The First Amendment Precludes Liability**

In reality, Plaintiffs only allege Dr. Bazian's protected speech and association, suppression of which violates the First Amendment. The Supreme Court determined that even offensive speech and conduct cannot give rise to tort claims, where a claim cites speech alone on "matters of public import." *Snyder v. Phelps*, 562 U.S. 443, 456 (2011). Even speech that includes intimidation, coercion, and threats of boycotts warrants First Amendment protections. *NAACP v. Claiborne Hardware Co.*, 458

13

U.S. 886, 907 (1982). Here, Plaintiffs assert speech by Dr. Bazian that they disagree with, and no more. Disagreeable speech does not negate the protection of the First Amendment; in fact, constitutional protections prove even more important in that context. Plaintiffs cannot hold Dr. Bazian liable for mere speech they dislike, under any claim, without asking this Court to trample the inherent meaning of the First Amendment.

## V. CONCLUSION

Dr. Bazian, a highly educated individual widely recognized as an expert in academia in his areas of study, deserves better than the dismissive and offensive characterizations in which Plaintiffs cast his many accomplishments. Plaintiffs hope this Court will afford them a broad enough brush to punish both his professional focus and his expressive viewpoint by labeling his lawful actions within the United States as "anti-American." Yet neither the Constitution of the United States nor the governing legal precedent supports that ask.

Plaintiffs fail to plead facts sufficient to establish liability under the ATA either directly or indirectly. Plaintiffs do not allege that Dr. Bazian had any involvement with any terrorist organization or any prior knowledge of any terrorist attack that harmed Plaintiffs. Plaintiffs allege no act by Dr. Bazian that substantially assisted any terrorist act that caused their injuries in any way. Plaintiffs merely disagree with Dr. Bazian's views and work. They have the right to do so. They do

14

not have the right to equate his legal and protected speech with the allegations lobbed against him. Plaintiffs' claims against Dr. Bazian fail entirely under the law; therefore, he respectfully requests this Court dismiss Plaintiffs' claims against him in their entirety with prejudice.

DATED: August 15, 2025

                          Respectfully Submitted,

                          */s/ Christina A. Jump*
                          Christina A. Jump*
                          (admitted *pro hac vice*)
                          Samira S. Elhosary
                          (admitted *pro hac vice*)
                          Christina A. Boyd
                          (admitted *pro hac vice*)
                          Constitutional Law Center
                          for Muslims in America**
                          100 N. Central Expy. Suite 1010
                          Richardson, Texas 75080
                          Tel: (972) 914-2507
                          Fax: (972) 692-7454
                          cjump@clcma.org
                          selhosary@clcma.org
                          ali.boyd@mlfa.org

                          COUNSEL FOR DR. HATEM BAZIAN

                          **Lead Counsel*

                          ***The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*

COUNSEL FOR DEFENDANT

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that counsel for Defendants conferred with Plaintiffs' counsel, who stated that Plaintiffs oppose this Motion.

*/s/ Christina A. Jump*
