## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| MAURICE SHNAIDER, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MUSLIMS FOR PALESTINE, *et al.*,<br><br>Defendants. | CASE NO. 8:24-CV-01067-MSS-SPF |

### DR. OSAMA ABUIRSHAID'S 12(b)(6) MOTION TO DISMISS

Defendant Dr. Osama Abuirshaid ("Dr. Abuirshaid") respectfully requests that this Court dismiss Plaintiffs' claims against him in full, with prejudice. Plaintiffs fail to present facts sufficient to establish any claim under the Anti-Terrorism Act ("ATA"). As no facts exist that would create a claim against Dr. Abuirshaid, amendment would be futile, and this Court may dismiss Plaintiffs' claims with prejudice. The attached memorandum of points and authorities supports this Motion.

## TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................... ii

TABLE OF AUTHORITIES ...................................................................... iii

MEMORANDUM IN SUPPORT OF
DR. OSAMA ABUIRSHAID'S MOTION TO DISMISS ......................................1

    I.    INTRODUCTION..............................................................................1

    II.    FACTS AND PROCEDURAL HISTORY.......................................2

    III.    STANDARDS OF REVIEW .............................................................4

        A.  Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure
            12(b)(6) ........................................................................................4

        B.  Plaintiffs' Claims Fail Under the Anti-Terrorism Act .........5

    IV.    ARGUMENT ....................................................................................6

        A.  Plaintiffs' Claim for Aiding and Abetting Fails ..................6

        B.  Plaintiffs' Claim Under the ATA for Conspiracy Fails.......9

        C.  Plaintiffs' Claim Against Dr. Abuirshaid for Material
            Support Fail........................................................................11

        D.  The First Amendment Precludes Liability..........................14

    V.    CONCLUSION ...............................................................................14

CERTIFICATE OF SERVICE ...................................................................16

LOCAL RULE 3.01(g) CERTIFICATION..............................................16

# TABLE OF AUTHORITIES

## Cases

*Arthur-Rodger v. N. Trust Co.*
  Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878 (M.D. Fla.
  Jan. 28, 2025)....................................................................................................1

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ..........................................................................................5

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ..........................................................................................4

*Colon v. Twitter, Inc.*
  14 F.4th 1213 (11th Cir. 2021).................................................................. 12, 13

*Fields v. Twitter, Inc.*
  881 F.3d 739 (9th Cir. 2018) ............................................................................12

*Gerow v. Newsom*
  No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077 (M.D. Fla May 2, 2024).........4

*Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*
  Case No.: 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645 (D. Nev.
  May 5, 2025)....................................................................................................13

*Gonzalez v. Google LLC*
  598 U.S. 617 (2023) ........................................................................................10

*Halberstam v. Welch*
  705 F.2d 472 (D.C. Cir. 1983) .....................................................................9, 10

*Lavi v. UNRWA USA Nat'l Comm., Inc.*
  No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757 (D. Del. Aug. 8, 2025) .....7, 8

*Leisrael v. Educ. for a Just Peace in the Middle E.*
  530 F. Supp. 3d 8 (D.D.C. 2021) .......................................................................9

*Leisrael v. Educ. for a Just Peace in the Middle E.*
  66 F.4th 1007 (D.C. Cir. 2023) .....................................................................6, 8

*Manhart v. Wespac Found., Inc.*
  Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019 (N.D. Ill. Aug. 7, 2025)
  ......................................................................................................................1, 8

*NAACP v. Claiborne Hardware Co.*
  458 U.S. 886 (1982) ........................................................................................14

*Neitzke v. Williams*
    490 U.S. 319 (1989) ...................................................................................5

*Newman v. AP*
    758 F. Supp. 3d 1357 (S.D. Fla. 2024) ..................................................12

*Owens v. BNP Paribas, S.A.*
    897 F.3d 266 (D.C. Cir. 2018) ...............................................................12

*Parizer, et al. v. AJP Educational Foundation, Inc. et al.*
    No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025) ........................7

*Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*
    711 F.2d 989 (11th Cir. 1983) ..................................................................4

*Riley v. HSBC Bank PLC*
    Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176 (M.D. Fla. July 30, 2018) .....................................................................................13

*Rivera v. Liberty Mut. Fire Ins. Co.*
    Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930 (M.D. Fla. July 1, 2025) ...........................................................................................5

*Rosemond v. United States*
    572 U.S. 65 (2014) ....................................................................................6

*Ruiz v. Tenet Hialeah Healthsystem, Inc.*
    260 So.3d 977 (Fla. 2018) .......................................................................12

*Snyder v. Phelps*
    562 U.S. 443 (2011) ................................................................................14

*Taamneh v. Twitter*
    343 F. Supp. 3d 904 (N.D. Cal. 2018) ...................................................12

*Twitter, Inc. v. Taamneh*
    598 U.S. 471 (2023) .......................................................................6, 7, 8, 9

## **Statutes**

18 U.S.C. § 2333(a) ...........................................................................................5, 6

18 U.S.C. § 2339B ...............................................................................................11

## MEMORANDUM IN SUPPORT OF
## DR. OSAMA ABUIRSHAID'S MOTION TO DISMISS

Defendant Dr. Osama Abuirshaid presents the following in support of his Motion to Dismiss, and respectfully requests this Court dismiss the claims against him in full, with prejudice.[1]

## I.    INTRODUCTION

Dr. Abuirshaid, a nationally recognized expert on Palestinian and Middle Eastern affairs as well as American politics and foreign affairs, authored and coauthored several books as well as dozens of studies in English and Arabic on these issues. He earned his Ph.D. in Political Science from Loughborough University, and regularly travels nationally and internationally to speak at institutions and events on topics within his areas of expertise. Dr. Abuirshaid also serves as the Executive Director for AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") as well as a member of its Board of Directors, and previously served as AMP's National Policy Director. He is also a board member of the U.S. Council of

---

[1] *See Arthur-Rodger v. N. Trust Co.*, Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878, at *30 (M.D. Fla. Jan. 28, 2025) (dismissing a claim with prejudice where the plaintiff could not satisfy an element of the claim even after amendment); *see also Manhart v. Wespac Found., Inc.*, Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019, at * 50 (N.D. Ill. Aug. 7, 2025) (dismissing with prejudice claims against many of the same defendants named in this lawsuit because the court determined the plaintiff's allegations were "intended to harass" the defendants).

Muslim Organizations ("USCMO"), an umbrella organization of 49 major American Muslim organizations.

Dr. Abuirshaid's role with AMP, and his constitutionally protected speech and association, for the basis of Plaintiffs' attempt to hold Dr. Abuirshaid liable for the harms they suffered due to the actions of Hamas. Plaintiffs fail to plead any facts that tie Dr. Abuirshaid to any terrorist attacks, and their claims therefore fail as a matter of law. Dr. Abuirshaid respectfully requests this Court dismiss Plaintiffs' claims against him in full, with prejudice.

## II.    FACTS AND PROCEDURAL HISTORY[2]

Plaintiffs are individuals and the relatives of individuals who allege harm resulting from Hamas' October 7, 2023 terrorist attack in Israel and other subsequent terrorist attacks in Israel. *See* First Amended Complaint ("FAC") at ¶¶ 417-452, ECF No. 6 (July 15, 2024). Plaintiffs allege Dr. Abuirshaid is the Executive Director and a board member of AMP. *Id.* ¶¶ 54, 116.

Plaintiffs allege that Dr. Abuirshaid spoke at events and advocated for the rights of Palestinians through involvement with different organizations over the years, as well as worked as a newspaper editor. *Id.* ¶¶ 102, 118. They allege that he publishes articles, speaks at conferences, appears at fundraisers, and posts on social

---

[2] As most of Plaintiffs' allegations in their 210-page Complaint do not relate to Dr. Abuirshaid, he addresses only the allegations Plaintiffs assert against him.

2

media. *Id.* ¶¶ 119-20, 140, 142, 154, 158. They are correct. Plaintiffs further allege that Dr. Abuirshaid spoke at peaceful protests at Columbia University and The George Washington University and expressed his opinions in speeches picked up by media outlets. *Id.*¶¶ 355, 364. Plaintiffs allege that Congressman James Comer, Chairman of the House Oversight and Accountability Committee, sent a letter to Dr. Abuirshaid, which included allegations mirrored in Plaintiffs' Complaint. *Id.* ¶ 389.

In addition to the allegations against Dr. Abuirshaid specifically, Plaintiffs allege generally that all Defendants must be "accountable … for their egregious acts in conspiring with, aiding and abetting, and providing material support to [Hamas]." *Id.* ¶ 2. They allege that "[i]ndividual defendants," including Dr. Abuirshaid, "have all conspired with Hamas's terrorist enterprise through their establishment of or participation in activities with one or more of the Defendants." *Id.* ¶ 8. Plaintiffs conclude, "Defendants AMP and AJP became the successors of IAP/AMS and HLF following the *Boim* Judgment," and subsequently sought to "infiltrate the minds of the young and easily influenced," facilitated by individual Defendants including Dr. Abuirshaid. *Id.* ¶ 406. Finally, Plaintiffs allege that "the twelve individual defendants," including Dr. Abuirshaid, "are also part of the Hamas Conspiracy by virtue of their active involvement with and support of Hamas." *Id.* ¶ 407.

3

Plaintiffs allege they suffered harm on October 7, 2023 and afterwards at the hands of international terrorists resulting from various attacks that occurred outside of the United States. *Id.* ¶¶ 417-452.

Plaintiffs filed this claim on May 2, 2024, and amended their complaint on July 15, 2024. ECF Nos. 1, 6. This Court granted Plaintiffs an extension of time to serve Defendants on March 27, 2025. ECF No. 14. Counsel for Dr. Abuirshaid waived personal service on May 1, 2025. ECF No. 17. Dr. Abuirshaid subsequently sought an extension of time to respond to Plaintiffs' Complaint, which this Court granted on June 26, 2025. ECF Nos. 32, 34. This Motion to Dismiss now follows.

## III.    <u>STANDARDS OF REVIEW</u>

### A.    **Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6)**

Courts must dismiss a claim if a plaintiff's complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Gerow v. Newsom*, No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077, at *6 (M.D. Fla May 2, 2024) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-64 (2007)). Courts accept well-pleaded facts as true and construe them in the light most favorable to the plaintiff, but should not "assume that the plaintiff can prove facts that were not alleged." *Id.* (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983)). Where "a dispositive legal issue that precludes relief" exists, courts appropriately dismiss a plaintiff's complaint. *Id.*

(citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Courts also need not accept "legal conclusions" as true, nor do "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice to meet a plaintiff's burdens. *Rivera v. Liberty Mut. Fire Ins. Co.*, Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930, at *2 (M.D. Fla. July 1, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.    Plaintiffs' Claims Fail Under the Anti-Terrorism Act**

The Anti-Terrorism Act ("ATA") creates a cause of action for U.S. nationals injured in their "person, property, or business by reason of an act of international terrorism." 18 U.S.C. § 2333(a). An injured person may also bring suit against, in relevant part, "any person who aids and abets, by knowingly providing substantial assistance, or who conspires with" a designated foreign terrorist organization that committed the act of international terrorism. *Id*. § 2333(d)(2). U.S. national plaintiffs must first establish themselves as "injured in his or her person, property, or business by reason of an act of international terrorism." *Id*. § 2333(a); *see also* 18 U.S.C. § 2331(1) (defining an act of "international terrorism" as used in the statute).

To establish aiding and abetting liability under the ATA, plaintiffs must allege their injury arose "from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization," and that the alleged aider/abettor "knowingly provided substantial

assistance" to that act. *Id*. § 2333(d). A plaintiff must establish that the defendant

who allegedly aided or abetted took "some 'affirmative act' 'with the intent of

facilitating the offense's commission.'" *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490

(2023) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)). Plaintiffs also

bear the burden to establish that defendants were "generally aware of his role as part

of an overall illegal or tortious activity at the time that he provides the assistance."

*Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir.

2023). Plaintiffs must show that each defendant "knowingly and substantially

assist[ed] the principal violation." *Id.* Finally, Plaintiffs must allege facts showing

the relevant assistance to be both substantial that it significantly enhanced the

terrorist organization's ability to carry out those activities. *Taamneh*, 598 U.S. at 495

(finding insufficient the claim that a defendant assisted a "transcendent 'enterprise'

separate from and floating above all the actionable wrongs that constitute it").

## IV.   <u>ARGUMENT</u>

### A.    **Plaintiffs' Claim for Aiding and Abetting Fails[3]**

Plaintiffs fail to reach their high burden to establish aiding and abetting

liability for Dr. Abuirshaid under the ATA. Plaintiffs must plead that 1) an act of

---

[3] Though Plaintiffs' Complaint lists a Cause of Action for Conspiracy before a Cause
of Action for Aiding and Abetting, more robust case law exists for aiding and
abetting, which courts also then apply to claims for conspiracy. For this Court's
convenience, Dr. Abuirshaid therefore provides his argument for the aiding and
abetting claim prior to his analysis for the conspiracy claim.

international terrorism harmed them; 2) Dr. Abuirshaid knowingly provided assistance to the harmful act; and 3) Dr. Abuirshaid provided substantial assistance to the harmful act. 18 U.S.C. § 2333(a) and (d); *see also Lavi v. UNRWA USA Nat'l Comm., Inc.*, No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757, at *4 (D. Del. Aug. 8, 2025). Plaintiffs fail to allege facts sufficient to meet at least two of those three requirements. While Plaintiffs allege acts of international terrorism harmed them, they do not allege a single act by Dr. Abuirshaid that provided any assistance in those acts. This failure proves fatal to Plaintiffs' ATA aiding and abetting claim. *See* Memorandum Opinion and Order at 47-48, *Parizer, et al. v. AJP Educational Foundation, Inc. et al.*, No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025), ECF No. 161 (finding that broad assertions against Dr. Abuirshaid do not suffice and dismissing ATA claims against him in full).

The Supreme Court limits aiding and abetting liability under the ATA to "truly culpable conduct," meaning "conscious, voluntary, and culpable participation in another's wrongdoing." *Taamneh*, 598 U.S. at 490. Plaintiffs must therefore allege facts establishing three elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as a part of an overall illegal or tortious activity at the time he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Leisrael v. Educ. for a Just Peace in the Middle E.*,

7

66 F.4th 1007, 1016 (D.C. Cir. 2023), *cert denied*, 144 S. Ct. 713; *see also Lavi*,

2025 U.S. Dist. LEXIS 153757, at *6 (highlighting the importance of demonstrating

a nexus between the harm and any alleged assistance).

Plaintiffs fail to allege any "role as part of an overall illegal or tortious

activity" by Dr. Abuirshaid. *Leisrael*, 66 F.4th at 1016. Plaintiffs merely provide the

conclusory assertion that Dr. Abuirshaid "regularly publishes articles in English and

Arabic promoting Hamas" and made social media posts in "support of Hamas" citing

only to Dr. Abuirshaid's publicly available PhD thesis, and the website Canary

Mission, which purports to collect social media posts from Dr. Abuirshaid, but does

not verify their legitimacy. FAC ¶ 119; *see also Manhart*, 2025 U.S. Dist. LEXIS

152019, at *43 (explaining that the inflammatory allegations that the defendants

acted "as Hamas's propaganda arm in the United States" served to demonstrate the

plaintiff's improper purpose to harass defendants). They point to the allegation that

Dr. Abuirshaid made speeches on university campuses at peaceful protests. *Id.* ¶¶

355, 364. Other than social media posts and speech, Plaintiffs provide no allegations

that would support their claim that Dr. Abuirshaid consciously and culpably

participated in any terrorist act. *See Lavi*, 2025 U.S. Dist. LEXIS 153757, *10

(finding allegations in the complaint must support a reasonable conclusion of

awareness). Plaintiffs cannot meet their burden to connect Dr. Abuirshaid to a

specific act of terrorism that injured the plaintiffs. *See Taamneh*, 598 U.S. 497, 503.

Instead, Plaintiffs ask this Court to make irrational assumptions based simply on Dr. Abuirshaid's protected speech and associations. The law does not impose liability for that.

Plaintiffs also fail to allege facts sufficient to show Dr. Abuirshaid provided any assistance to any terrorist actor, and therefore also cannot meet the "substantial" standard of the test. A generalized role that fails to allege the defendant was "one in spirit" with the terrorist organization does not suffice. *See Leisrael v. Educ. for a Just Peace in the Middle E.*, 530 F. Supp. 3d 8, 15 (D.D.C. 2021) (collecting cases). Plaintiffs in this case allege no more than that Dr. Abuirshaid shared social media posts and made speeches. *See, e.g.,* FAC ¶¶ 119, 355, 364. Even Plaintiffs' allegation that Dr. Abuirshaid "regularly publishes articles… promoting Hamas" does not suffice to state a claim that Dr. Abuirshaid intended "to make [] succeed" any act of terrorism, or show substantial assistance. Plaintiffs' ATA aiding and abetting claim against Dr. Abuirshaid fails and therefore warrants dismissal with prejudice.

## B.    Plaintiffs' Claim Under the ATA for Conspiracy Fails

Plaintiffs fail to allege facts sufficient to properly state a claim against Dr. Abuirshaid for conspiracy under the ATA. Congress specifically pointed to the D.C. Circuit's opinion in *Halberstam v. Welch* as "providing the proper legal framework" for conspiracy liability under the ATA. *Taamneh*, 598 U.S. at 485 (citing 705 F.2d 472 (D.C. Cir. 1983)). Here, Plaintiffs fail to plead facts that speak to any of the

*Halberstam* factors, and therefore fail to support their claim for conspiracy under the ATA.

The D.C. Circuit in *Halberstam* reviewed the common law, state and federal cases, and treatises to determine that three necessary elements: 1) the party the defendant aids performs a wrongful act causing injury; 2) the defendant is generally aware of his role as part of an illegal or tortious activity at the time of the assistance; and 3) the defendant knowingly and substantially assists the violation. *Id.* at 486. Plaintiffs must also allege the defendant "reached an agreement" with the tort-feasor to establish conspiracy. *See Gonzalez v. Google LLC*, 598 U.S. 617, 622 (2023). To determine "substantial" assistance, courts review six non-dispositive factors: "(1) 'the nature of the act assisted,' (2) the 'amount of assistance' provided, (3) whether the defendant was 'present at the time' of the principal tort, (4) the defendant's 'relation to the tortious actor,' (5) the 'defendant's state of mind,' and (6) the 'duration of the assistance' given." *Taamneh*, 598 U.S. at 485 (quoting *Halbertsam*, 705 F.2d at 488). These factors are not "immutable components." Instead, they require that courts engage in fact-specific reviews to determine whether each defendant is liable for conspiring to commit a tort. *Id.* at 487.

Plaintiffs fail to allege that Dr. Abuirshaid "reached an agreement" with any terrorist organization or actor, and therefore fail to establish conspiracy liability under the ATA. Plaintiffs' conclusory allegation that "Defendants entered into a

10

conspiracy with one another and with Hamas" does not suffice to meet their burden. FAC ¶ 460. Plaintiffs' rote regurgitation of the elements of a conspiracy claim is exactly the kind of pleading that fails under Rule 12(b)(6). *See generally id.* ¶¶ 459-67; *see also Lavi,* 2025 U.S. Dist. LEXIS 153757, at *23. (Finding a conspiracy claim insufficient where the plaintiffs failed to plead that two members of the supposed conspiracy ever interacted). As described in more detail above, Plaintiffs' failure to specifically allege any act by Dr. Abuirshaid that furthered the objectives of a terrorist organization dooms Plaintiffs' claim for conspiracy against him.

## C. Plaintiffs' Claim Against Dr. Abuirshaid for Material Support Fail

Plaintiffs fail to state a claim for relief under their Third Cause of Action, for material support liability, against Dr. Abuirshaid. Plaintiffs merely recite the elements of the claim, and fail to allege facts establishing any support of terrorist acts or organizations by Dr. Abuirshaid. Merely disliking Dr. Abuirshaid's speech and associations cannot support Plaintiffs' claim for relief, and Plaintiffs do not plead any examples of unprotected speech. Dr. Abuirshaid, therefore, respectfully requests this Court therefore dismiss Plaintiffs' Third Cause of Action in full, and with prejudice.

The ATA criminalizes "provid[ing] material support or resources to a foreign terrorist organization." 18 U.S.C. § 2339B. It also provides a vehicle for civil liability as described above. Plaintiffs may bring a civil cause of action based on

facts that establish a violation of the criminal provisions. *Taamneh v. Twitter*, 343 F. Supp. 3d 904, 910 (N.D. Cal. 2018), *rev'd* on different grounds. However, to bring a claim under the civil provisions of the ATA, which require injury "by reason of an act of international terrorism," courts across the country require plaintiffs to show proximate causation between the defendant's alleged material support and the specific harm to the plaintiff. *Id.* at 912 (citing *Fields v. Twitter, Inc.*, 881 F.3d 739, 744 (9th Cir. 2018)) (highlighting that "a plaintiff must show at least *some direct relationship* between the injuries that he or she suffered and the defendant's acts") (emphasis in original); *see also Newman v. AP*, 758 F. Supp. 3d 1357, 1380 (S.D. Fla. 2024) (requiring plaintiffs to establish "the defendant's acts were a 'substantial factor' in the sequence of events leading to the plaintiff's injuries"); *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018) (recognizing the plaintiff's injuries must be "reasonably foreseeable or anticipated as a natural consequence" of the defendant's actions).

Florida law explains that "harm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Colon v. Twitter, Inc.*, 14 F.4th 1213, 1224 (11th Cir. 2021) (quoting *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So.3d 977, 982 (Fla. 2018)). Without plausibly alleging that

Dr. Abuirshaid's actions proximately caused Plaintiffs' harm, their direct liability claims meet the same fate as their indirect claims.

Merely concluding for themselves that defendants provided material support in violation of the ATA does not suffice to meet Plaintiffs' pleading burden. *See Riley v. HSBC Bank PLC*, Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176, at *1 n.1 (M.D. Fla. July 30, 2018). Plaintiffs plead no acts by Dr. Abuirshaid that "prudent human foresight" would predict could cause Plaintiffs' harms. *Colon*, 14 F.4th at 1224. Plaintiffs' allegations that "Defendants… serv[e] as the U.S. student arms of Hamas" and that "Defendants serve and continue to serve Hamas's agenda by encouraging and perpetrating the terrorizing of Jewish students on college campuses" fail to establish the necessary proximate cause, just as they fail to support indirect liability. FAC ¶ 483. Even when taken as true, these allegations do nothing to show that Dr. Abuirshaid provided any sort of "personnel or service to Hamas, rather than independent advocacy." *See Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, Case No.: 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645, at *22 (D. Nev. May 5, 2025). Without any allegations that Dr. Abuirshaid took actions proximately causing Plaintiffs' harms, Plaintiffs' Complaint fails.

**D.    The First Amendment Precludes Liability**

In reality, Plaintiffs only allege Dr. Abuirshaid's protected speech and association, suppression of which violates the First Amendment. The Supreme Court determined that even offensive speech and conduct cannot give rise to tort claims, where a claim cites speech alone on "matters of public import." *Snyder v. Phelps*, 562 U.S. 443, 456 (2011). Even speech that includes intimidation, coercion, and threats of boycotts warrants First Amendment protections. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 907 (1982). Here, Plaintiffs assert speech by Dr. Abuirshaid that they disagree with, and no more. Disagreeable speech does not negate the protection of the First Amendment; in fact, constitutional protections prove even more important in that context. Plaintiffs cannot hold Dr. Abuirshaid liable for mere speech they dislike, under any claim, without asking this Court to trample the inherent meaning of the First Amendment.

## V.    CONCLUSION

Dr. Abuirshaid earned his recognition as a highly educated individual and expert in academia in his areas of study. He deserves better than the dismissive and offensive characterizations in which Plaintiffs cast his many accomplishments. Plaintiffs hope this Court will afford them a broad enough brush to punish both Dr. Abuirshaid's professional focus and his expressive viewpoint, by labeling his lawful

actions within the United States as "anti-American." Yet neither the Constitution of the United States nor governing legal precedent supports that ask.

Plaintiffs fail to plead facts sufficient to establish liability under the ATA either directly or indirectly. Plaintiffs do not allege that Dr. Abuirshaid had any involvement with any terrorist organization or any prior knowledge of any terrorist attack that harmed Plaintiffs. Plaintiffs allege no act by Dr. Abuirshaid that substantially assisted any terrorist act that caused their injuries in any way. Plaintiffs merely disagree with Dr. Abuirshaid's views and work. They have the right to do so. They do not, however, have the right to equate his legal and protected speech with the allegations of illegal behavior lobbed against him. Plaintiffs' claims against Dr. Abuirshaid fail entirely under the law; therefore, he respectfully requests that this Court dismiss Plaintiffs' claims against him in their entirety, and with prejudice.

DATED: August 15, 2025

Respectfully Submitted,

*/s/ Christina A. Jump*
Christina A. Jump*
(admitted *pro hac vice*)
Samira S. Elhosary
(admitted *pro hac vice*)
Christina A. Boyd
(admitted *pro hac vice*)
Constitutional Law Center
for Muslims in America**
100 N. Central Expy. Suite 1010

15

Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
ali.boyd@mlfa.org

COUNSEL FOR DR. OSAMA
ABUIRSHAID

*Lead Counsel

**The Constitutional Law Center for
Muslims in America is the legal division of
the Muslim Legal Fund of America

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of August, 2025, I
electronically filed the foregoing with the Clerk of Court using the CM/ECF system,
which will send notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*

COUNSEL FOR DEFENDANT

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that counsel for Defendants conferred with
Plaintiffs' counsel, who stated that Plaintiffs oppose this Motion.

*/s/ Christina A. Jump*