# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MAURICE SHNAIDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE, *et al.*, <br><br> Defendants. | CASE NO. 8:24-CV-01067-MSS-SPF |

## MUNJED AHMAD'S 12(b)(6) MOTION TO DISMISS

Defendant Munjed Ahmad ("Mr. Ahmad")[1] respectfully requests that this Court dismiss Plaintiffs' claims against him in full, with prejudice. Plaintiffs fail to plead facts sufficient to state any claim under the Anti-Terrorism Act ("ATA"). As no facts exist that could create a claim against Mr. Ahmad, amendment would be futile, and this Court may properly dismiss Plaintiffs' claims with prejudice. The attached memorandum of points and authorities supports this Motion.

---

[1] Plaintiffs misspell Mr. Ahmad's name throughout the Complaint as "Ahmed."

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................ iii

MEMORANDUM IN SUPPORT OF
MUNJED AHMAD'S MOTION TO DISMISS ........................................................... 1

    I.    INTRODUCTION ............................................................................................. 1

    II.   FACTS AND PROCEDURAL HISTORY ...................................................... 2

    III.  STANDARDS OF REVIEW ............................................................................. 3

        A.  Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6) ............................................................................................. 3

        B.  Plaintiffs' Claims Fail Under the Anti-Terrorism Act ............. 4

    IV.  ARGUMENT ..................................................................................................... 6

        A.  Plaintiffs' Claim for Aiding and Abetting Fails ....................... 6

        C.  Plaintiffs' Claim Under the ATA for Conspiracy Fails ........... 9

        D.  Plaintiffs' Claim Against Mr. Ahmad for Material Support Fails as Well .................................................................................. 10

        E.  The First Amendment Precludes Liability ............................... 13

    V.   CONCLUSION ............................................................................................... 14

CERTIFICATE OF SERVICE ................................................................................... 16

LOCAL RULE 3.01(g) CERTIFICATION ............................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Arthur-Rodger v. N. Trust Co.*
  Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878 (M.D. Fla. Jan. 28, 2025)..................................................................................................1

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ...............................................................................................4

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ...............................................................................................3

*Colon v. Twitter, Inc.*
  14 F.4th 1213 (11th Cir. 2021)..............................................................................12

*Fields v. Twitter, Inc.*
  881 F.3d 739 (9th Cir. 2018).................................................................................11

*Gerow v. Newsom*
  No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077 (M.D. Fla May 2, 2024).........3

*Gerwaski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*
  Case No.: 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645 (D. Nev. May 5, 2025)........................................................................................................13

*Gonzalez v. Google LLC*
  598 U.S. 617 (2023) ...............................................................................................9

*Halberstam v. Welch*
  705 F.2d 472 (D.C. Cir. 1983) ..........................................................................9, 10

*Lavi v. UNRWA USA Nat'l Comm., Inc.*
  No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757 (D. Del. Aug. 8, 2025) .....6, 8

*Leisrael v. Educ. for a Just Peace in the Middle E.*
  530 F. Supp. 3d 8 (D.D.C. 2021) ...........................................................................8

*Leisrael v. Educ. for a Just Peace in the Middle E.*
  66 F.4th 1007 (D.C. Cir. 2023) ..........................................................................5, 7

*Manhart v. Wespac Found., Inc.*
  Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019 (N.D. Ill. Aug. 7, 2025)1, 8

*NAACP v. Claiborne Hardware Co.*
  458 U.S. 886 (1982) .............................................................................................13

*Neitzke v. Williams*
   490 U.S. 319 (1989) ...................................................................................................4

*Newman v. AP*
   758 F. Supp. 3d 1357 (S.D. Fla. 2024) ..................................................................11

*Owens v. BNP Paribas, S.A.*
   897 F.3d 266 (D.C. Cir. 2018) ...............................................................................11

*Parizer, et al. v. AJP Educational Foundation, Inc. et al.*
   No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025) ......................................6

*Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*
   711 F.2d 989 (11th Cir. 1983) .................................................................................3

*Riley v. HSBC Bank PLC*
   Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176 (M.D. Fla. July 30, 2018) .........................................................................................................12

*Rivera v. Liberty Mut. Fire Ins. Co.*
   Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930 (M.D. Fla. July 1, 2025) .............................................................................................................4

*Rosemond v. United States*
   572 U.S. 65 (2014) ...................................................................................................5

*Ruiz v. Tenet Hialeah Healthsystem, Inc.*
   260 So.3d 977 (Fla. 2018) ......................................................................................12

*Snyder v. Phelps*
   562 U.S. 443 (2011) ...............................................................................................13

*Taamneh v. Twitter*
   343 F. Supp. 3d 904 (N.D. Cal. 2018) ...................................................................11

*Twitter, Inc. v. Taamneh*
   598 U.S. 471 (2023) ................................................................................... 5, 8, 9, 10

## **Statutes**

18 U.S.C. § 2331(1) .........................................................................................................4

18 U.S.C. § 2333(a) ................................................................................................. 4, 5, 6

18 U.S.C. § 2339B .........................................................................................................10

## MEMORANDUM IN SUPPORT OF
## <u>MUNJED AHMAD'S MOTION TO DISMISS</u>

Defendant Munjed Ahmad presents the following in support of his Motion to Dismiss, and respectfully requests that this Court dismiss the claims against him in full, with prejudice.[2]

### I.  INTRODUCTION

Mr. Ahmad is an attorney in Wisconsin, who has practiced law for over twenty years. He actively gives back to his community, including his local mosque. Mr. Ahmad also co-founded American Muslims for Palestine ("AMP") and remains involved with the organization ever since its creation in 2006. This membership, and his related constitutionally protected speech and association, form the basis of Plaintiffs attempt to hold Mr. Ahmad responsible for the harms they suffered. But Plaintiffs fail to plead any facts that tie Mr. Ahmad to any terrorist attacks, and their claims therefore fail as a matter of law. Mr. Ahmad respectfully requests this Court dismiss Plaintiffs' claims against him in full, with prejudice.

---

[2] *See Arthur-Rodger v. N. Trust Co.*, Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878, at *30 (M.D. Fla. Jan. 28, 2025) (dismissing a claim with prejudice where the plaintiff could not satisfy an element of the claim even after amendment); *see also Manhart v. Wespac Found., Inc.*, Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019, at * 50 (N.D. Ill. Aug. 7, 2025) (dismissing with prejudice claims against many of the same defendants named in this lawsuit because the court determined the plaintiff's allegations "intended to harass" the defendants).

## II.     FACTS AND PROCEDURAL HISTORY[3]

Plaintiffs are individuals and the relatives of individuals who allege harm resulting from Hamas' October 7, 2023 terrorist attack in Israel and other subsequent terrorist attacks in Israel. *See* First Amended Complaint ("FAC") at ¶¶ 417-452, ECF No. 6 (July 15, 2024). Plaintiffs allege Mr. Ahmad is an AMP board member. *Id.* ¶ 62.

Plaintiffs only allege one specific statement that they attribute to Mr. Ahmad. They allege that at an AMP convention in 2011, Mr. Ahmad stated, "Why AMP? Because AMP is the . . . means to the end. The end is that we will all be in Palestine, a free Palestine. . . [AMP] is the only organization in the United States that has decided to take this challenge under the banner of Islam." *Id.* ¶¶ 122, 194. Plaintiffs allege only that all Defendants must be "accountable … for their egregious acts in conspiring with, aiding and abetting, and providing material support to [Hamas]." *Id.* ¶ 2. They allege that "[i]ndividual defendants," including Mr. Ahmad, "have all conspired with Hamas's terrorist enterprise through their establishment of or participation in activities with one or more of the Defendants." *Id.* ¶ 8. Plaintiffs conclude, "Defendants AMP and AJP became the successors of IAP/AMS and HLF following the *Boim* Judgment," and subsequently sought to "infiltrate the minds of

---

[3] As most of Plaintiffs' allegations in their 210-page Complaint do not relate to Mr. Ahmad, he addresses only the allegations Plaintiffs assert against him.

2

the young and easily influenced," facilitated by individual Defendants including Mr. Ahmad. *Id.* ¶ 406. Finally, Plaintiffs allege "the twelve individual defendants," including Mr. Ahmad, "are also part of the Hamas Conspiracy by virtue of their active involvement with and support of Hamas." *Id.* ¶ 407.

Plaintiffs filed this claim on May 2, 2024, and amended their complaint on July 15, 2024. ECF Nos. 1, 6. This Court granted Plaintiffs an extension of time to serve Defendants on March 27, 2025. ECF No. 14. Counsel for Mr. Ahmad waived personal service on May 1, 2025. ECF No. 19. Mr. Ahmad subsequently sought two extensions of time to respond to Plaintiffs' Complaint, which this Court granted on June 26, 2025, and August 6, 2025. ECF Nos. 32, 34, 39, 42. This Motion to Dismiss now follows.

### III.   STANDARDS OF REVIEW

#### A.   Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6)

Courts must dismiss a claim if a plaintiff's complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Gerow v. Newsom*, No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077, at *6 (M.D. Fla May 2, 2024) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-64 (2007)). Courts accept well-pleaded facts as true and construe them in the light most favorable to the plaintiff, but should not "assume that the plaintiff can prove facts that were not alleged." *Id.* (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983)). Where "a dispositive legal issue that

precludes relief" exists, courts appropriately dismiss a plaintiff's complaint. *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Courts also need not accept "legal conclusions" as true, nor do "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice to meet a plaintiff's burdens. *Rivera v. Liberty Mut. Fire Ins. Co.*, Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930, at *2 (M.D. Fla. July 1, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## B. Plaintiffs' Claims Fail Under the Anti-Terrorism Act

The Anti-Terrorism Act ("ATA") creates a cause of action for U.S. nationals injured in their "person, property, or business by reason of an act of international terrorism." 18 U.S.C. § 2333(a). An injured person may also bring suit against, in relevant part, "any person who aids and abets, by knowingly providing substantial assistance, or who conspires with" a designated foreign terrorist organization that committed the act of international terrorism. *Id*. § 2333(d)(2). U.S. national plaintiffs must first establish themselves as "injured in his or her person, property, or business by reason of an act of international terrorism." *Id*. § 2333(a); *see also* 18 U.S.C. § 2331(1) (defining an act of "international terrorism" as used in the statute).

To establish aiding and abetting liability under the ATA, plaintiffs must allege their injury arose "from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist

4

organization," and that the alleged aider/abettor "knowingly provided substantial assistance" to that act. *Id*. § 2333(d). A plaintiff must establish that the defendant who allegedly aided or abetted took "some 'affirmative act' 'with the intent of facilitating the offense's commission.'" *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490 (2023) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)). Plaintiffs also bear the burden to establish that defendants were "generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance." *Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023). Plaintiffs must show that each defendant "knowingly and substantially assist[ed] the principal violation." *Id.* Finally, Plaintiffs must allege facts showing the relevant assistance to be both substantial and that it significantly enhanced the terrorist organization's ability to carry out those activities. *Taamneh*, 598 U.S. at 495 (finding insufficient the claim that a defendant assisted a "transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it").

## IV. ARGUMENT

### A. Plaintiffs' Claim for Aiding and Abetting Fails[4]

Plaintiffs fail to meet their high burden to establish aiding and abetting liability for Mr. Ahmad under the ATA. Plaintiffs must plead that 1) an act of international terrorism harmed them; 2) Mr. Ahmad knowingly provided assistance to the harmful act; and 3) Mr. Ahmad provided substantial assistance to the harmful act. 18 U.S.C. § 2333(a) and (d); *see also Lavi v. UNRWA USA Nat'l Comm., Inc.*, No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757, at *4 (D. Del. Aug. 8, 2025). Plaintiffs fail to allege facts sufficient to meet at least two of those three requirements. While Plaintiffs allege acts of international terrorism harmed them, they do not allege a single act by Mr. Ahmad that provided any assistance to those acts. This failure proves fatal to Plaintiffs' ATA aiding and abetting claim. *See* Memorandum Opinion and Order at 47-48, *Parizer, et al. v. AJP Educational Foundation, Inc. et al.*, No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025), ECF No. 161 (finding that broad assertions do not suffice to state an ATA claim and dismissing in full).

---

[4] Though Plaintiffs' Complaint lists a Cause of Action for Conspiracy before a Cause of Action for Aiding and Abetting, more robust case law exists for aiding and abetting, which courts also then apply to claims for conspiracy. For this Court's convenience, Mr. Ahmad therefore provides his argument for the aiding and abetting claim prior to his analysis for the conspiracy claim.

The Supreme Court limits aiding and abetting liability under the ATA to "truly culpable conduct," meaning "conscious, voluntary, and culpable participation in another's wrongdoing." *Taamneh*, 598 U.S. at 490. Plaintiffs must therefore allege facts establishing three elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as a part of an overall illegal or tortious activity at the time he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023), *cert. denied*, 144 S. Ct. 713; *see also Lavi*, 2025 U.S. Dist. LEXIS 153757, at *6 (highlighting the importance of demonstrating a nexus between the harm and any alleged assistance).

Plaintiffs fail to allege any "role as part of an overall illegal or tortious activity" by Mr. Ahmad. *Leisrael*, 66 F.4th at 1016. The only specific action Plaintiffs attribute to Mr. Ahmad is a statement they allege he made at a conference in 2011. FAC ¶¶ 122, 194.[5] Plaintiffs cannot hold Mr. Ahmad liable under the ATA for speech alone, nor for his association with an organization that operates legally and entirely within the United States. *See, e.g., id.* ¶ 406. Even the content of the sole allegation against Mr. Ahmad makes clear that his – and AMP's – actions cannot

---

[5] *See also Manhart*, 2025 U.S. Dist. LEXIS 152019, at *42 ("The [Complaint] is rife with allegations that are irrelevant to Plaintiff's stated caused of action and which are only a hair's breadth away from calling Defendants terrorists…").

7

properly form the basis for liability under the ATA. Plaintiffs fail to plead even the extent of Mr. Ahmad's associations with the organizational Defendants, beyond his status as a board member of AMP, let alone how he connects to any allegedly nefarious acts. *Id.* ¶ 62; *see also Manhart*, 2025 U.S. Dist. LEXIS 152019, at *42-43 (finding the inflammatory allegations that the defendants acted "as Hamas's propaganda arm in the United States" demonstrated the plaintiff's improper purpose of harassing defendants). Plaintiffs do not plead any facts to meet their burden to connect Mr. Ahmad to a specific act of terrorism that injured the plaintiffs. *See Taamneh*, 598 U.S. 497, 503; *Lavi*, 2025 U.S. Dist. LEXIS 153757, at *10 (finding allegations in the complaint must support a reasonable conclusion of awareness). Instead, Plaintiffs ask this Court to make irrational assumptions based simply on Mr. Ahmad's protected speech and associations. The law does not impose liability for that.

Plaintiffs also fail to allege facts sufficient to show Mr. Ahmad provided any assistance to any terrorist actor, and therefore also cannot meet the "substantial" standard of the test. A generalized role that fails to allege the defendant was "one in spirit" with the terrorist organization does not suffice. *See Leisrael v. Educ. for a Just Peace in the Middle E.*, 530 F. Supp. 3d 8, 15 (D.D.C. 2021) (collecting cases). Plaintiffs in this case allege no more than that Mr. Ahmad spoke at a conference and is associated with an American nonprofit organization. Plaintiffs' claim against Mr.

8

Ahmad for aiding and abetting fails entirely and therefore warrants dismissal with prejudice.

**B.     Plaintiffs' Claim Under the ATA for Conspiracy Fails**

Plaintiffs fail to allege facts sufficient to properly state a claim against Mr. Ahmad for conspiracy under the ATA. Congress specifically pointed to the D.C. Circuit's opinion in *Halberstam v. Welch* as "providing the proper legal framework" for conspiracy liability under the ATA. *Taamneh*, 598 U.S. at 485 (citing 705 F.2d 472 (D.C. Cir. 1983)). Here, Plaintiffs fail to plead facts that speak to any of the *Halberstam* factors, and therefore fail to support their claim for conspiracy under the ATA.

The D.C. Circuit in *Halberstam* reviewed the common law, state and federal cases, and treatises to determine three necessary elements: 1) the party the defendant aids performs a wrongful act causing injury; 2) the defendant is generally aware of his role as part of an illegal or tortious activity at the time of the assistance; and 3) the defendant knowingly and substantially assists the violation. *Id.* at 486. Plaintiffs must also allege the defendant "reached an agreement" with the tort-feasor to establish conspiracy. *See Gonzalez v. Google LLC*, 598 U.S. 617, 622 (2023). To determine "substantial" assistance, courts review six non-dispositive factors: "(1) 'the nature of the act assisted,' (2) the 'amount of assistance' provided, (3) whether the defendant was 'present at the time' of the principal tort, (4) the defendant's

9

'relation to the tortious actor,' (5) the 'defendant's state of mind,' and (6) the 'duration of the assistance' given." *Taamneh*, 598 U.S. at 485 (quoting *Halbertsam*, 705 F.2d at 488). These factors are not "immutable components." Instead, they require that courts engage in fact-specific reviews to determine whether each defendant is liable for conspiring to commit a tort. *Id.* at 487.

Plaintiffs fail to allege that Mr. Ahmad "reached an agreement" with any terrorist organization or actor, and therefore fail to establish conspiracy liability under the ATA. Plaintiffs' conclusory allegation that "Defendants entered into a conspiracy with one another and with Hamas" does not suffice to meet their burden. FAC ¶ 460. Plaintiffs' rote recitation of the elements of a conspiracy claim is precisely the kind of pleading that fails under Rule 12(b)(6). *See generally id.* ¶¶ 459-67; *see also Lavi,* 2025 U.S. Dist. LEXIS 153757, at *23 (finding a conspiracy claim insufficient where the plaintiffs failed to plead that two members of the supposed conspiracy ever interacted). As described above, Plaintiffs' failure to specifically allege any act by Mr. Ahmad that furthered the objectives of a terrorist organization dooms Plaintiffs' claim for conspiracy against him.

**C.   Plaintiffs' Claim Against Mr. Ahmad for Material Support Fails as Well**

Plaintiffs fail to state a claim for relief under their Third Cause of Action, for material support liability, against Mr. Ahmad. Plaintiffs only recite the elements of the claim, and fail to allege facts establishing any support of terrorist acts or

10

organizations by Mr. Ahmad. Merely disliking Mr. Ahmad's speech and associations cannot support Plaintiffs' claim for relief, and Plaintiffs do not plead any examples of unprotected speech. This Court may therefore dismiss Plaintiffs' Third Cause of Action in full, and with prejudice.

The ATA criminalizes "provid[ing] material support or resources to a foreign terrorist organization." 18 U.S.C. § 2339B. It also provides a vehicle for civil liability as described above. Plaintiffs may bring a civil cause of action based on facts that establish a violation of the criminal provisions. *Taamneh v. Twitter*, 343 F. Supp. 3d 904, 910 (N.D. Cal. 2018), *rev'd* on different grounds. However, to bring a claim under the civil provisions of the ATA, which require injury "by reason of an act of international terrorism," courts across the country require plaintiffs to show proximate causation between a defendant's alleged material support and the specific harm to the plaintiff. *Id.* at 912 (citing *Fields v. Twitter, Inc.*, 881 F.3d 739, 744 (9th Cir. 2018)) (highlighting that "a plaintiff must show at least *some direct relationship* between the injuries that he or she suffered and the defendant's acts") (emphasis in original); *see also Newman v. AP*, 758 F. Supp. 3d 1357, 1380 (S.D. Fla. 2024) (requiring plaintiffs to establish that "the defendant's acts were a 'substantial factor' in the sequence of events leading to the plaintiff's injuries"); *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018) (recognizing the plaintiff's injuries must

11

be "reasonably foreseeable or anticipated as a natural consequence" of the defendant's actions).

Florida law explains that "harm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Colon v. Twitter, Inc.*, 14 F.4th 1213, 1224 (11th Cir. 2021) (quoting *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So.3d 977, 982 (Fla. 2018)). Without plausibly alleging that Mr. Ahmad's actions proximately caused Plaintiffs' harm, their direct liability claims meet the same fate as their indirect claims.

Merely concluding for themselves that defendants provided material support in violation of the ATA does not suffice to meet Plaintiffs' pleading burden. *See Riley v. HSBC Bank PLC*, Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176, at *1 n.1 (M.D. Fla. July 30, 2018). Plaintiffs plead no acts by Mr. Ahmad that "prudent human foresight" would predict could cause Plaintiffs' harm. *Colon*, 14 F.4th at 1224. Plaintiffs' allegations that "Defendants… serv[e] as the U.S. student arms of Hamas" and that "Defendants serve and continue to serve Hamas's agenda by encouraging and perpetrating the terrorizing of Jewish students on college campuses" fail to establish the necessary proximate cause, just as they fail to support indirect liability. FAC ¶ 483. Even taken as true, these allegations do nothing to show that Mr. Ahmad provided any "personnel or service to Hamas,

12

rather than independent advocacy." *See Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, Case No.: 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645, at *22 (D. Nev. May 5, 2025). Without any allegations that Mr. Ahmad took actions that proximately caused Plaintiffs' harms, Plaintiffs' Complaint fails.

**D. The First Amendment Precludes Liability**

In reality, Plaintiffs only allege Mr. Ahmad's protected speech and association, suppression of which violates the First Amendment. The Supreme Court determined that even offensive speech and conduct cannot give rise to tort claims, where a claim cites speech alone on "matters of public import." *Snyder v. Phelps*, 562 U.S. 443, 456 (2011). Even speech that includes intimidation, coercion, and threats of boycotts warrants First Amendment protections. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 907 (1982). Here, Plaintiffs assert speech by Mr. Ahmad that they disagree with, and no more. Disagreeable speech does not negate the protection of the First Amendment; in fact, constitutional protections prove even more important in that context. Plaintiffs cannot hold Mr. Ahmad liable for mere speech they dislike, under any claim, without asking this Court to trample the inherent meaning of the First Amendment.

## V.     CONCLUSION

Plaintiffs' failure to allege any more than one protected statement by Mr. Ahmad to support their claims against him underscores the inherent weakness of their claims. Plaintiffs hope this Court will overlook the protections provided by the First Amendment to all Americans, and allow this absurd theory of liability to succeed. Yet neither the Constitution of the United States nor governing legal precedent supports that ask.

Plaintiffs fail to plead facts sufficient to establish liability of Mr. Ahmad under the ATA either directly or indirectly. Plaintiffs do not allege that Mr. Ahmad had any involvement with any terrorist organization or any prior knowledge of any terrorist attack that harmed Plaintiffs. Plaintiffs allege no act by Mr. Ahmad that substantially assisted any terrorist act that caused their injuries in any way. Plaintiffs merely disagree with Mr. Ahmad's views and his work. They have the right to do so. They do not have the right to equate his legal and protected speech with the allegations lobbed against him in this lawsuit. Plaintiffs' claims against Mr. Ahmad fail entirely under the law; he therefore respectfully requests that this Court dismiss Plaintiffs' claims against him in their entirety, and with prejudice.

DATED: August 15, 2025

                    Respectfully Submitted,

                    */s/Christina A. Jump*
                    Christina A. Jump*
                    (admitted *pro hac vice*)
                    Samira S. Elhosary
                    (admitted *pro hac vice*)
                    Christina A. Boyd
                    (admitted *pro hac vice*)
                    Constitutional Law Center
                    for Muslims in America**
                    100 N. Central Expy. Suite 1010
                    Richardson, Texas 75080
                    Tel: (972) 914-2507
                    Fax: (972) 692-7454
                    cjump@clcma.org
                    selhosary@clcma.org
                    ali.boyd@mlfa.org

                    COUNSEL FOR MUNJED AHMAD

                    **Lead Counsel*

                    **The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

15

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*

COUNSEL FOR DEFENDANT

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that counsel for Defendants conferred with Plaintiffs' counsel, who stated that Plaintiffs oppose this Motion.

*/s/ Christina A. Jump*