# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

MAURICE SHNAIDER, *et al.*,

    Plaintiffs,

v.

AMERICAN MUSLIMS FOR PALESTINE, *et al.*,

    Defendants.

CASE NO. 8:24-CV-01067-MSS-SPF

## **SHAKEEL SYED'S 12(b)(6) MOTION TO DISMISS**

Defendant Shakeel Syed ("Mr. Syed")[1] respectfully requests that this Court dismiss Plaintiffs' claims against him in full, with prejudice. Plaintiffs fail to plead facts sufficient to state any claim under the Anti-Terrorism Act ("ATA"). As no facts exist that could create a claim against Mr. Syed, amendment would be futile, and this Court may properly dismiss Plaintiffs' claims with prejudice. The attached memorandum of points and authorities supports this Motion.

---

[1] Plaintiffs misspell Mr. Syed's name throughout the Complaint as "Sayed."

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... ii

TABLE OF AUTHORITIES ....................................................................................... iii

MEMORANDUM IN SUPPORT OF
SHAKEEL SYED'S MOTION TO DISMISS ............................................................. 1

    I.     INTRODUCTION ............................................................................. 1

    II.    FACTS AND PROCEDURAL HISTORY ...................................... 2

    III.   STANDARDS OF REVIEW ............................................................ 3

           A.  Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 3

           B.  Plaintiffs' Claims Fail Under the Anti-Terrorism Act ... 4

    IV.   ARGUMENT ..................................................................................... 5

           A.  Plaintiffs' Claim for Aiding and Abetting Fails ............. 5

           C.  Plaintiffs' Claim Under the ATA for Conspiracy Fails . 8

           D.  Plaintiffs' Claim Against Mr. Syed for Material Support Fails as Well ................................................................. 10

           E.  The First Amendment Precludes Liability ................... 12

    V.    CONCLUSION ............................................................................... 13

CERTIFICATE OF SERVICE .................................................................................. 15

LOCAL RULE 3.01(g) CERTIFICATION ............................................................. 15

## TABLE OF AUTHORITIES

**Cases**

*Arthur-Rodger v. N. Trust Co.*
  Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878 (M.D. Fla. Jan. 28, 2025).................................................................................................1

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .................................................................................................4

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) .................................................................................................3

*Colon v. Twitter, Inc.*
  14 F.4th 1213 (11th Cir. 2021)...............................................................................11

*Fields v. Twitter, Inc.*
  881 F.3d 739 (9th Cir. 2018)..................................................................................10

*Gerow v. Newsom*
  No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077 (M.D. Fla. May 2, 2024)........3

*Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*
  Case No.: 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645 (D. Nev. May 5, 2025)........................................................................................................12

*Gonzalez v. Google LLC*
  598 U.S. 617 (2023) .................................................................................................9

*Halberstam v. Welch*
  705 F.2d 472 (D.C. Cir.1983) ..............................................................................8, 9

*Lavi v. UNRWA USA Nat'l Comm., Inc.*
  No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757 (D. Del. Aug. 8, 2025)  6, 7, 9

*Leisrael v. Educ. for a Just Peace in the Middle E.*
  530 F. Supp. 3d 8 (D.D.C. 2021) ............................................................................8

*Leisrael v. Educ. for a Just Peace in the Middle E.*
  66 F.4th 1007 (D.C. Cir. 2023) ...........................................................................5, 7

*Manhart v. Wespac Found., Inc.*
  Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019 (N.D. Ill. Aug. 7, 2025)
  ..............................................................................................................................1, 7

*NAACP v. Claiborne Hardware Co.*
  458 U.S. 886 (1982) ...............................................................................................12

*Neitzke v. Williams*
  490 U.S. 319 (1989) ...................................................................................................4

*Newman v. AP*
  758 F. Supp. 3d 1357 (S.D. Fla. 2024)......................................................................11

*Owens v. BNP Paribas, S.A.*
  897 F.3d 266 (D.C. Cir. 2018) ..................................................................................11

*Parizer, et al. v. AJP Educational Foundation, Inc. et al.*
  No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025)...........................................6

*Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*
  711 F.2d 989 (11th Cir. 1983)....................................................................................3

*Riley v. HSBC Bank PLC*
  Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176 (M.D. Fla. July 30, 2018) ..........................................................................................................11

*Rivera v. Liberty Mut. Fire Ins. Co.*
  Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930 (M.D. Fla. July 1, 2025) ..............................................................................................................4

*Rosemond v. United States*
  572 U.S. 65 (2014) .....................................................................................................5

*Ruiz v. Tenet Hialeah Healthsystem, Inc.*
  260 So.3d 977 (Fla. 2018) ........................................................................................11

*Snyder v. Phelps*
  562 U.S. 443 (2011) .................................................................................................12

*Taamneh v. Twitter*
  343 F. Supp. 3d 904 (N.D. Cal. 2018)......................................................................10

*Twitter, Inc. v. Taamneh*
  598 U.S. 471 (2023) ........................................................................................ passim

## **Statutes**

18 U.S.C. § 2333(a) ..........................................................................................................4, 6

18 U.S.C. § 2339B .............................................................................................................10

iv

# MEMORANDUM IN SUPPORT OF
# SHAKEEL SYED'S MOTION TO DISMISS

Defendant Shakeel Syed presents the following in support of his Motion to Dismiss, and respectfully requests that this Court dismiss the claims against him in full, with prejudice.[2]

## I.  INTRODUCTION

Mr. Syed is a community activist in California who presently works as the Executive Director of the South Asian Network. He serves on the boards of several nonprofit organizations, one among them being American Muslims for Palestine ("AMP"). This membership, and his related constitutionally protected speech and association, form the basis of Plaintiffs attempt to hold Mr. Syed responsible for the harms they suffered. But Plaintiffs fail to plead any facts that tie Mr. Syed to any terrorist attacks, and their claims therefore fail as a matter of law. Mr. Syed respectfully requests this Court dismiss Plaintiffs' claims against him in full, with prejudice.

---

[2] *See Arthur-Rodger v. N. Trust Co.*, Case No: 8:23-cv-2551-MSS-TGW, 2025 U.S. Dist. LEXIS 14878, at *30 (M.D. Fla. Jan. 28, 2025) (dismissing a claim with prejudice where the plaintiff could not satisfy an element of the claim even after amendment); *see also Manhart v. Wespac Found., Inc.*, Case No. 24-cv-08209, 2025 U.S. Dist. LEXIS 152019, at * 50 (N.D. Ill. Aug. 7, 2025) (dismissing with prejudice claims against many of the same defendants named in this lawsuit because the court determined the plaintiff's allegations were "intended to harass" the defendants).

1

## II.     FACTS AND PROCEDURAL HISTORY[3]

Plaintiffs are individuals and the relatives of individuals who allege harm resulting from Hamas' October 7, 2023 terrorist attack in Israel, and other subsequent terrorist attacks in Israel. *See* First Amended Complaint ("FAC") at ¶¶ 417-452. Plaintiffs allege Mr. Syed is an AMP board member. *Id.* ¶ 61. They plead no other specific facts about Mr. Syed, and subsequently only include his name in the First Amended Complaint when listing all other defendants, for a total of four additional times. *Id.* ¶¶ 2, 8, 406, 407

Plaintiffs allege only that all Defendants must be "accountable … for their egregious acts in conspiring with, aiding and abetting, and providing material support to [Hamas]." *Id.* ¶ 2. They allege that "[i]ndividual defendants," including Mr. Syed, "have all conspired with Hamas's terrorist enterprise through their establishment of or participation in activities with one or more of the Defendants." *Id.* ¶ 8. Plaintiffs conclude that "Defendants AMP and AJP became the successors of IAP/AMS and HLF following the *Boim* Judgment," and subsequently sought to "infiltrate the minds of the young and easily influenced," facilitated by individual Defendants including Mr. Syed. *Id.* ¶ 406. Finally, Plaintiffs allege that "the twelve

---

[3] As most of Plaintiffs' allegations in their 210-page Complaint do not relate to Mr. Syed, he addresses only the allegations Plaintiffs assert against him.

2

individual defendants," including Mr. Syed, "are also part of the Hamas Conspiracy by virtue of their active involvement with and support of Hamas." *Id.* ¶ 407.

Plaintiffs filed this claim on May 2, 2024, and amended their complaint on July 15, 2024. ECF Nos. 1, 6. This Court granted Plaintiffs an extension of time to serve Defendants on March 27, 2025. ECF No. 14. Counsel for Mr. Syed waived personal service on May 1, 2025. ECF No. 21. Mr. Syed subsequently sought two extensions of time to respond to Plaintiffs' Complaint, which this Court granted on June 26, 2025, and August 6, 2025. ECF Nos. 32, 34, 39, 42. This Motion to Dismiss now follows.

### III. STANDARDS OF REVIEW

#### A. Plaintiffs Fail to Satisfy Federal Rule of Civil Procedure 12(b)(6)

Courts must dismiss a claim if a plaintiff's complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Gerow v. Newsom*, No. 8:22-cv-2976, 2024 U.S. Dist. LEXIS 80077, at *6 (M.D. Fla. May 2, 2024) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-64 (2007)). Courts accept well-pleaded facts as true and construe them in the light most favorable to the plaintiff, but should not "assume that the plaintiff can prove facts that were not alleged." *Id.* (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983)). Where "a dispositive legal issue that precludes relief" exists, courts appropriately dismiss a plaintiff's complaint. *Id.*

3

(citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Courts also need not accept "legal conclusions" as true, nor do "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice to meet a plaintiff's burdens. *Rivera v. Liberty Mut. Fire Ins. Co.*, Case No. 6:25-cv-845-CEM-DCI, 2025 U.S. Dist. LEXIS 124930, at *2 (M.D. Fla. July 1, 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.     Plaintiffs' Claims Fail Under the Anti-Terrorism Act**

The Anti-Terrorism Act ("ATA") creates a cause of action for U.S. nationals injured in their "person, property, or business by reason of an act of international terrorism." 18 U.S.C. § 2333(a). An injured person may also bring suit against, in relevant part, "any person who aids and abets, by knowingly providing substantial assistance, or who conspires with" a designated foreign terrorist organization that committed the act of international terrorism. *Id*. § 2333(d)(2). U.S. national plaintiffs must first establish themselves as "injured in his or her person, property, or business by reason of an act of international terrorism." *Id*. § 2333(a); *see also* 18 U.S.C. § 2331(1) (defining an act of "international terrorism" as used in the statute).

To establish aiding and abetting liability under the ATA, plaintiffs must allege their injury arose "from an act of international terrorism committed, planned, or authorized by an organization that had been designated as a foreign terrorist organization," and that the alleged aider/abettor "knowingly provided substantial

4

assistance" to that act. *Id*. § 2333(d). A plaintiff must establish that the defendant who allegedly aided or abetted took "some 'affirmative act' 'with the intent of facilitating the offense's commission.'" *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490 (2023) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)). Plaintiffs also bear the burden to establish that defendants were "generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance." *Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023). Plaintiffs must show that each defendant must "knowingly and substantially assist[ed] the principal violation." *Id.* Finally, Plaintiffs must allege facts showing the relevant assistance to be both substantial that it and significantly enhanced the terrorist organization's ability to carry out those activities. *Taamneh*, 598 U.S. at 495 (finding insufficient the claim that a defendant assisted a "transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it").

## IV.     ARGUMENT

### A.     Plaintiffs' Claim for Aiding and Abetting Fails[4]

Plaintiffs fail to meet their high burden to establish aiding and abetting liability for Mr. Syed under the ATA. Plaintiffs must plead that 1) an act of

---

[4] Though Plaintiffs' Complaint lists a Cause of Action for Conspiracy before a Cause of Action for Aiding and Abetting, more robust case law exists for aiding and abetting, which courts also then apply to claims for conspiracy. For this Court's convenience, Mr. Syed therefore provides his argument for the aiding and abetting claim prior to his analysis for the conspiracy claim.

5

international terrorism harmed them; 2) Mr. Syed knowingly provided assistance to the harmful act; and 3) Mr. Syed provided substantial assistance to the harmful act. 18 U.S.C. § 2333(a) and (d); *see also Lavi v. UNRWA USA Nat'l Comm., Inc.*, No. 24-312-RGA, 2025 U.S. Dist. LEXIS 153757, at *4 (D. Del. Aug. 8, 2025). Plaintiffs fail to allege facts sufficient to meet at least two of those three requirements. While Plaintiffs allege acts of international terrorism harmed them, they do not allege a single act by Mr. Syed that provided any assistance in those acts. This failure proves fatal to Plaintiffs' ATA aiding and abetting claim. *See* Memorandum Opinion and Order at 47-48, *Parizer, et al. v. AJP Educational Foundation, Inc. et al.*, No. 1:24-cv-00724-RDA-IDD (E.D. Va. Aug. 15, 2025), ECF No. 161 (finding that broad assertions do not suffice to state an ATA claim and dismissing in full).

The Supreme Court limits aiding and abetting liability under the ATA to "truly culpable conduct," meaning "conscious, voluntary, and culpable participation in another's wrongdoing." *Taamneh*, 598 U.S. at 490. Plaintiffs must therefore allege facts establishing three elements: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as a part of an overall illegal or tortious activity at the time he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." *Leisrael v. Educ. for a Just Peace in the Middle E.*,

6

66 F.4th 1007, 1016 (D.C. Cir. 2023), *cert denied*, 144 S. Ct. 713; *see also Lavi*, 2025 U.S. Dist. LEXIS 153757, at *6 (highlighting the importance of demonstrating a nexus between the harm and any alleged assistance).

Plaintiffs fail to allege any "role as part of an overall illegal or tortious activity" by Mr. Syed. *Leisrael*, 66 F.4th at 1016. The only specific actions Plaintiffs attribute to Mr. Syed rest on his role as a board member of AMP. FAC ¶ 61. Plaintiffs cannot hold Mr. Syed liable under the ATA for his speech alone, nor for his association with an organization that operates lawfully and entirely within the United States. *See, e.g., id.* ¶ 406. Plaintiffs fail to plead even the extent of Mr. Syed's role as a board member for AMP, let alone how it connects to any nefarious acts. *See Manhart*, 2025 U.S. Dist. LEXIS 152019, at *43 (finding the inflammatory allegations that the defendants acted "as Hamas's propaganda arm in the United States" demonstrated the plaintiff's improper purpose of harassing defendants). Plaintiffs' complete lack of any allegations regarding Mr. Syed's actions cannot meet their burden to connect Mr. Syed to a specific act of terrorism that injured the plaintiffs. *See Taamneh*, 598 U.S. 497, 503; *Lavi*, 2025 U.S. Dist. LEXIS 153757, at *10 (finding allegations in the complaint must support a reasonable conclusion of awareness). Instead, Plaintiffs ask this Court to make irrational assumptions based simply on Mr. Syed's associations with AMP. The law does not impose liability for that.

7

Plaintiffs also fail to allege facts sufficient to show Mr. Syed provided any assistance to any terrorist actor, and therefore also cannot meet the "substantial" standard of the test. A generalized role that fails to allege the defendant was "one in spirit" with the terrorist organization does not suffice. *See Leisrael v. Educ. for a Just Peace in the Middle E.*, 530 F. Supp. 3d 8, 15 (D.D.C. 2021) (collecting cases). Plaintiffs in this case allege no more than Mr. Syed's affiliation with an American nonprofit organization. Plaintiffs' claim against Mr. Syed for aiding and abetting fails entirely and therefore warrants dismissal with prejudice.

**B.     Plaintiffs' Claim Under the ATA for Conspiracy Fails**

Plaintiffs fail to allege facts sufficient to properly state a claim against Mr. Syed for conspiracy under the ATA. Congress specifically pointed to the D.C. Circuit's opinion in *Halberstam v. Welch* as "providing the proper legal framework" for conspiracy liability under the ATA. *Taamneh*, 598 U.S. at 485 (citing 705 F.2d 472 (D.C. Cir. 1983)). Here, Plaintiffs fail to plead facts that speak to any of the *Halberstam* factors, and therefore fail to support their claim for conspiracy under the ATA.

The D.C. Circuit in *Halberstam* reviewed the common law, state and federal cases, and treatises to determine three necessary elements: 1) the party the defendant aids performs a wrongful act causing injury; 2) the defendant is generally aware of his role as part of an illegal or tortious activity at the time of the assistance; and 3)

8

the defendant knowingly and substantially assists the violation. *Id.* at 486. Plaintiffs must also allege the defendant "reached an agreement" with the tort-feasor to establish conspiracy. *See Gonzalez v. Google LLC*, 598 U.S. 617, 622 (2023). To determine "substantial" assistance, courts review six non-dispositive factors: "(1) 'the nature of the act assisted,' (2) the 'amount of assistance' provided, (3) whether the defendant was 'present at the time' of the principal tort, (4) the defendant's 'relation to the tortious actor,' (5) the 'defendant's state of mind,' and (6) the 'duration of the assistance' given." *Taamneh*, 598 U.S. at 485 (quoting *Halbertsam*, 705 F.2d at 488). These factors are not "immutable components." Instead, they require that courts engage in fact-specific reviews to determine whether each defendant is liable for conspiring to commit a tort. *Id.* at 487.

Plaintiffs fail to allege that Mr. Syed "reached an agreement" with any terrorist organization or actor, and therefore fail to establish conspiracy liability under the ATA. Plaintiffs' conclusory allegation that "Defendants entered into a conspiracy with one another and with Hamas" does not suffice to meet their burden. FAC ¶ 460. Plaintiffs' rote regurgitation of the elements of a conspiracy claim represents precisely the kind of pleading that fails under Rule 12(b)(6). *See generally id.* ¶¶ 459-67; *see also Lavi,* 2025 U.S. Dist. LEXIS 152757, at *23 (finding a conspiracy claim insufficient where the plaintiffs failed to plead that two members of the supposed conspiracy ever interacted). As described above, Plaintiffs' failure

9

to specifically allege any act by Mr. Syed that furthered the objectives of a terrorist organization dooms Plaintiffs' claim for conspiracy against him.

**C.     Plaintiffs' Claim Against Mr. Syed for Material Support Fails as Well**

Plaintiffs fail to state a claim for relief under their Third Cause of Action, for material support liability, against Mr. Syed. Plaintiffs merely recite the elements of the claim, and fail to allege facts establishing any support of terrorist acts or organizations by Mr. Syed. Merely disliking Mr. Syed's role as a board member for AMP cannot support Plaintiffs' claim for relief, and Plaintiffs do not plead any examples of unprotected speech. Mr. Syed, therefore, respectfully requests this Court dismiss Plaintiffs' Third Cause of Action in full, and with prejudice.

The ATA criminalizes "provid[ing] material support or resources to a foreign terrorist organization." 18 U.S.C. § 2339B. It also provides a vehicle for civil liability, as described above. Plaintiffs may bring a civil cause of action based on facts that establish a violation of the criminal provisions. *Taamneh v. Twitter*, 343 F. Supp. 3d 904, 910 (N.D. Cal. 2018), *rev'd* on different grounds. However, to bring a claim under the civil provisions of the ATA, which require injury "by reason of an act of international terrorism," courts across the country require plaintiffs to show proximate causation between a defendant's alleged material support and the specific harm to the plaintiff. *Id.* at 912 (citing *Fields v. Twitter, Inc.*, 881 F.3d 739, 744 (9th Cir. 2018)) (highlighting that "a plaintiff must show at least *some direct relationship*

10

between the injuries that he or she suffered and the defendant's acts") (emphasis in original); *see also Newman v. AP*, 758 F. Supp. 3d 1357, 1380 (S.D. Fla. 2024) (requiring plaintiff to establish "the defendant's acts were a 'substantial factor' in the sequence of events leading to the plaintiff's injuries"); *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018) (recognizing the plaintiff's injuries must be "reasonably foreseeable or anticipated as a natural consequence" of the defendant's actions).

Florida law explains that "harm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *Colon v. Twitter, Inc.*, 14 F.4th 1213, 1224 (11th Cir. 2021) (quoting *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So.3d 977, 982 (Fla. 2018)). Without plausibly alleging that Mr. Syed's actions proximately caused Plaintiffs' harm, their direct liability claims meet the same fate their indirect claims.

Merely concluding for themselves that defendants provided material support in violation of the ATA does not suffice to meet Plaintiffs' pleading burden. *See Riley v. HSBC Bank PLC*, Case No. 8:18-cv-1212-T-23MAP, 2018 U.S. Dist. LEXIS 127176, at *1 n.1 (M.D. Fla. July 30, 2018). Plaintiffs plead no acts by Mr. Syed that "prudent human foresight" would predict could cause Plaintiffs' harms. *Colon*, 14 F.4th at 1224. Plaintiffs' allegations that "Defendants… serv[e] as the

11

U.S. student arms of Hamas" and that "Defendants serve and continue to serve Hamas's agenda by encouraging and perpetrating the terrorizing of Jewish students on college campuses" fail to establish the necessary proximate cause, just as they fail to support indirect liability. FAC ¶ 483. Even when taken as true, these allegations do nothing to show that Mr. Syed provided any "personnel or service to Hamas, rather than independent advocacy." *See Gerwaski v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, Case No.: 2:24-cv-00985-APG-MDC, 2025 U.S. Dist. LEXIS 84645, at *22 (D. Nev. May 5, 2025). Without any allegations that Mr. Syed took actions proximately causing Plaintiffs' harms, Plaintiffs' Complaint fails.

**D.     The First Amendment Precludes Liability**

In reality, Plaintiffs only allege Mr. Syed's protected speech and association, suppression of which violates the First Amendment. The Supreme Court determined that even offensive speech and conduct cannot give rise to tort claims, where a claim cites speech alone on "matters of public import." *Snyder v. Phelps*, 562 U.S. 443, 456 (2011). Even speech that includes intimidation, coercion, and threats of boycotts warrants First Amendment protections. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 907 (1982). Here, Plaintiffs assert speech by Mr. Syed that they disagree with, and no more. Disagreeable speech does not negate the protection of the First Amendment; in fact, constitutional protections prove even more important in that

12

context. Plaintiffs cannot hold Mr. Syed liable for mere speech they dislike, under any claim, without asking this Court to trample the inherent meaning of the First Amendment.

## V. CONCLUSION

Plaintiffs ask this Court to hold Mr. Syed liable for his protected association with AMP, relying on impermissibly vague allegations against "Defendants" as a group. These allegations do not suffice to meet Plaintiffs' burdens under the ATA. Plaintiffs hope this Court overlooks the protections provided by the First Amendment and allow this absurd theory of liability to stand. Yet neither the Constitution of the United States nor the governing legal precedent supports that ask.

Plaintiffs fail to plead facts sufficient to establish liability of Mr. Syed under the ATA either directly or indirectly. Plaintiffs do not allege that Mr. Syed had any involvement with any terrorist organization, or any prior knowledge of any terrorist attacks that harmed Plaintiffs. Plaintiffs allege no act by Mr. Syed that substantially assisted any terrorist act that caused their injuries in any way. Plaintiffs merely disagree with Mr. Syed's views and his work. They have the right to do so. They do not have the right, however, to broadly equate his legal and protected speech with the allegations lobbed against him in this lawsuit. Plaintiffs' claims against Mr. Syed fail entirely under the law; therefore, he respectfully requests this Court dismiss Plaintiffs' claims against him in their entirety, and with prejudice.

DATED: August 15, 2025

                    Respectfully Submitted,

*/s/ Christina A. Jump*
Christina A. Jump*
(admitted *pro hac vice*)
Samira S. Elhosary
(admitted *pro hac vice*)
Christina A. Boyd
(admitted *pro hac vice*)
Constitutional Law Center
for Muslims in America**
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
ali.boyd@mlfa.org

COUNSEL FOR SHAKEEL SYED

*Lead Counsel*

**The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

14

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*

COUNSEL FOR DEFENDANT

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that counsel for Defendants conferred with Plaintiffs' counsel, who stated that Plaintiffs oppose this Motion.

*/s/ Christina A. Jump*

15