## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MAURICE SHNAIDER, et al.,

       Plaintiffs,

    v.                                   Case No: 8:24-cv-01067-MSS-SPF

AMERICAN MUSLIMS FOR
PALESTINE, et al.,

       Defendants.

_____

### ORDER

    **THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion for Alternative Service and Extension of Time to Serve Defendants. (Dkt. 26) In the Motion, Plaintiffs assert that the following Defendants have evaded Plaintiffs' efforts to effectuate personal service on them:

- Defendant Taher Herzallah, individually and in his capacity as campus liaison for Defendant National Students for Justice in Palestine ("NSJP") and as a representative of all named Students for Justice in Palestine ("SJP") chapters identified as Defendants in this action;

- Defendant NSJP;

- Defendant Rafeeq Jaber;

- Defendant Abdullah Akl;

- Defendant Zarefah Baroud; and

- Defendant Nerdeen Kiswani, individually and in her capacity as the chairperson of Defendant Within Our Lifetime. (<u>Id.</u>)

Plaintiffs request the Court authorize service of process on these Defendants as follows:

- For Defendants Taher Herzallah, NSJP, and the Defendant SJP chapters, Plaintiffs request the Court authorize service of process on Defendant Herzallah by certified mail with USPS tracking at the address they believe is his residence. Plaintiffs also request the Court authorize service of process on NSJP by serving its attorneys, Abdel-Rahman Hamed and Mark Allen Kleiman, via certified mail with USPS tracking at their last known addresses.

- For Defendant Rafeeq Jaber, Plaintiffs request the Court authorize service of process via certified mail with USPS tracking to his last known address.

- For Defendant Abdullah Akl, Plaintiffs request the Court authorize service of process by certified mail with USPS tracking to Defendant Akl's only publicly available address: c/o Muslim American Society, 180 Burgher Avenue, Staten Island, NY 10304. Plaintiffs also request the Court authorize service of process via Defendant Akl's email: <u>pace@masnewyork.org</u>.

- For Defendant Zarefah Baroud, Plaintiffs request the Court authorize service of process by certified mail with USPS tracking to her address.

- For Defendants Nerdeen Kiswani and Within Our Lifetime, Plaintiffs request the Court authorize service of process by certified mail to the only publicly available addresses for the defendants: 202 Spring Street, Apt. 5, New York, NY 10012 and 11 Motley Avenue, Staten Island, NY 10314. Plaintiffs also request the Court authorize service of process on Defendant Within Our Lifetime via email to wol.palestine@gmail.com. Finally, Plaintiffs request the Court authorize service of process on Defendants Kiswani and Within Our Lifetime by serving their attorney, Jonathan Wallace, via certified mail with USPS tracking to his last known address and via email to jonathan.wallace80@gmail.com.

Plaintiffs argue the Court has equitable authority to approve these alternative methods of service. (Id. at 2) (citing U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617 (S.D. Fla. 2011); District of Columbia v. Butler, 713 F. Supp. 2d 61 (D.D.C. 2010); Grado v. Med., Indus., & Scientific Prods. Corp., 347 F.R.D. 654 (S.D. Ohio 2024))

Plaintiffs also request an additional thirty days from the date of the Court's decision on the Motion to effectuate service of process via the alternative methods requested. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiffs attach documentation of their attempts to serve these defendants to the Motion. First, Plaintiffs show that a sheriff's deputy for Riverside, California, made

3

three separate attempts to serve Mr. Herzallah at the home believed to be his residence in Corona, California. (Dkt. 26-2) Plaintiffs also show that a sheriff's deputy for Fairfax County, Virginia, made one attempt to serve Mr. Herzallah at his place of business, American Muslims for Palestine in Falls Church, Virginia. (Dkt. 26-3) Although the deputy left a copy of the summons and the Complaint with Osama Abuirshaid, the Executive Director of American Muslims for Palestine, Plaintiffs did not personally serve Mr. Herzallah. (Id.)

Plaintiffs also assert that a process server made four attempts to serve Defendant NSJP's attorney, Abdel-Rahman Hamed, "at his known professional address." (Dkt. 26-4) During the first attempt, which was made at 5600 35th Road North, Arlington, Virginia 22207, the "current resident" informed the process server that Mr. Hamed does not "reside" there. (Id.) Then, the process server made three attempts to serve Mr. Hamed at 4548 Maxfield Drive, Annandale, Virginia 22003. (Id.) Plaintiffs do not explain which address was believed to be a professional address.

Next, Plaintiffs show that a copy of the summons and the Complaint were left with a receptionist at a shared office associated with Mark Allen Kleinman, who Plaintiffs believe is an attorney for Defendant NSJP. (Dkt. 26-5) The deputy sheriff wrote, "Per executive suite staff, [Mr. Kleinman] does not hold a physical office at address. Stated [Mr. Kleinman is] a virtual tenant." (Id.) The affidavit indicates that the receptionist does not work for Mr. Kleinman; rather, she works for the building in which the shared offices are located.

4

As for Defendant Jaber, Plaintiffs show that after one failed attempt to serve him at his residence, a copy of the summons and the Complaint were left with a man named Adli Shuaibi, age 60, at the address of Defendant Jaber's residence. (Dkt. 26-6)

Next, Plaintiffs show that sheriff's deputies for New York City made one attempt to serve Defendant Akl at the "only known address" for him, the address for the Muslim American Society in Staten Island, New York. (Dkt. 26 at 8; Dkt. 26-7) During the attempt, a man stated that no one by the name of Abdullah Akl was at the address. (Dkt. 26-7)

As for Defendant Baroud, Plaintiffs show that a process server left a copy of the summons and the complaint with a resident at her residential address. (Dkt. 26-8) Plaintiffs also show that a sheriff's deputy for Fairfax County, Virginia went to Defendant Baroud's place of business, American Muslims for Palestine, and left a copy of the summons and complaint with Osama Abuirshaid, the Executive Director of American Muslims for Palestine. (Dkt. 26-9)

Next, Plaintiffs state that no public residential address is available for Defendants Kiswani and Within Our Lifetime, and the only known addresses for these defendants are 202 Spring Street, Apt. 5, New York, NY 10012 and 11 Motley Avenue, Staten Island, NY 10314. (Dkt. 26 at 11) Plaintiffs show that sheriff's deputies made three attempts to serve Defendant Kiswani at 202 Spring Street. (Dkt. 26-10) Plaintiffs also show that two sheriffs made one attempt to serve Defendant Kiswani and Within Our Lifetime at 11 Motley Avenue on May 15, 2025. (Id.) Plaintiffs further

show that on June 3 and June 4, 2025, a process server made two more attempts to serve Defendant Kiswani at 11 Motley Avenue. (Dkt. 26-11) During one of these final two attempts, a person at the address stated that Defendant Kiswani does not live at 11 Motley Avenue. (Id.)

Finally, Plaintiffs state that the attorney for Defendants Kiswani and Within Our Lifetime, Jonathan Wallace, did not respond to an email from Plaintiffs that asked if he would accept service for the defendants. (Dkt. 26 at 13)

## II.    LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure governs the service of individuals within a judicial district of the United States. An individual defendant may be served "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). An individual may also be served by

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Id. at 4(e)(2).

In Florida, substituted service may be made on a nonresident defendant who is concealing his whereabouts by effectuating service on the Florida Secretary of State. § 48.161(1), (3), Fla. Stat. (2025); Dixon v. Blanc, 796 F. App'x 684, 687 (11th Cir.

6

2020).[1] To rely on the substituted service statute, the plaintiff must show that she exercised "due diligence" in "attempting to locate and effectuate personal service on the party." § 48.161(3), Fla. Stat. (2025). The plaintiff is "considered to have used due diligence" if the plaintiff:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service; (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Id. at § 48.161(4)(a)-(c).

## III.   DISCUSSION

Plaintiffs request the Court authorize service on Defendants by means not authorized by Florida law. Plaintiffs assert that the Court has equitable authority to permit alternative service of process that is appropriate in a particular case. The Court only has such authority when a plaintiff seeks to serve an individual or a business entity in a foreign country. See Fed. R. Civ. P. 4(f)(3) and 4(h); U.S. Commodity Futures Trading Comm'n, 272 F.R.D. at 619. Plaintiffs do not assert that any of the defendants

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

identified in the Motion are located in a foreign country. Thus, the Court's authority to authorize alternative methods of service of process is limited to the methods authorized by Florida law or by the law of the state "where service is made." Fed. R. Civ. P. 4(e)(1).[2]

## A.    Defendants Taher Herzallah, NSJP, and the Defendant SJP Chapters

Plaintiffs did not serve Defendant Herzallah by any of the methods approved under Rule 4(e)(2). Below, the Court analyzes whether Plaintiffs establish they are entitled to use Florida's substitute service statute to serve Defendant Herzallah.

Plaintiffs do not explain or provide any documentation of their inquiry or effort to acquire the information necessary to effectuate personal service on Defendant Herzallah. See Dubois v. Butler ex rel. Butler, 901 So. 2d 1029, 1031 (Fla. 4th DCA 2005) (describing the information typically provided in cases where a plaintiff seeks to establish they used due diligence to locate a defendant); Bodden v. Young, 422 So. 2d 1055, 1056 (Fla. 4th DCA 1982) (explaining that, in a suit for personal injury resulting from a car accident, "Plaintiff sought to locate the driver through the United States Postal Authorities, the telephone company, the utility company, and through other public agencies . . . . Plaintiff also sought to locate the adverse driver through discovery directed to the owner of the car"). Here, Plaintiffs say only that Defendant Herzallah is "believed to reside at 2331 Toulouse Circle, Corona, California 92882." (Dkt. 26 at

---

[2] The Court does not *sua sponte* analyze whether Plaintiffs establish that any of the defendants were properly served or may be served via substitute or alternative service under the law of any state other than Florida.

3) Without information about Plaintiffs' inquiry or effort to learn how to effectuate personal service on Defendant Herzallah, the Court cannot determine that Plaintiffs exercised due diligence in attempting to serve him.

Additionally, the Court notes that service of a copy of the summons and the complaint on another employee at Defendant Herzallah's place of business is insufficient to provide Defendant Herzallah notice under Florida law. See Anthony v. Gary J. Rotella & Assoc., P.A., 906 So. 2d 1205, 1207–08 (Fla. 4th DCA 2005).

Next, Plaintiffs fail to establish that service of process on Defendant Herzallah would provide notice to Defendant NSJP and the Defendant SJP chapters under either federal or Florida law. The allegations in the Amended Complaint do not establish that Defendant Herzallah works for or is an agent of Defendant NSJP or any of its local SJP chapters. (See Dkt. 8) Instead, Plaintiffs allege that Defendant Herzallah, as the Associate Director of Outreach and Community Organizing for American Muslims for Palestine, is a liaison between that organization and local SJP chapters. (Id. at ¶¶ 124, 156) Plaintiffs do not allege the entities are part of the same larger organizational structure. The Court is not persuaded that service of process on Defendant Herzallah would be reasonably calculated to apprise Defendant NSJP or the Defendant SJP chapters of the pendency of this action. Instead, Plaintiffs must serve agents or representatives of Defendant NSJP or the Defendant SJP chapters. For the Defendant SJP chapters, this will require serving an agent or representative of each chapter.

Finally, service of process on Defendant NSJP via Abdel-Rahman Hamed or Mark Allen Kleinman, who Plaintiffs believe are Defendant NSJP's attorneys, would be insufficient under both Florida and federal law. Florida law does not authorize substitute service of process on an agent or an attorney. See § 48.031, Fla. Stat. (2025); cf. Anthony, 906 So. 2d at 1208 (noting "the defending party can authorize his attorney to accept the initial pleadings without service of process"). The Federal Rules only authorize service on an agent where the agent is authorized to accept service on the defendant's behalf. Fed. R. Civ. P. 4(e)(2)(C); see also e2Companies, LLC v. Kurtzhals, No. 23-cv-704, 2023 WL 7128923, at *1 n.1 (M.D. Fla. Oct. 5, 2023) (noting that under the Federal Rules, "[w]hen an attorney represents a defendant, serving the attorney is of no moment when the attorney lacks express authorization to accept service."). Without some evidence that Mr. Hamed or Mr. Kleinman are authorized to accept service on behalf of Defendant NSJP, service of a copy of the summons and the Complaint on them would not satisfy Rule 4(e).

### B.    Defendant Rafeeq Jaber

Adli Shuaibi, the man who accepted a copy of the summons and the complaint at Defendant Rafeeq Jaber's residence, was of suitable age and discretion to accept service on Defendant Jaber's behalf. However, the affidavit of service does not indicate whether Mr. Shuaibi lives at the residence. In a renewed motion, if Plaintiffs present evidence that Mr. Shuaibi also lives at the residence, then the Court may find that Defendant Jaber was properly served under Rule 4(e)(2)(B). The information included

in the affidavit attached to the motion, however, is insufficient to show that Plaintiffs

complied with the requirements of the Rule.

As for Plaintiffs' entitlement to use Florida's substituted service statute as to

Defendant Jaber, Plaintiffs show that they only made one attempt to serve Defendant

Jaber at his residence before leaving a copy of the Complaint and the summons with

Mr. Shuaibi during the second attempt. The first attempt took place on a Thursday at

9:48 a.m. (Dkt. 26-6) The second attempt took place on a Friday at 7:22 p.m. (Id.)

These times are times that a person would typically not be home. Plaintiffs have not

shown that they made "an appropriate number of attempts to serve the party, taking

into account the particular circumstances, during such times when and where such

party is reasonably likely to be found . . . ." § 48.161(4)(c), Fla. Stat. (2025). Thus,

Plaintiffs have not shown that they exercised due diligence in attempting to effectuate

personal service on Defendant Jaber such that the Court should permit Plaintiffs to

use Florida's substituted service statute if the service on Mr. Shuaibi was insufficient.

### C.    Defendant Abdullah Akl

Plaintiffs did not serve Defendant Akl by any of the methods approved under

Rule 4(e)(2). The Court considers whether Plaintiffs establish they are entitled to use

Florida's substitute service statute to serve Defendant Akl.

As with Defendant Herzallah, Plaintiffs do not explain or provide any

documentation of their inquiry or effort to acquire the information necessary to

effectuate personal service on Defendant Akl. See Dubois, 901 So. 2d at 1031; Bodden,

422 So. 2d at 1056. Plaintiffs say only that "[n]o public residential address is available

11

for Defendant Abdullah Akl." (Dkt. 26 at 8) Plaintiffs state that, "[a]fter conducting a diligent search, Plaintiffs identified the only known address for Defendant Akl as: c/o Muslim American Society, 180 Burgher Avenue, Staten Island, NY 10304." (Id.) But Plaintiffs provide no details regarding the "diligent search." Without information about Plaintiffs' inquiry or effort to learn how to effectuate personal service on Defendant Akl, the Court cannot determine that Plaintiffs exercised due diligence in attempting to serve him.

### D.    Defendant Zarefah Baroud

Defendant Zarefah Baroud was properly served under Rule 4(e)(2)(B). The affidavit of service indicates that a process server left a copy of the summons and the complaint with a resident at her address. (Dkt. 26-8) In the affidavit, the process server stated that the resident was a 45-year-old man. (Id.) The process server attested that two neighbors confirmed that Defendant Baroud lived at the address. (Id.) Thus, a copy of the summons and the complaint was left "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Thus is appears that Defendant Baroud was properly served. The Court need not approve an alternative method of service as to Defendant Baroud.

### E.    Defendants Nerdeen Kiswani & Without Our Lifetime

Plaintiffs did not serve Defendants Kiswani or Without Our Lifetime by any of the methods approved under Rule 4(e)(2), so the Court considers whether Plaintiffs establish they are entitled to use Florida's substitute service statute to serve these defendants.

12

Plaintiffs do not explain or provide any documentation of their inquiry or effort to acquire the information necessary to effectuate personal service on Defendants Kiswani or Without Our Liftime. See Dubois, 901 So. 2d at 1031; Bodden, 422 So. 2d at 1056. Plaintiffs say only that "[n]o public residential address is available for Defendant Kiswani, and no public address is available for Defendant Within Our Lifetime." (Dkt. 26 at 11) Plaintiffs state that, "[a]fter conducting a diligent search, Plaintiffs identified the only known addressees [sic] for Defendant Nerdeen Kiswani: 202 Spring Street, Apt. 5, New York, NY 10012 and 11 Motley Avenue, Staten Island, NY 10314." (Id.) Plaintiffs provide no details regarding the "diligent search." As with Defendant Herzallah and Akl, without information about Plaintiffs' inquiry or effort to learn how to effectuate personal service on Defendant Kiswani, the Court cannot determine that Plaintiffs exercised due diligence in attempting to serve her or Defendant Within Our Lifetime.

Additionally, Plaintiffs have not established that Jonathan Wallace, who they believe to be Defendant Kiswani's attorney, is authorized to accept service on her behalf or on Defendant Within Our Lifetime's behalf. Thus, service on Mr. Wallace would not confer notice on Defendants Kiswani and Within Our Lifetime.

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED**:

1.  Plaintiffs' Motion for Alternative Service and Extension of Time to Serve Defendants, (Dkt. 26), is **DENIED WITHOUT PREJUDICE**.

2.  Within thirty (30) days of the date of this Order, Plaintiffs may file a renewed motion to use substituted service to serve the defendants, whether under Florida law or the law of the state where service is made. If Plaintiffs rely on the Florida statute for substitute service, the renewed motion should include attachments to show that Plaintiffs have complied with the statutory requirements for substituted service outlined in § 48.161(1)-(3), Fla. Stat. (2025).

3.  The Court **TAKES UNDER ADVISEMENT** Plaintiffs' motion for an extension of the time to serve process on the defendants. The time for Plaintiffs to serve these defendants is tolled to afford the Court time to consider the propriety of permitting service by substituted means under a renewed motion.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of August 2025.

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE