IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---------------------------------------------------------------------X

MAURICE SHNAIDER, *et al.,*

                Plaintiffs,

        v.

AMERICAN MUSLIMS FOR PALESTINE, *et al.,*

                Defendants.

Case No.: 8:24-cv-01067-MSS-SPF

---------------------------------------------------------------------X

**PLAINTIFFS' RENEWED MOTION FOR ALTERNATIVE SERVICE AND FOR LEAVE TO SERVE DISCOVERY DEMANDS AND TAKE DEPOSITIONS REGARDING DEFENDANTS' ADDRESSES**

Plaintiffs, by and through undersigned counsel, respectfully submit this Renewed Motion for Alternative Service and for Leave to Serve Discovery Demands and Take Depositions Regarding Defendants' Addresses, pursuant to Fed. R. Civ. P. 4(e), and Fla. Stat. § 48.161.

On August 21, 2025, the Court denied without prejudice Plaintiffs' initial motion for alternative service and directed that any renewed motion include attachments to show that Plaintiffs have complied with the statutory requirements for substituted service outlined in § 48.161(1)-(3), Fla. Stat. (2025*). See* Order, Dkt. 61.

In support of this Renewed Motion, Plaintiffs now document the diligent inquiries and service attempts they previously made through sheriffs' deputies and

process servers at the Defendants' known residences, places of business, and other publicly available addresses. These efforts, as reflected in the attached affidavits of service, demonstrate that Plaintiffs exercised due diligence in attempting to effectuate personal service. Despite these efforts, certain Defendants have concealed their whereabouts or otherwise evaded service.

Because Florida law authorizes substituted service on the Secretary of State where a nonresident defendant conceals his whereabouts despite diligent attempts at personal service, Plaintiffs respectfully request that the Court authorize substituted service on the Florida Secretary of State pursuant to § 48.161, Fla. Stat. (2025). In the alternative, because certain attorneys and affiliated individuals are reasonably believed to possess information concerning Defendants' addresses, Plaintiffs request leave to serve limited discovery demands and take narrowly tailored depositions directed solely to identifying Defendants' current whereabouts, in order to facilitate effective service and ensure compliance with Rule 4 and Florida law.

1. **LEGAL STANDARD**

Rule 4(e) of the Federal Rules of Civil Procedure governs the service of individuals within a judicial district of the United States. An individual may be served "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Alternatively, Rule 4(e)(2) authorizes service by delivering a copy of the summons and complaint to the defendant personally, leaving a copy at the defendant's dwelling or usual place of abode with a person of suitable age and

discretion who resides there, or delivering a copy to an agent authorized by appointment or law to receive service of process.

In Florida, substituted service may be made on a nonresident defendant who is concealing his or her whereabouts by effectuating service on the Florida Secretary of State. § 48.161(1), (3), Fla. Stat. (2025). To rely on this statute, a plaintiff must demonstrate "due diligence" in attempting to locate and personally serve the defendant. § 48.161(3), Fla. Stat. (2025). A plaintiff is considered to have exercised due diligence where the plaintiff: (a) made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service; (b) reasonably employed the knowledge at the party's command, including knowledge obtained through diligent inquiry; and (c) made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process. § 48.161(4)(a)–(c), Fla. Stat. (2025).

Courts have also recognized that limited discovery may be permitted when necessary to enable a plaintiff to identify information required to effect service of process. In re *FTX Cryptocurrency Exch. Collapse Litig.,* 781 F Supp 3d 1324 (SD Fla 2025) (court allowed limited discovery after the filing of a motion for insufficient service of process).

### A. Defendant Taher Herzallah

On September 8, 2025, Plaintiffs personally served Defendant Taher Herzallah (see Exhibit 1).

### B. Defendant National Students for Justice in Palestine

To date, NSJP has used its opaque structure to evade service of process. NSJP is not incorporated, does not maintain a registered agent, and lists no physical address on its website. NSJP was founded by Defendant AJP Educational Foundation, doing business as American Muslims for Palestine ("AMP"), to manage and control hundreds of Students for Justice in Palestine ("SJP") chapters across the United States. NSJP is a national unincorporated association. As NSJP's parent organization, AMP likely maintains sufficient control to accept service on NSJP's behalf. Plaintiffs attempted to serve NSJP through AMP directly at its headquarters in Falls Church, Virginia (see Exhibit 2). Nevertheless, AMP and its counsel have refused to accept service for NSJP (see Exhibit 3).

Undersigned counsel has endeavored to identify at least one officer, director, or agent of NSJP who could be served, including through extensive searches of NSJP's website, AMP's website, corporate records databases, social media searches, and general internet resources, as well as by inquiring of other attorneys who are litigating against NSJP in current cases where NSJP is a defendant. None of those attorneys has been able to identify a particular address or person to serve on behalf of NSJP. No officers or representatives of NSJP are publicly identified. The absence of leadership information is consistent with what occurred in *Parizer et al. v. AJP Educational*

*Foundation et al.*, No. 1:24-cv-724-RDA-IDD (E.D. Va.), in which plaintiffs likewise were unable to identify any physical address or officer of NSJP, despite extensive due diligence. In that case, the court ultimately permitted service on NSJP by publication. To this day, NSJP does not list any officers or leaders in that matter.

Here, Plaintiffs attempted to serve NSJP through counsel who appeared for it in *Parizer*. Plaintiffs first attempted to serve Abdel-Rahman Hamed, Esq., identified as NSJP's lead attorney, at his Annandale, Virginia residence. After multiple unsuccessful attempts, process servers posted the summons and complaint at that address and mailed copies as well (see Exhibit 4). Plaintiffs also attempted service on attorney Mark Allen Kleinman, who appeared as counsel for NSJP in *Parizer*, by delivering the summons and complaint at his business address in Los Angeles, followed by mailing. (See Exhibit 5).

These efforts demonstrate that Plaintiffs exercised diligent inquiry and repeated attempts to effectuate service, but that NSJP has deliberately concealed its whereabouts and 'who-abouts' to frustrate proper service.

Because Plaintiffs have exhausted all available means of locating and serving NSJP's leadership, they respectfully request that the Court authorize substituted service on NSJP through the Florida Secretary of State, pursuant to § 48.161, Fla. Stat. In the alternative, Plaintiffs request leave to serve limited discovery and to depose attorneys Abdel-Rahman Hamed and Mark Allen Kleinman for the narrow purpose of identifying information necessary to effectuate service of process on NSJP, for example the identity of the representatives of NSJP, which they must know since they

presumably receive instructions from someone regarding legal matters, and the location of such persons.

**C.  Defendant Rafeeq Jaber**

Adli Shuaibi, the individual who accepted a copy of the summons and complaint at Defendant Rafeeq Jaber's residence, was of suitable age and discretion to accept service on Jaber's behalf (see Exhibit 6). Plaintiffs now present additional evidence from the United States Postal Service confirming that Shuaibi also resides at the same address, thereby establishing that Defendant Jaber was properly served under Rule 4(e)(2)(B) (see Exhibit 7). Specifically, the USPS documentation shows Shuaibi's address as 8748 Meade Avenue, Oak Lawn, Illinois 60453, the same address as Jaber's residence.

**D.  Defendant Zarefah Baroud**

A Wavier of Service of Summons has been filed on behalf of Defendant Baroud (see Exhibit 8).

**E.  Defendants Nerdeen Kiswani and Within Our Lifetime ("WOL")**

Plaintiffs have exercised due diligence in attempting to serve Defendant Nerdeen Kiswani, both individually and as chair of Defendant Within Our Lifetime ("WOL"), but service has proven impossible because Defendants deliberately conceal their whereabouts.

Plaintiffs undertook an extensive and time-consuming search for current address information for Defendant Nerdeen Kiswani. Counsel spent hours searching

land records, property databases, corporate filings, social media platforms, and organizational websites, as well as conducting general internet searches using multiple variations of Kiswani's name. Despite these efforts, no reliable residential address for Kiswani was publicly available. Plaintiffs also conducted docket and case-law searches to determine whether Kiswani had been named as a defendant in other litigation and how she was served in those matters. In *Haggai v. Kiswani*, No. 1:25-cv-02400-JAV (S.D.N.Y.), Kiswani was identified for service at two addresses: 202 Spring Street, Apt. 5, New York, NY 10012 and 11 Motley Avenue, Staten Island, NY 10314. In that same matter, attorney Jonathan Wallace filed a Notice of Appearance on behalf of Kiswani, as the representative of WOL. (See Exhibit 9)

Relying on that information, Plaintiffs attempted to serve Kiswani at the addresses listed in *Haggai*. The process server's certificates reflect multiple unsuccessful attempts at both locations (see Exhibit 10). Plaintiffs also emailed Jonathan Wallace to inquire whether he would accept service in this action on behalf of Defendants Kiswani and WOL, but Wallace did not respond (see Exhibit 11).

With respect to WOL, Plaintiffs undertook a similarly exhaustive inquiry. WOL is not incorporated, does not maintain a registered agent, and lists no physical address on its website. Plaintiffs searched business registries, nonprofit directories, property filings, internet databases, and social media accounts associated with WOL, but none revealed a physical address or officer information. Plaintiffs also conducted docket and case-law searches to determine whether WOL had ever been named as a defendant in litigation and found no such cases, other than in *Haggai*, where Kiswani

was named as Defendant, as the representative of WOL. The absence of any public record of WOL's legal existence underscores that WOL is deliberately structured to conceal its operations and to evade judicial process.

These efforts satisfy the statutory requirements of due diligence under Fla. Stat. § 48.161. Plaintiffs have undertaken diligent inquiry, employed all knowledge at their command, and made repeated attempts to serve Kiswani in her individual capacity and on behalf of WOL at her last known addresses and through her previously designated counsel. Nevertheless, both Kiswani and WOL have concealed their whereabouts and refused service.

Accordingly, Plaintiffs respectfully request that the Court authorize substituted service on Kiswani and WOL through the Florida Secretary of State pursuant to § 48.161, Fla. Stat. In the alternative, Plaintiffs request leave to depose Jonathan Wallace, who has appeared for Kiswani and WOL in prior litigation, for the limited purpose of obtaining information necessary to effectuate proper service of process on Kiswani and WOL.

### F. Defendant Abdullah Akl

No public residential address is available for Defendant Abdullah Akl. Plaintiffs undertook an extensive and time-consuming search for such information. Counsel spent hours searching public records databases, real estate filings, property records, and social media platforms, as well as conducting general internet searches using multiple variations of Akl's name. Plaintiffs also reviewed publicly accessible social

media accounts associated with Akl, which confirmed that he graduated from Harvard University in May 2025, but those accounts did not reveal any current residential address or location. In addition, Plaintiffs conducted a case-law and docket search to determine whether Akl had ever been named as a defendant in other litigation but found no such cases that revealed a usable address for service. Despite these efforts, Plaintiffs were unable to identify a residential address for Akl.

Through counsel's exhaustive internet searches, Plaintiffs identified the only known physical address for Akl as c/o Muslim American Society, 180 Burgher Avenue, Staten Island, NY 10304. Plaintiffs attempted personal service at the Burgher Avenue address, but a sheriff's deputy reported that no one by the name of Abdullah Akl could be found there (see Exhibit 12).

In addition, Defendant Akl is an organizer of Within Our Lifetime, which, as set forth above, is deliberately structured to conceal its membership and leadership and does not make public any address or contact information.

These efforts demonstrate that Plaintiffs conducted a diligent and conscientious search, employing all reasonably available resources to attempt to identify and serve Akl. Because Akl continues to conceal his whereabouts, Plaintiffs respectfully request that the Court authorize substituted service on Akl through the Florida Secretary of State pursuant to § 48.161, Fla. Stat. In the alternative, Plaintiffs request leave to depose Jonathan Wallace, who has appeared as counsel for WOL and its leadership, for the limited purpose of determining how Akl, an WOL organizer, may be properly served.

### G.   Defendants SJP Chapters

For the Defendant SJP chapters, Plaintiffs are required to serve an agent or representative of each chapter. Plaintiffs have exercised extensive due diligence in attempting to do so. Counsel has spent hours conducting systematic searches of university websites, student-organization portals, and club listings, as well as reviewing each chapter's publicly available social-media accounts on Instagram, Facebook, and X. In many instances, no officer or representative information is posted publicly. In other cases, information is locked behind university portals that require student credentials to access. Where names of purported officers were found, Plaintiffs determined that many such individuals had already graduated, and in no case did publicly available sources provide residential addresses suitable for personal service. Plaintiffs also reviewed litigation filings and public statements connected to certain chapters, which confirmed that chapters often operate through collective or "horizontal" leadership structures that intentionally avoid designating officers, further obscuring who may be served as an agent or representative.

In addition to these desk-based efforts, Plaintiffs undertook physical service attempts on campus. At the University of South Florida, Plaintiffs' process server attempted service at the office address listed for the USF SJP chapter. After multiple stops on campus, Human Resources staff confirmed that the organization does not maintain a physical office and that there was no physical human on the list to serve, but provided email contacts for two student officers. Despite these efforts, no representative could be served. At New York University, Plaintiffs monitored SJP's

social-media announcements and arranged for a process server to attend "Club Fest" at the Paulson Center on September 9, 2025, but campus security barred entry to non-students and the University's legal department advised that it does not accept service for student groups, making service impossible despite a ready attempt. For Columbia University SJP, Plaintiffs identified Maryam Alwan, who signed an affidavit on behalf of the chapter in litigation challenging Columbia's suspension of SJP. Although she acted publicly as a representative of Columbia SJP, Plaintiffs have confirmed that Alwan has since graduated and no longer maintains a student role at Columbia.

Despite these exhaustive measures, including extensive online investigation, review of litigation records, and in-person service attempts, Plaintiffs have been unable to identify reliable service addresses or responsible individuals for the SJP chapter defendants. Plaintiffs' efforts have also been impeded by the fact that many universities restrict access to student-organization information behind password-protected portals and limit physical access to campus offices and events through security controls, making it impossible for non-students and process servers to identify or reach SJP representatives. Accordingly, Plaintiffs respectfully request that the Court authorize substituted service for the SJP chapter defendants. In the alternative, Plaintiffs request leave to serve narrowly tailored Rule 45 subpoenas and Rule 31 Notices of Deposition by Written Questions directed to the student-affairs offices of each university where an SJP chapter defendant is located, seeking information sufficient to identify the chapter's current officers or representatives and to determine where and how service of process may be properly effected.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

1. **As to Defendant National Students for Justice in Palestine (NSJP)**: Authorizing substituted service on NSJP through the Florida Secretary of State pursuant to § 48.161, Fla. Stat.; or, in the alternative, granting Plaintiffs leave to serve limited discovery and to take the depositions of attorneys Abdel-Rahman Hamed and Mark Allen Kleinman for the narrow purpose of obtaining information necessary to identify an address or agent for service of process on Defendant NSJP.

2. **As to Defendant Rafeeq Jaber**: Finding that Defendant Jaber was properly served under Rule 4(d)(2)(B).

3. **As to Defendant Nerdeen Kiswani, Individually and on Behalf of WOL:** Authorizing substituted service on Defendants Kiswani and WOL through the Florida Secretary of State pursuant to § 48.161, Fla. Stat.; or, in the alternative, granting Plaintiffs leave to serve limited discovery and to take the deposition of attorney Jonathan Wallace for the narrow purpose of obtaining information necessary to identify an address or agent for service of process on Defendants Kiswani and WOL.

4. **As to Defendant Abdullah Akl**: Authorizing substituted service on Defendant Akl through the Florida Secretary of State pursuant to § 48.161, Fla. Stat.; or, in the alternative, granting Plaintiffs leave to serve limited discovery and to take the deposition of attorney Jonathan Wallace for the limited purpose of obtaining information necessary to identify an address or agent for service of process on Defendant Akl.

5.      **As to Defendants SJP Chapters**: substituted service on all of the SJP chapter defendants through the Florida Secretary of State pursuant to § 48.161, Fla. Stat, or, in the alternative, granting Plaintiffs leave to serve narrowly tailored tailored Rule 45 subpoenas and Rule 31 Notices of Deposition by Written Questions directed to the student affairs offices of each university where an SJP chapter is located, seeking information sufficient to identify the chapter's current officers or representatives and to determine where and how service of process may be properly effected.

6.      **As to All Defendants**: Extending Plaintiffs' time to complete service of process for a reasonable period following the Court's ruling and granting such other and further relief as the Court deems just and proper.

Dated:  Brooklyn, New York
        September 16, 2025

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs*

by:  /S/ Robert J. Tolchin
     Robert J. Tolchin

829 East 15th Street, Box 7
Brooklyn, New York 11230
718-855-3627
rtolchin@berkmanlaw.com