UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MAURICE SHNAIDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN MUSLIMS FOR PALESTINE, *et al.*, <br><br> Defendants. | Case No. 8:24-cv-01067-MSS-SPF |

**RAFEEQ JABER'S UNOPPOSED MOTION TO DEEM RESPONSE
TO AMENDED COMPLAINT AS TIMELY FILED**

Pursuant to Rule 6(b), Defendant Rafeeq Jaber requests that the Court deem his contemporaneously filed motion to dismiss the operative Amended Complaint as timely filed. Plaintiffs do not oppose this request. As grounds, Mr. Jaber states:

**Background**

1. On July 14, 2024, Plaintiffs filed the operative Amended Complaint. (Doc. 6).

2. On September 19, 2025, Mr. Jaber waived service. (Doc. 87).

3. According to Rule 4, Mr. Jaber's response was due on November 18, 2025.

4. Mr. Jaber filed his motion to dismiss the operative complaint on November 20, 2025, as a result of undersigned counsel's error in calendaring the response, which was calendared for November 20, not November 18. *See* Declaration of James Slater, attached as **Exhibit 1**.

5. Plaintiffs do not oppose the relief requested herein.

## Memorandum of Law

Under Rule 6(b), to extend an expired deadline, a party must show good cause and demonstrate excusable neglect. *See Carter v. Butts Cty., Ga.*, 110 F. Supp. 3d 1325, 1332 (M.D. Ga. 2015), *aff'd in part, rev'd in part on other grounds and remanded*, 821 F.3d 1310 (11th Cir. 2016). Courts consider the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* at 1332-1333 (citing *Glover v. City of Pensacola*, 372 F. App'x 952, 955 n.6 (11th Cir. 2010).

Here, Mr. Jaber meets the four enumerated factors under Rule 6(b).

First, there is no danger of prejudice to Plaintiffs because all appearing defendants have filed motions to dismiss on similar grounds, and therefore the Court's determination of Mr. Jaber's motion to dismiss will not present new grounds for the Court to consider. *Williams v. Sirmons*, 2008 WL 709238, at *2 (M.D. Fla. Mar. 14, 2008) ("little danger of prejudice" where the "same legal issues raised in a timely-filed motion for summary judgment submitted by the sheriff's co-defendants"). Such lack of prejudice and the Court's efficient judicial administration are "accorded primary importance" in the excusable neglect analysis. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)). Further, Plaintiffs do not oppose this request.

Second, the length of delay is two days, which does not risk impacting these proceedings, as the Court has not yet ruled on the pending dispositive motions. *Hall v. Ins. Corp. of British Columbia*, 2022 WL 17067375, at *1 (M.D. Fla. Nov. 17, 2022) (denying the plaintiff's motion to strike an answer and for default because, even though the answer was untimely, the parties were actively litigating the case, other deadlines in the case were already extended, and there is a strong public policy in resolving cases on the merits).

Third, the delay was attributed to a calendaring error. Because delays "may be excused if they are attributable to miscommunication, clerical error, or other innocent oversight," *Ojeda-Sanchez v. Bland*, 2010 WL 1737591, *1 (S.D. Ga. Apr. 29, 2010) (citing *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201–1202 (11th Cir. 1999)), the Court should find that the standard is met here. Indeed, the excusable-neglect determination is primarily an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, the undersigned counsel calendared the response for November 20, but when reviewing the deadlines prior to filing the dispositive motion today, realized that the deadline had lapsed on November 18. Such a clerical error satisfies the excusable neglect standard under Rule 6(b). *Matter of Paradise Fam., LLC*, 2021 WL 4772862, at *1, n. 1 (M.D. Fla. Oct. 13, 2021) ("The court concludes Claimants' admitted 'clerical error in calendaring' constitutes excusable neglect under Fed R. Civ. P. 6(b) and will therefore not strike Claimants' response.").

Fourth, there is no evidence of bad faith, as this is simply a clerical error.

/

/

## Conclusion

For all these reasons, the Court should grant this motion and deem the contemporaneously filed motion to dismiss as timely filed.

## Local Rule 3.01(g) Certificate

I hereby certify that I conferred with counsel for Plaintiffs on the relief sought herein. Plaintiffs do not oppose Mr. Jaber's requested relief.

Dated: November 20, 2025

                                          Respectfully submitted,

                                          */s/ James M. Slater*
                                          James M. Slater (FBN 111779)
                                          Slater Legal PLLC
                                          2296 Henderson Mill Rd. NE #116
                                          Atlanta, Georgia 30345
                                          Tel. (404) 458-7283
                                          james@slater.legal

                                          *Lead Counsel for Defendant Rafeeq Jaber*