# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

------------------------------------------------------------------------X

MAURICE SHNAIDER, *et al.*,

                Plaintiffs

        v.

AMERICAN MUSLIMS FOR PALESTINE, *et al.*

                Defendants.

Case No:
8:24-cv-01067-MSS-SPF

------------------------------------------------------------------------X

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit this Notice of Supplemental Authority pursuant to Local Rule 3.01(j) in support of their Oppositions to Defendants' Motions to Dismiss.

**1.** **Supplemental Authority:** Opinion, *Atchley v. AstraZeneca UK Ltd.*, No. 20-7077 (D.C. Cir. Jan. 23, 2026) (reversing dismissal of ATA aiding-and-abetting claims and clarifying that "knowing" and "substantial" non-violent assistance can support liability without intent to further a specific terrorist attack).

**2.** The above-cited authority supplements arguments in the Oppositions:

a. **ATA aiding-and-abetting liability does require intent to further a specific terrorist attack.** (ECF 68, p.13, ¶3, lns.1-3; ECF 69, p.14, ¶2, lns.8-33; ECF 91, p.11, ¶3, lns.3-6; ECF 92, p.10, ¶3, lns.3-7; ECF 93, p.15, ¶2, lns.1-4; ECF 106, p.10, ¶2, lns.3-6.)

**New Authority:**

[S]o long as a plaintiff makes meaningful showings of nexus and substantiality, the plaintiff need not allege that the defendant knew the particulars of each terrorist act it aided and abetted.… *Taamneh* did not read a specific intent requirement into the ATA. The statute requires only that defendants 'knowingly' provide substantial assistance.

*Atchley,* slip op. at 25.

b. **Substantial assistance and scienter are evaluated together under a sliding-scale and may include "unusual" infrastructural support.** (ECF 68, p.16, ¶3, lns.9-12; ECF 69, p.16, ¶2, lns.7-12; ECF 91, p.12, ¶2, lns.1-4; ECF 92, p.11, ¶2, lns.1-4; ECF 93, p.16, ¶2, lns.1-6; ECF 106, p.11, ¶1, lns.1-19.

**New Authority**:

Culpability is measured by 'the twin requirements' of 'knowing' and 'substantial' assistance, which 'work[] in tandem' to permit a court to 'infer conscious and culpable assistance,' with a 'lesser showing of one demanding a greater showing of the other. … Perhaps the strongest support for the inference of culpable association is the 'unusual' kind of assistance defendants allegedly provided. *Taamneh* refers to 'situations where [a] provider of routine services does so in an unusual way' as supporting aiding-and-abetting liability arising from what might otherwise be ordinary business transactions.

*Atchley*, slip op. at 16, 29.

c. **ATA liability requires a plausible nexus assessed on a sliding scale.** (ECF 68, p.16, ¶3, lns.4-12; ECF 69, p.15, ¶2, lns.1-11; ECF 91, p.13, ¶2, lns.4-11; ECF 92, p.13, ¶1, lns.7-11; ECF 93, p.15, ¶1; ECF 106, p.10, ¶2)

**New Authority**:

Like the ingredients of culpability, nexus operates on a sliding scale. At one end lie cases with a 'strict,' 'direct[],' or 'close' nexus between the assistance alleged and the act of terrorism…. When there is a 'lack of any concrete nexus between defendants' services' and the act of terrorism, plaintiffs must prove defendants provided such 'systemic[] and pervasive[]' assistance to a terrorist group that they could be said to aid and abet every act of terrorism the group commits as part of a common enterprise…. Between those two extremes, situations involving 'more remote support can still constitute aiding and abetting in the right case.'

*Atchley,* slip op. at 17.

Dated: Brooklyn, New York
February 4, 2026

                                      Yours,

                                      THE BERKMAN LAW OFFICE, LLC
                                      *Attorneys for Plaintiffs*

                                      by:   /s/ Robert J. Tolchin
                                                Robert J. Tolchin
                                    829 East 15th Street, Box 7
                                    Brooklyn, New York 11230
                                    718-855-3627

Of Counsel:
NITSANA DARSHAN-LEITNER & CO.
Nitsana Darshan-Leitner, *Israeli Attorney for Plaintiffs*
10 Hata'as Street, Ramat Gan, 52512 Israel
Israeli #: 011-972-523-837-020 | U.S.: (212) 591-0073

## CERTIFICATE OF SERVICE

      I hereby certify that this Motion filed through the ECF system is expected to be sent electronically to the registered participants as identified on the court's docket.

                                        /s/Robert J. Tolchin
                                        Robert J. Tolchin