UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE SHNAIDER, et al.,

    Plaintiffs,

v.                                                       Case No. 8:24-cv-1067-MSS-SPF

AMERICAN MUSLIMS FOR
PALESTINE, et al.,

    Defendants.
_____/

**ORDER**

Plaintiffs' Renewed Motion for Alternative Service and for Leave to Serve Discovery Demands and Take Depositions Regarding Defendants' Addresses (Doc. 78) is before the Court. Upon consideration, Plaintiffs' motion is granted in part and denied in part.

**A. Background**

Plaintiffs sue on behalf of Jewish American citizens who were killed or injured in the October 7, 2023 terrorist attacks in Southern Israel (*see* Doc. 6). Plaintiffs accuse Defendants, individuals and community-based groups supportive of Palestinian rights, of providing material support to Hamas and of aiding and abetting the October 7 attacks (*Id*. at ¶¶ 1-2). In their Amended Complaint, Plaintiffs allege three counts under the federal Anti-Terrorism Act, 18 U.S.C. § 2333, as amended by the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222(2016), which provides a civil remedy for anyone "injured . . . by reason of an act of international terrorism." 18 U.S.C. § 2333(a).

On August 21, 2025, the district judge denied Plaintiff's motion for alternative service without prejudice and tolled the time to serve certain Defendants "to afford the Court time to

consider the propriety of permitting service by substituted means under a renewed motion." (Doc. 61 at 14). Plaintiffs have refiled the motion and request permission to serve Organizational Defendants National Students for Justice in Palestine ("NSJP"), Within Our Lifetime ("WOL"), and Students for Justice in Palestine Chapters ("SJP Chapters"), and Individual Defendants Nerdeen Kiswani and Abdullah Akl via substitute service through the Florida Secretary of State (Doc. 78).[1] Alternatively, Plaintiffs seek leave to serve limited discovery to obtain information necessary to identify Defendants' addresses or agents for service of process.

Plaintiffs support their renewed motion with affidavits and representations regarding inquiries and service attempts made through sheriffs' deputies and process servers. According to Plaintiffs, the Organizational Defendants that they request permission to serve under Florida's substitute service statute are unincorporated associations linked to Defendant Americans for Justice in Palestine ("AJP") Educational Foundation, doing business as American Muslims for Palestine ("AMP") (Doc. 6 at ¶¶ 6-8, 46-64). Plaintiffs allege that Defendant AJP Educational Foundation is a non-profit organization incorporated in California with its headquarters in Falls Church, Virginia, and Defendant AMP was founded in Illinois and is headquartered in Falls Church, too (*Id.* at ¶¶ 46-47). Plaintiffs have served both AJP and AMP. Plaintiffs contend that the Individual Defendants, whom they also seek

---

[1] Plaintiffs' motion includes a request to serve Individual Defendant Rafeeq Jaber by substitute service (Doc. 78 at 6). Jaber has since executed a waiver of the service of summons (Doc. 87); Plaintiffs' motion is moot as to Defendant Jaber. Additionally, Plaintiffs' original motion for substitute service requested authorization to serve Individual Defendants Taher Herzallah and Zarefah Baroud by alternate means (*see* Doc. 26). In their renewed motion, Plaintiffs represent that they served Defendant Taher on September 8, 2025 (Doc. 78-2), and Defendant Baroud filed a waiver of service (Doc. 78-9).

2

to serve through substitute means, are co-founders and organizers of SJP Chapters.

### B. Legal Standard

Constitutional due process requires that litigants have notice of an action brought against them and an opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). After a complaint is filed, a "plaintiff is responsible for having the summons and complaint served on a defendant." Fed. R. Civ. P. 4(c). Proper service is a prerequisite to the Court's exercise of personal jurisdiction. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment.").

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on individuals within a judicial district of the United States. Rule 4(e) allows service on individuals by these methods: (1) by "delivering a copy of the summons and of the complaint to the individually personally," (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," or (4) by serving the individual pursuant to the law of the state in which the district court sits or where service is made – in this case, Florida. Fed. R. Civ. P. 4(e)(1)-(2).

In Florida, the general rule is that a defendant must be personally served. Florida Statutes Section 48.161 provides for an exception to this general rule by permitting substitute service of process on Florida's Secretary of State when a nonresident individual or business entity is concealing his or her whereabouts.[2] *See* Fla. Stat. § 48.161(1)-(3); *Dixon v. Blanc*, 796

---

[2] Rule 4(h) governs service of process on "a domestic or foreign corporation, or a partnership

F. App'x 684, 687 (11th Cir. 2020).

But first, a plaintiff must show "due diligence" in "attempting to locate and effectuate personal service on the party." Fla. Stat. § 48.161(3)(a). A plaintiff exercises due diligence when he or she:

> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service; (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

*Id*. at (5)(a)-(c); *see also Peysina v. Deutsche Bank Nat'l Tr. Co.*, 118 So. 3d 237, 238 (Fla. 3d DCA 2013) ("While there is no bright-line rule for what constitutes a diligent search, generally . . . 'the test is whether the complainant reasonably employed the knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstance to acquire the information necessary to enable him to effect personal service on the defendant.'") (quoting *Canzoniero v. Canzoniero*, 305 So. 2d 801, 803 (Fla. 4th DCA 1975)).

Florida law mandates strict construction of service of process statutes, especially those authorizing substitute service, "because such service is an exception to personal service." *Dixon*, 796 F. App'x at 687; *see also Ingenieria Y Exportacion De Tecnologia S.L. v. Freytech, Inc.*, 210 So.3d 211, 213 (Fla. 3d DCA 2016) ("Strict construction of, and compliance with, statutes governing service of process is required."); *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So.3d

---

or other unincorporated association that is subject to suit under a common name," and provides that service may be made in a judicial district of the United States in the manner prescribed by state law for serving an individual under Rule 4(e). Fed. R. Civ. P. 4(h)(1)(A).

177, 179 (Fla. 3d DCA 2011) (same); *Cohan v. Cape Canaveral Foods Grp. LLC*, No. 6:21-cv-1801-ACC-GJK, 2022 WL 1289336, at *2 (M.D. Fla. Apr. 29, 2022) (same). The party seeking to effectuate substitute service bears the burden of pleading facts sufficient to support the applicability of the substitute service statutes. *Green Emerald Homes, LLC v. Fed. Nat'l Mortg. Ass'n*, 224 So.3d 799, 802 (Fla. 2d DCA 2017); *see also Dixon*, 796 F. App'x at 687 ("To support substituted service under 48.161, 'the plaintiff must allege in his complaint the ultimate facts bringing the defendant within the purview of the statute.'") (quoting *Wiggam v. Bamford*, 562 So.2d 389, 390 (Fla. 4th DCA 1990)).

    **C. Discussion**

        1. <u>Defendant National Students for Justice in Palestine ("NSJP")</u>

Plaintiffs have been unable to serve NSJP under any method specified in Rule 4(e)(2). Now, under Rule 4(e)(1) and Fla. Stat. § 48.161, Plaintiffs seek leave to serve NSJP via substitute service on the Florida Secretary of State. Alternatively, Plaintiffs ask for leave to depose Abdel-Rahman Hamed and Mark Allen Kleinman, attorneys who represented NSJP in *Parizer, et al. v. Am. For Justice in Palestine Educational Foundation ("AJP"), et al.*, No. 1:24-cv-724-RDA-IDD (E.D. Va. 2024), a case brought by American and Israeli survivors of the October 7 attacks against NSJP and others in federal court in Virginia under the Anti-Terrorism Act and the Alien Tort Statute, 28 U.S.C. § 1350. Plaintiffs represent that in *Parizer*, the court ultimately permitted Plaintiffs to serve AJP by publication under Virginia law (Doc. 78 at 5).

Plaintiffs allege that NSJP was founded by Defendant AJP Educational Foundation (doing business as AMP) to oversee SJP chapters across the United States, including chapters in the Middle District of Florida at the University of Florida and the University of South

5

Florida (Doc. 8 at ¶¶ 6-7, 50). According to Plaintiffs' research, NSJP is an unincorporated association that does not maintain a registered agent and lists no physical address on its website. To demonstrate the diligence of their service attempts, Plaintiffs represent that they have tried to identify "at least one officer, director, or agent of NSJP who could be served, including through extensive searches of NSJP's website, AMP's website, corporate records databases, social media searches, and general internet resources, as well as by inquiring of other attorneys who are litigating against NSJP in current cases where NSJP is a defendant." (Doc. 78 at 4). Plaintiffs have come up empty-handed.

Next, Plaintiffs attempted to serve NSJP at AMP's headquarters in Falls Church, Virginia, and through AMP's counsel, but on both fronts AMP declined to accept service for NSJP (Docs. 78-3, -4). Out of ideas, Plaintiffs' process server attempted to serve NSJP through Attorney Hamed (who represented NSJP in *Parzier*), once at an Arlington, Virginia address and three times at his Annandale, Virginia residence, and finally posted a copy of the summons and complaint at the Annandale address and mailed it there, too (Doc. 78-5). And, through a local deputy sheriff, Plaintiffs attempted service through Attorney Kleinman (another of NSJP's attorneys in *Parzier*) at his work address in Los Angeles but learned through office staff that Kleinman is a virtual tenant (Doc. 78-6). Still, Plaintiffs' process server left a copy of the summons and complaint at the work address, followed by mailing (*Id*.).

Plaintiffs' initial motion, citing Rule 4(e) but providing no legal argument, asked the Court to endorse these efforts at serving Attorneys Hamed and Kleinman as substitute service on NSJP (*see* Doc. 26). The Court denied that motion, noting that Fla. Stat. § 48.131 does not authorize substitute service on a party's agent or an attorney, and that Rule 4(e)(2)(C)

authorizes service on an agent only when the agent is authorized to accept service on the defendant's behalf (and Plaintiff had no evidence that either attorney was authorized to accept service for NSJP) (Doc. 61).  The Court directed Plaintiffs to serve an agent or representative of NSJP (*Id*. at 9).  Now, in their renewed motion, Plaintiffs request permission to serve NSJP via the Florida Secretary of State under Fla. Stat. § 48.161(3).[3]  They argue that their service attempts demonstrate both their due diligence and Defendants' concealment of their whereabouts (Doc. 78).

Despite researching NSJP's corporate records, organization, and affiliations, conducting online investigations, retaining a deputy sheriff and process servers to locate NSJP's counsel, attempting service multiple times on NSJP's counsel and its parent organization, and mailing process to counsel's last known addresses, Plaintiffs have not shown due diligence in their efforts to serve NSJP.  As the district judge points out, Florida and federal law do not authorize substitute service on NSJB's counsel without evidence that they are authorized to accept service.

It does not appear that Plaintiffs have made additional efforts to serve NSJP since the district judge denied their initial motion; instead, they bundle those efforts under the label "due diligence" and ask to serve the Florida Secretary of State under Fla. Stat. § 48.161(4). Repeated attempts to serve a defendant at the wrong location do not constitute due diligence, however.  *Societe Hellin, S.A. v. Valley Com. Cap., LLC*, 254 F.3d 1018, 1021 (Fla. 4th DCA 2018).  "A common theme in cases holding that the plaintiff failed to exercise due diligence

---

[3] In the Order denying Plaintiffs' initial motion, the district judge noted: "The Court does not *sua sponte* analyze whether Plaintiffs establish that any of the defendants were properly served or may be served via substitute or alternative service under the law of any state other than Florida." (Doc. 61 at 8, n.2).

7

is that 'the plaintiff failed[d] to follow an 'obvious' lead.'" *Rebalko v. Atallah*, 413 So.3d 170, 173 (Fla. 4th DCA 2025) (citation and quotations omitted). On this record, the Court cannot say that Plaintiffs have chased down every obvious lead. For example, they do not attach an affidavit from a private investigator attesting to skip tracing efforts and contact attempts based on this information.

Additionally, Plaintiffs do not provide legal authority that convinces the Court to order the deposition of out-of-state Attorneys Hamed and Kleinman based on their representation of NSJP in a separate case in another jurisdiction. Plaintiffs' motion to serve NSJP by sending a copy of the process to the Florida Secretary of State under Fla. Stat. § 48.161(1)-(3) is denied.

2. Defendants Nerdeen Kiswani and Within Our Lifetime ("WOL")

Next, Plaintiffs seek leave to serve Defendant Nerdeen Kiswani, individually and as chairperson of Defendant WOL, through the Florida Secretary of State under Fla. Stat. § 48.161. Alternatively, Plaintiffs seek leave to depose Attorney Jonathan Wallace, who represented WOL and Kiswani in separate litigation, to obtain information necessary to properly serve them. Plaintiffs have been unable to serve Kiswani and WOL under any method listed in Rule 4(e)(2).

Previously, Plaintiffs had sought permission to serve Kiswani and WOL via certified mail at New York City and Staten Island addresses they found for them and to serve WOL by emailing process to an address listed on the organization's website. Citing Fla. Stat. § 48.161, the district judge denied Plaintiffs' request without prejudice and emphasized that "Plaintiffs do not explain or provide any documentation of their inquiry or effort to acquire information necessary to effectuate personal service" on them, and Plaintiffs "provide no details regarding the 'diligent search.'" (Doc. 61 at 13).

8

From the Court's review of Plaintiffs' renewed motion, they have made no additional efforts to serve Kirwani and/or WOL, nor have they redoubled their investigation into how to serve them. In other words, there is no record evidence of any follow-up investigation after the Court denied Plaintiffs' initial motion for substitute service. In fact, Plaintiffs attach the same proof of non-service forms to their renewed motion as they attached to their original motion.

Plaintiffs *do* provide a more detailed description of their initial search for Defendants' Kirwani and WOL's current addresses: "Plaintiffs undertook an extensive and time-consuming search for current address information for Defendant Nerdeen Kiswani. Counsel spent hours searching land records, property databases, corporate filings, social media platforms, and organizational websites, as well as conducting general internet searches using multiple variations of Kiswani's name." (Doc. 78 at 6-7). And "[w]ith respect to WOL, . . . WOL is not incorporated, does not maintain a registered agent, and lists no physical address on its website. Plaintiffs searched business registries, nonprofit directories, property filings, internet databases, and social media accounts associated with WOL, but none revealed a physical address or officer information." (*Id*. at 7).

Plaintiffs also explain that they found the New York City and Staten Island addresses mentioned in their initial motion by conducting "docket and case-law searches to determine whether Kiswani had been named as a defendant in other litigation and how she was served in those matters." (*Id*. at 7). Plaintiffs identified *Haggai v. Kiswani*, No. 1:25-cv-2400-JAV (S.D.N.Y.) as pending litigation; the New York and Staten Island addresses were listed on that docket. Plaintiffs attempted to serve Kiswani and WOL at both addresses unsuccessfully numerous times and emailed Kiswani's counsel in *Haggai* (Attorney Jonathan Wallace) about

accepting service on Kiswani's and WOL's behalf to no avail.

Even with this more detailed description of their attempts to locate and serve Kiswani and WOP, the Court cannot say that Plaintiffs have exercised due diligence under Fla. Stat. § 48.161. A private investigator may be able to locate Kiswani or her family and friends to learn more about her whereabouts and may conduct more detailed searches, such as skip tracing. On this record, the Court cannot say that Plaintiffs followed up on all obvious leads. Plaintiffs' motion as to Kiswani and WOP is denied, as is their request to depose Attorney Wallace.

### 3. Defendant Abdullah Akl

Plaintiffs allege that Individual Defendant Abdullah Akl is an organizer of WOL who is concealing his whereabouts. They have been unable to serve him under Rule 4(e)(2) and seek to serve him by substitute means under Rule 4(e)(1) and Fla. Stat. § 48.161 or to depose Attorney Wallace. In their initial motion, Plaintiffs sought to serve Akl by certified mail at a Staten Island address for the non-party Muslim American Society and by email. The district judge denied the request because Plaintiffs had attempted to serve Akl only once at the Staten Island Muslim American Society and provided no details or documentation of their search for more information (Doc. 61 at 11).

Here, Plaintiffs clarify that their search for Akl's residential address included hours spent "searching public records databases, real estate filings, property records, and social media platforms, as well as conducting general internet searches using multiple variations of Akl's name." (Doc. 78 at 8). By searching social media, Plaintiffs learned that Akl graduated from Harvard University in May 2025. He has not been named as a defendant in any other cases. Plaintiffs attempted once (through a sheriff's deputy) to personally serve Akl at the

10

Muslim American Society in Staten Island (Plaintiffs do not explain how they found this address or why they identified it as potentially Akl's) (*Id.* at 8). The Sheriff's Certificate of Attempted Service that Plaintiffs attach to their renewed motion substantiates this. But this single service attempt occurred before the district judge's Order denying Plaintiffs' initial motion (Doc. 61). On this record, the Court cannot say that Plaintiffs have exercised due diligence. Neither do Plaintiffs connect the dots between Attorney Wallace and Akl. Plaintiffs' motion as to Akl is denied.

    4.  Defendant SJP Chapters

Lastly, Plaintiffs seek leave to serve SJP Chapters via the Florida Secretary of State under Fla. Stat. § 48.161. In the Order denying Plaintiffs' initial motion for substitute service, the district judge stated: "Plaintiffs must serve agents or representatives of Defendant NSJP or the Defendant SJP chapters. For the Defendant SJP chapters, this will require serving an agent or representative of each chapter." (Doc. 61 at 9). Exhibit 1 to Plaintiffs' Amended Complaint lists each SJP chapter that Plaintiffs purport to sue as part of "Defendant SJP Chapters." (*See* Doc. 6-1). There are over 200 chapters, each associated with a college or university.

In their renewed motion, Plaintiffs elaborate on their efforts to locate agents or representatives of specific SJP chapters. "Counsel has spent hours conducting systematic searches of university websites, student-organization portals, and club listings, as well as reviewing each chapter's publicly available social-media accounts on Instagram, Facebook, and X." In instances where Plaintiffs identified individual officers, those officers had already graduated, and in no case was a residential address available. Plaintiffs combed through litigation filings to no avail.

11

Plaintiffs continued to try to locate and serve representatives of the SJP Chapters after the district judge denied their first motion (they did not appear to make similar efforts with respect to the other Defendants). A process server visited the University of South Florida's campus to locate a physical address for USF's SJP chapter. Representatives of USF's human resources department informed the process server that the group does not maintain a physical office on campus. At New York University, a process server hired by Plaintiffs tried to attend a "Club Fest" on campus on September 9, 2025, in the hope of finding a booth set up by NYU SJP, but campus security turned him away because he was not a student. NYU's legal department informed Plaintiffs that the school does not accept service on behalf of student groups. At Columbia University, Plaintiffs identified a student representative of Columbia SJP, Maryam Alwan, but she has since graduated.

Although Plaintiffs detail their additional efforts to locate and serve agents or representatives of three SJP chapters after the district judge denied their initial motion for substitute service, Plaintiffs fall short of demonstrating due diligence under Fla. Stat. § 48.161 as to each SJP chapter; the Court denies Plaintiffs' motion for substitute service. Plaintiffs' request for leave to serve discovery directed to the student affairs office of each university where an SJP chapter is located is unsupported and is also denied.

**D. Conclusion**

It is ORDERED:

(1) Plaintiffs' Renewed Motion for Alternative Service and for Leave to Serve Discovery Demands and Take Depositions Regarding Defendants' Addresses (Doc. 78) is **DENIED without prejudice**; and

(2) Plaintiffs' request for additional time to complete service of process on Defendants

is **GRANTED**.  The Court exercises its discretion under Rule 4(m) to extend the deadline for Plaintiffs to complete service of process on Defendants to April 17, 2026.

**ORDERED** in Tampa, Florida, on February 17, 2026.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

Case 8:24-cv-01067-MSS-SPF Document 111 Filed 02/17/26 Page 13 of 13 PageID 2263