**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

-------------------------------------------------------------------- X

MAURICE SHNAIDER, *et al.*,

                        Plaintiffs,

          v.

AMERICAN MUSLIMS FOR PALESTINE,
*et al.*,

                        Defendants.

-------------------------------------------------------------------- X

Case No:
8:24-cv-01067-MSS-SPF

### <u>NOTICE OF APPEAL</u>

PLEASE TAKE NOTICE that all Plaintiffs, by and through undersigned counsel, respectfully appeal to the United States Court of Appeals for the Eleventh Circuit from the Court's Order (<u>ECF No. 112</u>) dismissing Plaintiffs' Amended Complaint entered on February 24, 2026.

Dated:     Fort Lauderdale, Florida
            March 22, 2026

                    Respectfully submitted,

                    THE BERKMAN LAW OFFICE, LLC
                    *Attorneys for Plaintiffs*

                    by:    <u>/s/ Robert J. Tolchin</u>
                            Robert J. Tolchin
                    829 East 15th Street, Box 7
                    Brooklyn, New York 11230
                    Tel. 718-855-3627
                    <u>rtolchin@berkmanlaw.com</u>

The Law Office of Tammie A. Purow, PLLC
Tammie A. Purow, Esq.
Florida Bar No. 0537772
2722 Griffin Road, PMB #260
Dania Beach, Florida 33312
Tel. 954-260-7540
email: tpurowlawoffice@gmail.com



Of Counsel:
NITSANA DARSHAN-LEITNER & CO.
Nitsana Darshan-Leitner, Adv.
*Israeli Attorney for Plaintiffs*
10 Hata'as Street, Ramat Gan, 52512 Israel
Israeli #: 011-972-523-837-020 **|** U.S.: (212) 591-0073

-2-

## **CERTIFICATE OF SERVICE**

I hereby certify that this Notice filed through the ECF system is expected to be sent electronically to the registered participants as identified on the court's docket.

Date: March 22, 2026

/s/ Robert J. Tolchin
Robert J. Tolchin
THE BERKMAN LAW OFFICE, LLC
829 East 15th Street, Box 7
Brooklyn, New York 11230
718-855-3627

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE SHNAIDER, et al.,

    Plaintiffs,

v.                        Case No: 8:24-cv-01067-MSS-SPF

AMERICAN MUSLIMS FOR
PALESTINE, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendants Hatem Abudayyeh, Magdi Odeh, United States Palestinian Community Network, American Muslims for Palestine/Americans for Justice in Palestine Educational Foundation, Hatem Bazian, Osama Abuirshaid, Munjed Ahmed, Saleh Sarsour, Shakeel Sayed, Zafeh Baroud, Taher Herzallah, CodePink, and Rafeeq Jaber's Motions to Dismiss Plaintiffs' Amended Complaint, (Dkts. 45, 46, 47, 48, 50, 52, 54, 56, 58, 71, 81, 90, 99); Plaintiffs' Omnibus Response in Opposition to Defendants Hatem Bazian, Osama Abuirshaid, Munjed Ahmed, Saleh Sarsour, Shakeel Sayed, and American Muslims for Palestine, (Dkt. 68); Plaintiffs' Omnibus Response in Opposition to Hatem Abudayyeh, Magdi Odeh, and United States Palestinian Community Network, (Dkt. 69); Plaintiffs' Response in Opposition to Defendant Zarefah Baroud, (Dkt. 91); Plaintiffs' Response in Opposition to Defendant Taher Herzallah, (Dkt. 92); Plaintiffs'

Response in Opposition to Defendant CodePink, (Dkt. 93); and Plaintiffs' Response in Opposition to Defendant Rafeeq Jaber, (Dkt. 106). Defendants National Students for Justice in Palestine, Students for Justice in Palestine Chapters, Nerdeen Kiswani, and Abdullah Akl have yet to be served process.

Upon consideration of the Amended Complaint, the Motions to Dismiss filed, the Responses filed, and case law, the Court orders that Defendants' Motions to Dismiss the Complaint are **GRANTED**.

## I.    BACKGROUND

Plaintiffs filed their Amended Complaint (the "Complaint") on July 15, 2024. (Dkt. 6) The Court entered a Show Cause Order on July 29, 2024 directing the Plaintiffs to show cause why venue is proper in the Middle District of Florida. Plaintiffs filed a Response to the Show Cause Order, (Dkt 13), and on March 27, 2025, the Court discharged the Order and granted Plaintiffs 90 days to serve the defendants. Motions to Dismiss were filed by all Defendants who have been served. (Dkts, 45, 46, 47, 48, 50, 52, 54, 56, 58, 71, 81, 90, 99) Plaintiffs filed Responses in Opposition to all Motions to Dismiss. (Dkts. 68, 69, 91, 92, 93, 106) This action is now ripe for review.

Plaintiffs are individuals and the relatives of individuals who allege harm resulting from Hamas' October 7, 2023 terrorist attacks in Israel and other subsequent terrorist attacks in Israel. (Dkt. 6 at ¶¶ 417-452) Plaintiffs allege that all two hundred thirty-four[1] Defendants conspired with, aided and abetted, and provided material

---

[1] Counting the two hundred sixteen listed Students for Justice in Palestine chapters across universities mentioned in Exhibit 1 of the Amended Complaint, the Court counts two hundred thirty-four

2

support to Hamas. (Id. at ¶ 2) Plaintiffs assert three causes of action under the Anti-Terrorism Act (ATA), as amended by the Justice Against Sponsors of Terrorism Act (JASTA): Conspiracy Liability (18 U.S.C. § 2333(a) and (d)); Aiding and Abetting Liability (18 U.S.C. § 2333(a) and (d)); and Material Support Liability (18 U.S.C. § 2339B and § 2333(a)). (Dkt. 6 at ¶¶ 453-484) Plaintiffs attempt to link their injuries sustained in Hamas' October 7, 2023 attacks and subsequent attacks in Israel with Defendants' conduct.

## II.    LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In considering a motion to dismiss and evaluating the sufficiency of a

Defendants.

3

complaint, a court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.

### III.  ANALYSIS

#### a. The Amended Complaint does not comport with the required pleading standard of Fed. R. Civ. P. 8.

As a preliminary matter, the Amended Complaint disregards the pleading requirement of Rule 8 of the Federal Rules of Civil Procedure. A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiffs, here, file a two hundred eighteen page Amended Complaint and do not address Count I against Defendants until page two hundred one. This is not a short and plain statement of the claim by any definition of the phrase. While Plaintiffs are given grace and discretion to decide what Rule 8 requires depending on the claim asserted, two hundred one pages of factual allegations and history for the Court and Defendants to sift through is improper. "A complaint is a mechanism to fairly, precisely, directly, soberly, and economically inform the defendants . . . of the nature and content of the claims." Trump v. New York Times Co., 800 F. Supp. 3d 1297, 1299 (M.D. Fla. 2025). The Complaint fails under the required pleading standard.

The Complaint is also a quintessential shotgun pleading. "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that

the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294–95 (11th Cir. 2018). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Here, the Complaint is a shotgun pleading for three reasons. First, it consists of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Second, it improperly realleges all preceding paragraphs in each Count such that each Count contains irrelevant factual allegations and legal conclusions. See id. at 1321-22, 1324. Finally, the Complaint asserts three claims against two hundred thirty-four defendants without identifying which defendants are responsible for which allegations. See id. Even still, the Court will address the Defendants' Motions to Dismiss and determine whether the claims against Defendants properly state claims for relief.

5

**b. The Amended Complaint fails to state a claim for relief for all alleged Counts.**

Defendants' Motions to Dismiss all assert Plaintiffs failed to state a claim upon which relief can be granted and move this Court to dismiss under Fed. R. Civ. P. 12(b)(6). Defendants do not seem to dispute in their Motions that Hamas is designated as a Foreign Terrorist Organization ("FTO"), Hamas was responsible for an attack on Israel on October 7, 2023, the attack was an act of international terrorism, and Plaintiffs were harmed in that act. With those facts deemed uncontested, each Count alleged by the Plaintiffs will be addressed in turn.

i. Count II – Aiding and Abetting under the ATA[2]

The ATA permits liability against any person who aids and abets a person who commits an act of international terrorism. 18 U.S.C. § 2333(d)(2). In this context, aids and abets "refers to a conscious, voluntary, and culpable participation in another's wrongdoing," in which a person "knowingly provided substantial assistance" in the act of terrorism. Twitter, Inc. v. Taamneh, 598 U.S. 471, 493, 495 (2023). To prove this, a plaintiff should endeavor to plead (1) "the party whom the defendant aids must perform a wrongful act that causes an injury," (2) "the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance," and (3) "the defendant must knowingly and substantially assist the principal violation." Id. at 486. The Supreme Court has indicated that this

---

[2] The Court begins with the Plaintiffs' second claim to follow the briefing structure of Defendants' Motions to Dismiss and Plaintiffs' Responses in Opposition.

6

framework, first articulated in <u>Halberstam v. Welch</u>, is helpful, albeit not inflexible, in determining whether a person may be liable for aiding and abetting terrorism. <u>Id.</u> at 497 (discussing <u>Halberstam v. Welch</u>, <u>705 F.2d 472</u> (D.C. Cir. 1983)). While the <u>Halberstam</u> framework should not be applied "too rigidly," the elements "rest on the same conceptual core that has animated aiding-and-abetting liability for centuries: that the defendant consciously and culpably 'participate[d]' in a wrongful act so as to help 'make it succeed.'" <u>Id.</u> at 493.

"Under any theory, liability requires a connection between the alleged assistance and the specific act of international terrorism that injured plaintiffs." <u>Parizer v. AJP Educ. Found., Inc.</u>, No. 1:24-CV-724 (RDA/IDD), <u>2025 WL 2382933</u>, at *22 (E.D. Va. Aug. 15, 2025). The lack of a "definable nexus between the assistance provided and the wrongful act—'at minimum—drastically increases their burden to show that defendants somehow consciously and culpably assisted the attack.'" <u>Id.</u> (quoting <u>Taamneh</u>, <u>598 U.S. at 503</u>).

Here, Plaintiffs fail to sufficiently plead the second or third elements of the <u>Halberstam</u> framework or any affirmative act by Defendants that could have aided in the October 7 attacks.

## 1.  General Awareness

First, Plaintiffs do not allege any general awareness of the October 7 attacks by any Defendant. Plaintiffs recite a multitude of specific incidents and/or statements by non-defendants and Defendants supporting Palestine and/or disagreeing with Israel's role in the ongoing conflict, the creation of Israel, U.S. support for Israel, Zionism,

and the like. While Plaintiffs may strongly disagree with these individuals and Defendants' views, Plaintiffs do not allege any conduct that indicates knowledge of the October 7 attacks prior to their onset.[3] Plaintiffs again fail to allege any non-conclusory awareness of subsequent actions and attacks by Hamas after October 7, to the extent those attacks harmed Plaintiffs. Disagreement with Israel and its actions and support for Palestine are not the same as awareness of a role in the attacks carried out by Hamas.

### 2. Knowing And Substantial Assistance

Second, Plaintiffs fail to allege knowing and substantial assistance. Plaintiffs in their Responses to the Motions to Dismiss suggest that knowledge of the specific act that harmed Plaintiffs is not required, see e.g., (Dkt. 68 at 13; Dkt. 91 at 11; Dkt. 92 at 10; Dkt. 93 at 17), but this is incorrect. The Supreme Court has clearly stated: "it is not enough, as [P]laintiffs contend, that a [D]efendant [has] given substantial assistance to a transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it." Taamneh, 598 U.S. at 495. Instead, Defendants must have knowingly provided substantial assistance to Hamas in the commission of the specific actionable wrong. Id. Plaintiffs fail to allege such assistance.

This prong of aiding and abetting is "designed to capture the defendants' state

---

[3] For example, Plaintiffs imply that Columbia Students for Justice in Palestine's Instagram Post on October 5, 2023, captioned, "We are back!! First general body meeting to be announced soon… Stay tuned," is an indication of knowledge of the October 7 attacks because they did not post for the preceding five months. (Dkt. 6 at ¶ 297) Notably, most college students are not on campus during the months of May-August and while unfortunate timing, there is no actual allegation that the students were aware of the attacks.

of mind with respect to their actions and the tortious conduct." <u>Taamneh</u>, <u>598 U.S. at 504</u>. Plaintiffs fail to allege Defendants' state of mind. Plaintiffs make many conclusory allegations regarding Defendants "close integration" and "alliance with Hamas" such that they "shared the common goal of Hamas destroying the state of Israel," but these are conclusory allegations devoid of factual support. More so, concluding that some of the Defendants are a reincarnation of previous organizations found to materially support Hamas is not enough to show knowledge and substantial assistance in furthering the October 7 attacks.

Plaintiffs also allege that Defendants collectively "aided and abetted the commission of Hamas's acts" by the following:

> providing essential platforms, communications, and public relations within the United States, acting as a surrogate for Hamas, exerting political pressure, coercion, and influence on the United States government and, by extension, the State of Israel. Defendants aided and abetted the commission of Hamas's acts of terrorism by helping Hamas maintain its power, conceal its diversion of hundreds of millions of dollars in aid intended for Gazan civilians, and allow Hamas to perpetrate and continue their atrocities. Additionally, Defendants serve and continue to serve Hamas's agenda by encouraging and perpetrating the terrorizing of Jewish students on college campuses, promoting Jihad, supporting boycott initiatives, and advocating for the destruction of the State of Israel, thereby extending and strengthening Hamas's influence within the United States.

(<u>Dkt. 6 at</u> ¶ 476) Plaintiffs do not indicate which of the two hundred thirty-four Defendants are alleged to have engaged in this conduct. As discussed above, Plaintiffs also do not allege any awareness or knowledge of the October 7, 2023 attacks or subsequent attacks by Hamas. Plaintiffs, thus, are unable to allege substantial

assistance to help any specific attack succeed.[4] Because Plaintiffs have not alleged knowing assistance, the Court need not delve into whether Defendants provided substantial assistance.

### 3.  Affirmative Act

Finally, even if the Court disregarded the Halberstam factors, Plaintiffs fail to plead any affirmative act by the Defendants that could point to Defendants' "intent of facilitating the offense's commission." Taamneh, 598 U.S. at 490. An affirmative act can include conduct such as "abetting, inducing, encouraging, soliciting, or advising the commission of the offense, such as through words of encouragement or driving the getaway car." Id. Any alleged encouraging statements made by protestors, other individuals, or Defendants that discussed October 7 were made after the attacks and thus could not have aided or abetted the commission of the specific offense. Plaintiffs allege no other affirmative act to satisfy the aiding and abetting standard.

As such, Plaintiffs' aiding and abetting claim under the ATA is due to be **DISMISSED**.

### ii. Count I – Conspiracy Liability under the ATA

Plaintiffs similarly fail to allege conspiracy liability. To plead a claim for conspiracy under the Anti-Terrorism-Act, Plaintiffs must allege: "(1) an agreement between two or more persons; (2) to participate in an unlawful act; (3) an injury caused

---

[4] To the extent some individuals' statements were threatening and antisemitic, see e.g., (Dkt. 6 at ¶ 286), while horrific, they still do not allege knowing, substantial assistance to Hamas in its attacks. It is also important to note there is also no indication that the cited paragraph is a quote said by any specifically identified Defendant.

by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme." Newman v. Associated Press, 758 F. Supp. 3d 1357, 1373–74 (S.D. Fla. 2024) (quoting Halberstam, 705 F.2d at 477). Some courts have found a conspiracy claim where the alleged parties "pursued the same object, although by different means, one performing one part and another part." Halberstam, 705 F.2d at 480 (citing Davidson v. Simmons, 280 N.W.2d 645, 648-49 (Neb. 1979)).

Here, while Plaintiffs repeatedly state Defendants "knowingly conspired," "acted overtly," "entered into a conspiracy," "furthered the conspiracy," and "shared [Hamas'] objectives," Plaintiffs do not allege any sufficient factual support for these legal conclusions. (Dkt. 6 at ¶¶ 453-467) There are no allegations that Defendants and Hamas ever directly conspired or indirectly conspired. Plaintiffs plead no allegations of communication between Defendants and Hamas, or circumstantial evidence of communication. Nor are there any allegations of acts performed in furtherance of Hamas' terrorist scheme. Plaintiffs' allegations instead accuse Defendants of "continu[ing] the [] enterprise of sustaining Hamas in the United States and conspiracy with Hamas" primarily premised upon allegations that some of Defendants' board members formerly served on the boards of now defunct nonprofit organizations said to previously materially support Hamas. (Dkt. 6 at ¶ 406) These accusations are conclusory and among the courts that have recently been presented with this, or a similar, argument, none has found any Defendant to be an alter ego of the prior organizations or Hamas. See Gerwaski v. State ex rel. Bd. of Regents of the Nevada

11

System of Higher Educ., No. 2:24-CV-00985-APG-MDC, 2025 WL 1294107, at *5 (D. Nev. May 5, 2025); Parizer, 2025 WL 2382933, at *20; Manhart v. WESPAC Found., Inc., No. 24-CV-08209, 2025 WL 2257408 (N.D. Ill. Aug. 7, 2025).

In sum, Plaintiffs do not state a claim for conspiracy. Plaintiffs' conspiracy liability claim under the ATA is due to be **DISMISSED**.

iii.    Count III – Material Support under the ATA

While aiding and abetting and conspiracy are secondary liability claims under JASTA's secondary liability provision, 18 U.S.C. § 2333(d)(2), material support under 18 U.S.C. § 2339B is a direct liability claim. To establish a direct liability claim under the Anti-Terrorism Act, Plaintiffs must allege "(1) unlawful action, i.e. an act of international terrorism; (2) the requisite mental state; and (3) causation." Newman v. Associated Press, 801 F. Supp. 3d 1334, 1348 (S.D. Fla. 2025) [hereinafter Newman II] (alteration accepted) (citing In re Chiquita Brands Int'l, Inc., 284 F. Supp. 3d 1284, 1305 (S.D. Fla. 2018)). Plaintiffs fail to allege an act of international terrorism, as required by § 2333. Their allegations of Defendants' material support to an FTO under § 2339B are insufficient.

**1. Act of International Terrorism**

Plaintiffs assert that providing material support to Hamas is by definition an act of international terrorism sufficient to satisfy the first element of direct liability under § 2333(a). See e.g., (Dkt. 68 at 20, Dkt. 92 at 18, Dkt. 106 at 18) The Court disagrees. See e.g., Newman, 758 F. Supp. 3d at 1376 ("[I]t is not enough to allege claims under §§ 2339A and B to automatically render them acts of international terrorism."). "The

12

provision of material support[5] to a designated terrorist organization in violation of §

2339B can certainly satisfy [] part of the statutory definition . . . [b]ut, to qualify as

international terrorism, a defendant's act must also involve violence or endanger

human life." Linde v. Arab Bank, PLC, 882 F.3d 314, 326 (2d Cir. 2018). To allege a

direct liability claim of international terrorism, Plaintiffs must separately allege a

violation of the criteria in § 2331(1). See Newman, 758 F. Supp. 3d at 1376 (collecting

cases).

Plaintiffs do not allege any acts by Defendants that meet the criteria in § 2331(1).

See Linde, 882 F.3d at 326; see also In re Chiquita Brands Int'l, Inc., 284 F. Supp. 3d

at 1307 ("Because § 2333(a) supports only primary liability, a successful ATA plaintiff

must allege and prove that the defendant directly committed an 'act of international

terrorism' which caused the plaintiff's injuries."). Plaintiffs assert that Hamas, not

Defendants, "committed, planned, and authorized" acts of international terrorism.

(Dkt. 6 at ¶¶ 456, 472)

Plaintiffs attempt to allege material support by Defendants through

"communication, platforms, and public relations" as "the U.S. student arms of

Hamas" that allegedly helped Hamas divert millions of dollars in aid toward its

terrorism. (Id. at ¶ 483) Plaintiffs fail to provide any facts that support the conclusions

---

[5] 18 U.S.C. § 2339A(b)(1) defines material support as "any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials."

that Defendants' support for Palestinians transformed them into the "U.S. [] arms of Hamas" or that any money was given or diverted to Hamas. Nor do Plaintiffs allege material support sufficient to rise to an act of international terrorism.

The discernable allegations of Defendants' alleged financial support to Hamas are riddled with inferential leaps and devoid of factual support. See (Dkt. 6 at ¶ 136) ("AMP . . . has indirectly provided material support to Hamas by arranging to have payments sent to purported charitable organizations, which act as intermediaries. These organizations raise funds at the AMP conventions to send overseas for the ostensible purpose of 'ameliorating the suffering in Gaza.' Each of these organizations has close connections with Hamas and disburses funds through Hamas operatives."); see also (Dkt. 6 at ¶¶ 139-141, 305).

Plaintiffs cite to Holder v. Humanitarian Law Project to support their assertions, but their comparison is misguided. 561 U.S. 1 (2010). In Holder, the plaintiffs sued challenging the constitutionality of the statute criminalizing material support, § 2339B. The plaintiffs claimed that they hoped to provide support, legal training, monetary contributions, and other tangible aid to specific designated FTOs, compared to Defendants whose alleged material support is altogether conclusory. Id. at 10. In this case, Plaintiffs allege, for example, that the National Students for Justice in Palestine ("NJSP") Defendants disseminated the "Day of Resistance Toolkit," a document for American college students, created *after* the October 7, 2023 attacks. This document stated:

Unity Intifada: The revolution is being waged across historic

14

Palestine—not just cross-factional, but unifying our people in the name of resistance; All Palestinian factions in Gaza appear to be participating under unified command; *This is the first time since 1949 that a large-scale battle has been fought within '48 Palestine.* We as Palestinian students in exile are PART of this movement, not in solidarity with this movement. This is a moment of mobilization for all Palestinians. We must act as part of this movement. All of our efforts continue the work and resistance of Palestinians on the ground.

(Dkt. 6 at ¶¶ 288, 293) (emphasis in original). As the Eastern District of Virginia District Court stated, "[i]t is not a reasonable inference that this statement, coupled with the observation that '[a]ll Palestinian factions in Gaza appear to be participating under unified command,' to be an admission by NSJP that it is 'part of Hamas and works to further its evil ends.'" Parizer, 2025 WL 2382933, at *20. And even if that inference were reasonable, Plaintiffs fail to allege sufficient facts to support an allegation that Defendants knowingly committed an act of international terrorism. See id.

Further, the allegations that some Defendants are "acting as a surrogate for Hamas" or are "the alter ego and successor of [prior material support enterprises] and, since [their] founding, ha[ve] carried on the Hamas conspiracy in the United States,"(Dkt. 6 at ¶ 128), are conclusory and based mainly on allegations that they have overlapping board members. See Parizer, 2025 WL 2382933, at *20. Again, an inference that organizations with shared board members are each other's alter ego or successors is not reasonable absent factual support. Id.

## 2. Requisite Mental State and Causation

Even if the Plaintiffs were able to allege an act of international terrorism at the

15

hands of the Defendants, Plaintiffs do not sufficiently allege causation or the requisite mental state. 18 U.S.C. § 2339B requires a mental state of "knowingly." While the statute does not require intent to further the organization's terrorist activities, it does require any material support to be "coordinated with or under the direction of a designated foreign terrorist organization." Holder, 561 U.S. at 32. "Independent advocacy that might be viewed as promoting the group's legitimacy" is insufficient. Id. at 31-32.

Here, Plaintiffs do not allege any speech or actions by Defendants that were coordinated with Hamas. They instead allege conclusively that Defendants' advocacy for Palestine is synonymous with providing material support for Hamas because Defendants and Hamas share the same goal of a free Palestine. This is exactly what the material support statute forbids. "Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control." 18 U.S.C. § 2339B(h).

Finally, Plaintiffs are unable to show that Defendants' conduct was a proximate cause of Plaintiffs injuries as required under the ATA. 18 U.S.C. § 2333(a) ([a]ny national of the United States injured . . . *by reason of* an act of international terrorism . . . may sue therefor in any appropriate district court of the United States") (emphasis added). Federal courts have "conflicting versions of proximate cause," and the Eleventh Circuit has not yet ruled on the issue. Colon v. Twitter, Inc., 14 F.4th 1213, 1223 (11th Cir. 2021). Courts differ between a "direct relationship" approach and a

16

"substantial factor" approach that requires injuries to be "reasonably foreseeable or anticipated." See, e.g., Fields v. Twitter, Inc., 881 F.3d 739, 744 (9th Cir. 2018)) ("[A] plaintiff must show at least some direct relationship between the injuries that he or she suffered and the defendant's acts."); Owens v. BNP Paribas, S.A., 897 F.3d 266 (D.C. Cir. 2018) (requiring plaintiffs to allege proximate cause by showing (1) the defendants acts were a "substantial factor" in the events that led to the injuries and (2) the injuries were "reasonably foreseeable or anticipated as a natural consequence").

Without Eleventh Circuit authority on the correct standard for proximate cause and assuming arguendo that the Eleventh Circuit would adopt the lower standard, Plaintiffs are unable to allege Defendants' acts were a substantial factor in causing Plaintiffs' injuries. Plaintiffs do not allege any facts that show Defendants' conduct had even a minimal influence in the attacks on October 7. Plaintiffs assert that Defendants legitimized the October 7 attacks through social media and protests, (Dkt. 6 at ¶¶ 409, 411, 414, 415), but there are no facts explaining the legitimization or "who supposedly viewed [Defendant's posts and demonstrations] and was radicalized by them or thereafter went on to support Hamas." Newman II, 801 F. Supp.3d at 1351-52 (citing Kaplan v. Jazeera, No. 10 CIV. 5298, 2011 WL 2314783, at *7 (S.D.N.Y. June 7, 2011)) ("Plaintiffs [did] not allege[] any facts suggesting that Defendant's broadcasts were used by Hezbollah to better target their rockets" nor did they offer "facts suggesting that Hezbollah viewed Defendant's broadcasts (rather than another network's broadcasts or no broadcasts at all.)")); see also In re Terrorist Attacks on September 11, 2001, 714 F.3d 118, 123-24 (2d Cir. 2013); Ofisi v. BNP Paribas, S.A.,

17

77 F.4th 667, 678-79 (D.C. Cir. 2023). In sum, Plaintiffs fail to allege proximate cause under any standard.

Since Plaintiffs fail to allege an act of international terrorism, requisite mental state, or causation, Plaintiffs' material support liability claim under the ATA is due to be **DISMISSED**.

## IV.    CONCLUSION

Plaintiffs' Complaint does not comport with the required pleading standard, and Plaintiffs' Complaint fails to state a claim for any of the three alleged counts.

Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' Motions to Dismiss are **GRANTED**.

2. The operative Complaint, (Dkt. 6), is **DISMISSED**.

3. The Court **TAKES UNDER ADVISEMENT** the currently pending Motions for Sanctions, (Dkts. 82, 83, 84, 94, 95, 108) and **DIRECTS** any outstanding Motions for Sanctions to be filed, if the Motion was served at least 21 days before this Order to account for the safe harbor provision in Fed. R. Civ. P 11(c)(2). See Huggins v. Lueder, Larkin & Hunter, LLC, 39 F.4th 1342 (11th Cir. 2022).

**DONE** and **ORDERED** in Tampa, Florida this 24th day of February 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record
Any unrepresented parties

18

APPEAL,STAYED

# U.S. District Court
# Middle District of Florida (Tampa)
# CIVIL DOCKET FOR CASE #: 8:24-cv-01067-MSS-SPF

Shnaider et al v. American Muslims for Palestine et al
Assigned to: Judge Mary S. Scriven
Referred to: Magistrate Judge Sean P. Flynn
Cause: 18:2333 Civil Remedies - International Terrorism

Date Filed: 05/02/2024
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Maurice Shnaider**

represented by **Robert J. Tolchin**
The Berkman Law Office, LLC
829 East 15th Street
Box 7
Brooklyn, NY 11230
718-855-3627
Email: rtolchin@berkmanlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
The Law Office of Tammie A. Purow, PLLC
2722 Griffin Road
PMB # 260
Dania Beach, FL 33312
954-260-7540
Email: tpurowlawoffice@gmail.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Limor Rom**
*individually and as personal representative*
*of the Estate of Jonathan Rom a/k/a Yonatan*
*Rom*

represented by **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tomer Rom**
*individually and as personal representative*
*of the Estate of Jonathan Rom a/k/a Yonatan*
*Rom*

represented by **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alona Miriam Rom**                    represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Noam Rom**                    represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ethan Kessler Halley**                    represented by    **Robert J. Tolchin**
*also known as*                                             (See above for address)
Eitan Kessler Halley                                        *PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Adam Fischer Halley**                    represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wendy Kessler Halley**                    represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Tammie Purow
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Boaz Kessler Halley**                    represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sadie Kessler Halley**                   represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jane Kessler**                           represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Kessler**                         represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hal David Lubin**                        represented by    **Robert J. Tolchin**
*individually and as personal representative*               (See above for address)
*of the Estate of Rose Ida Lubin, and as the*              *LEAD ATTORNEY*
*father and natural guardian of L.Z.L.,*                   *PRO HAC VICE*
*J.H.L., and I.E.L., minors*                               *ATTORNEY TO BE NOTICED*

**Tammie Purow**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robin Lynn Lubin**
*individually and as personal representative of the Estate of Rose Ida Lubin, and as the mother and natural guardian of L.Z.L., J.H.L., and I.E.L., minors*

represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alec Meyer Lubin**

represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eve Lapides Lubin Marx**

represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nathan Lubin**

represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Alan Howard Halpern**

represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Tammie Purow
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hellene Kalish Traub**                    represented by    **Robert J. Tolchin**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tammie Purow**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elad Moshe Saadon**                       represented by    **Robert J. Tolchin**
*individually and as personal representative*                (See above for address)
*of the Estate of Hallel Shmuel Saadon, and*                 *LEAD ATTORNEY*
*as the father and natural guardian of N.Y.S.,*              *PRO HAC VICE*
*S.Y.S. and O.I.S., minors,*                                 *ATTORNEY TO BE NOTICED*

                                                            **Tammie Purow**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dvora Batya Saadon**                      represented by    **Robert J. Tolchin**
*individually and as personal representative*                (See above for address)
*of the Estate of Hallel Shmuel Saadon, and*                 *LEAD ATTORNEY*
*as the mother and natural guardian of*                      *PRO HAC VICE*
*N.Y.S., S.Y.S. and O.I.S., minors,*                         *ATTORNEY TO BE NOTICED*

                                                            **Tammie Purow**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tamir Aharon Saadon**                     represented by    **Robert J. Tolchin**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tammie Purow**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Harvey Solomon Lipnick**                  represented by    **Robert J. Tolchin**
*also known as*                                              (See above for address)
Chaim Shabtai Livneh                                        *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                    **Tammie Purow**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Geula Sadun**                    represented by    **Robert J. Tolchin**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Tammie Purow**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aileen Greenberg**              represented by    **Robert J. Tolchin**
*also known as*                                     (See above for address)
Hana Greenberg                                     *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Tammie Purow**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Harold M. Greenberg**           represented by    **Robert J. Tolchin**
*also known as*                                     (See above for address)
Aharon Mordechai Greenberg                          *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Tammie Purow**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Yonah Chava Landau Zenilman**   represented by    **Robert J. Tolchin**
*individually and as personal representative*       (See above for address)
*of the Estate of Ari Yehiel Weinsoff*              *PRO HAC VICE*
*Zenilman, and as the mother and natural*           *ATTORNEY TO BE NOTICED*
*guardian of A.D.Z., T.C.Z., M.N.Z, minors,*

                                                    **Tammie Purow**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisa Marta Weinsoff**           represented by    **Robert J. Tolchin**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Alan Zenilman**                     represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eli Dov Weinsoff Zenilman**                represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Yonatan Meir Weinsoff Zenilman**          represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eitan Pinchas Zenilman**                   represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shira Ronit Zenilman Brull**               represented by    **Robert J. Tolchin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Isaac Margulies**                    represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jacob Margulies**                    represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ellyn Margulies**                    represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Simon Margulies**                    represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Asher Solomon Margulies**            represented by    **Robert J. Tolchin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Tammie Purow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nicholas Albert Merkin**                represented by    **Robert J. Tolchin**
*individually and as the father and natural*                (See above for address)
*guardian of I.T.M., minor*                                 *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tammie Purow**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sharon Celine Stein**                   represented by    **Robert J. Tolchin**
*individually and as the mother and natural*                (See above for address)
*guardian of I.T.M., minor*                                 *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tammie Purow**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jonathan Dov Merkin**                   represented by    **Robert J. Tolchin**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tammie Purow**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eytan Louis Merkin**                    represented by    **Robert J. Tolchin**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tammie Purow**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**American Muslims for Palestine**                    represented by **Christina A. Jump**
Jump Start Legal Justice Center PLLC
100 N. Central Expy.
Suite 537
Richardson, TX 75080
214-497-6151
Fax: 972-692-7454
Email: cjump@jump-start-legal.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina A. Boyd**
Muslim Legal Fund of America
100 N. Central Expy.
Suite #1010
Richardson, TX 75080
803-743-7754
Email: ali.boyd@mlfa.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samira S. Elhosary**
Muslim Legal Fund of America
100 N. Central Expressway
Suite 1010
Richardson, TX 75080
972-914-2507
Email: selhosary@clcma.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Americans for Justice in Palestine**          represented by **Christina A. Jump**
**Educational Foundation**                                      (See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina A. Boyd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samira S. Elhosary**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**United States Palestinian Community**         represented by **Ben H. Elson**
**Network**                                                            People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
Email: ben@peopleslawoffice.com

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Collin Poirot**
2603 Oak Lawn
Suite 300
Dallas, TX 75219
214-392-2281
Email: cpoirot.law@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Students for Justice in Palestine**

**Defendant**

**Students for Justice in Palestine Chapters**

**Defendant**

**Within Our Lifetime**

**Defendant**

**CodePink**                         represented by  **David Pina**
                                                     500 NW 28th St. #1799 NW
                                                     PO Box 420305
                                                     Miami, FL 33142-9998
                                                     786-303-0247
                                                     Email: davidpinaesq@gmail.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Hatem Bazian**                      represented by  **Christina A. Jump**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Christina A. Boyd**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Samira S. Elhosary**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Osama Abuirshaid**                  represented by  **Christina A. Jump**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Christina A. Boyd**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samira S. Elhosary**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Abdelbasset Hamayel**
*TERMINATED: 07/15/2024*

**Defendant**

**Madgi Odeh**                              represented by    **Ben H. Elson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Collin Poirot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rafeeq Jaber**                            represented by    **James Murray Slater**
Slater Legal PLLC
2296 Henderson Mill Rd NE
Suite 116
Atlanta, GA 30345
404-458-7283
Email: james@slater.legal
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hatem Abudayyeh**                         represented by    **Ben H. Elson**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Collin Poirot**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Taher Herzallah**                         represented by    **James Murray Slater**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Saleh Sarsour**                    represented by    **Christina A. Jump**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina A. Boyd**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samira S. Elhosary**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shakeel Sayed**                    represented by    **Christina A. Jump**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina A. Boyd**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samira S. Elhosary**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Munjed Ahmed**                    represented by    **Christina A. Jump**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christina A. Boyd**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samira S. Elhosary**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nerdeen Kiswani**

**Defendant**

**Abdullah Akl**

**Defendant**

**Zarefah Baroud**                                  represented by **James Murray Slater**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/02/2024 | 1 | COMPLAINT against All Defendants with Jury Demand filed by All Plaintiffs. (NOTE: Filing fee not paid or IFP filed). (e-portal) (Attachments: # 1 Civil Cover Sheet)(GL) Modified text on 7/1/2024 (LSS). (Entered: 05/03/2024) |
| 05/02/2024 | 2 | MOTION for Robert J. Tolchin to appear pro hac vice by All Plaintiffs. (e-portal) (GL) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 05/03/2024) |
| 05/06/2024 | 3 | **ENDORSED ORDER granting 2 Plaintiffs' Motion to Appear Pro Hac Vice. Attorney Robert Tolchin may appear pro hac vice on behalf of Plaintiffs. Within twenty-one (21) days of the date of this Order, counsel shall comply with the fee and electronic filing registration requirements of Local Rule 2.01(c)(5). Signed by Magistrate Judge Sean P. Flynn on 5/6/2024. (ACS)** (Entered: 05/06/2024) |
| 05/13/2024 | 4 | NOTICE to Counsel of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (BCH) (Entered: 05/13/2024) |
| 06/14/2024 |  | ***PRO HAC VICE FEES PAID (Receipt Number TPA070568 for $150) by attorney Robert Tolchin. Related document: 2 MOTION for Robert J. Tolchin to appear pro hac vice. (ARC) (Entered: 06/14/2024) |
| 06/17/2024 | 5 | NOTICE TO COUNSEL Robert J. Tolchin Local Rule 2.01(c), Special Admission - Submit a Pro Hac Vice E-File Registration through PACER. Visit www.flmd.uscourts.gov/for-lawyers for details (Signed by Deputy Clerk). (GL) (Entered: 06/17/2024) |
| 07/15/2024 | 6 | AMENDED COMPLAINT against All Defendants with Jury Demand filed by All Plaintiffs. Related document: 1 Complaint filed by all plaintiffs. (Tolchin, Robert) Modified to link to related document on 7/17/2024 (LMF). (Entered: 07/15/2024) |
| 07/18/2024 | 7 | **PER COUNSEL, FILED IN ERROR - TO BE REFILED** PROPOSED summons to be issued by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, |

| | | |
|---|---|---|
| | | Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) Modified text on 7/19/2024 (GL). (Entered: 07/18/2024) |
| 07/24/2024 | 8 | DUPLICATE AMENDED COMPLAINT *(Amended complaint - identical to amended complaint already filed - being refiled to trigger filing fee payment system to enable fee to be paid)* against All Defendants with Jury Demand (Filing fee $405 receipt number AFLMDC-22332283) filed by All Plaintiffs.(Tolchin, Robert) Modified text on 7/29/2024 (LSS). (Entered: 07/24/2024) |
| 07/24/2024 | 9 | Unopposed MOTION for Miscellaneous Relief, specifically 60 day extension of time to serve process, through and including 9-30-24 by All Plaintiffs. (Tolchin, Robert) (Entered: 07/24/2024) |
| 07/26/2024 | 10 | PROPOSED summons to be issued by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 07/26/2024) |
| 07/29/2024 | 11 | DISCHARGED per Endorsed Order 14. **SHOW CAUSE ORDER. Plaintiffs are directed to SHOW CAUSE why venue is proper in the Middle District of Florida. Additionally, Plaintiffs are directed to SHOW CAUSE as to the basis for this action being filed jointly by all Plaintiffs, rather than as separate actions on behalf of each. Plaintiffs shall file a response to this Order on or before August 12, 2024. The Court DENIES WITHOUT PREJUDICE 9 Plaintiffs' Motion for Extension of Time to Serve Process. Signed by Judge Mary S. Scriven on 7/29/2024. (AC)** Modified text on 3/27/2025 (BD). (Entered: 07/29/2024) |
| 07/30/2024 | 12 | SUMMONS issued as to Hatem Abudayyeh, Osama Abuirshaid, Munjed Ahmed, Abdullah Akl, American Muslims for Palestine, Americans for Justice in Palestine Educational Foundation, Zarefah Baroud, Hatem Bazian, CodePink, Taher Herzallah, Rafeeq Jaber, Nerdeen Kiswani, National Students for Justice in Palestine, Madgi Odeh, Saleh Sarsour, Shakeel Sayed, Students for Justice in Palestine Chapters, United States Palestinian Community Network, Within Our Lifetime. (LNR) (Entered: 07/30/2024) |
| 07/31/2024 | 13 | RESPONSE TO ORDER TO SHOW CAUSE re 11 Order on Motion for Miscellaneous Relief filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn |

| | | |
|---|---|---|
| | | Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 07/31/2024) |
| 03/27/2025 | 14 | **ENDORSED ORDER DISCHARGING SHOW CAUSE ORDER. Plaintiffs are hereby granted ninety (90) days to serve the defendants in this action. Signed by Judge Mary S. Scriven on 3/27/2025. (AC)** (Entered: 03/27/2025) |
| 05/02/2025 | 15 | **\*\*PER COUNSEL, FILED IN ERROR AND REFILED AT 16 - 21\*\*** WAIVER of service returned executed on 5-1-25 by All Plaintiffs as to Shakeel Sayed. (Tolchin, Robert) Modified text on 5/2/2025 (GL). (Entered: 05/02/2025) |
| 05/02/2025 | 16 | WAIVER of service returned executed on 5-1-2025 by All Plaintiff as to American Muslims for Palestine. (Tolchin, Robert) Modified text on 5/2/2025 (GL). (Entered: 05/02/2025) |
| 05/02/2025 | 17 | WAIVER of service returned executed on 5/1/025 by All Plainitffs as to Osama Abuirshaid. (Tolchin, Robert) Modified text on 5/2/2025 (GL). (Entered: 05/02/2025) |
| 05/02/2025 | 18 | WAIVER of service returned executed on 5-1-2025 by All Plaintiffs as to Saleh Sarsour. (Tolchin, Robert) Modified text on 5/2/2025 (GL). (Entered: 05/02/2025) |
| 05/02/2025 | 19 | WAIVER of service returned executed on 5-1-2025 by All Plaintiffs as to Munjed Ahmed. (Tolchin, Robert) Modified text on 5/2/2025 (GL). (Entered: 05/02/2025) |
| 05/02/2025 | 20 | WAIVER of service returned executed on 5-1-2025 by All Plaintiffs as to Hatem Bazian. (Tolchin, Robert) Modified text on 5/2/2025 (GL). (Entered: 05/02/2025) |
| 05/02/2025 | 21 | WAIVER of service returned executed on 5-1-2025 by All Plaintiffs as to Shakeel Sayed. (Tolchin, Robert) Modified text on 5/2/2025 (GL). (Entered: 05/02/2025) |
| 05/21/2025 | 23 | SUMMONS returned unexecuted by Harold M. Greenberg, Nathan Lubin, Tamir Aharon Saadon, Limor Rom, Hal David Lubin, Maurice Shnaider, Robin Lynn Lubin, Aileen Greenberg, Robert Kessler, Simon Margulies, Dvora Batya Saadon, Harvey Solomon Lipnick, Shira Ronit Zenilman Brull, Eve Lapides Lubin Marx, Sadie Kessler Halley, Eytan Louis Merkin, Elad Moshe Saadon, Boaz Kessler Halley, Lisa Marta Weinsoff, Jonathan Dov Merkin, Alan Howard Halpern, Jacob Margulies, Nicholas Albert Merkin, Hellene Kalish Traub, Geula Sadun, Ethan Kessler Halley, Eitan Pinchas Zenilman, Robert Alan Zenilman, Tomer Rom, Wendy Kessler Halley, Isaac Margulies, Sharon Celine Stein, Jane Kessler, Yonatan Meir Weinsoff Zenilman, Adam Fischer Halley, Alona Miriam Rom, Yonah Chava Landau Zenilman, Eli Dov Weinsoff Zenilman, Asher Solomon Margulies, Alec Meyer Lubin, Ellyn Margulies, Noam Rom as to United States Palestinian Community Network. (KME) (Entered: 05/23/2025) |
| 05/22/2025 | 22 | WAIVER of service returned executed on 5/22/2025 by Harold M. Greenberg, Nathan Lubin, Tamir Aharon Saadon, Limor Rom, Hal David Lubin, Maurice Shnaider, Robin Lynn Lubin, Aileen Greenberg, Robert Kessler, Simon Margulies, Dvora Batya Saadon, Harvey Solomon Lipnick, Shira Ronit Zenilman Brull, Eve Lapides Lubin Marx, Sadie Kessler Halley, Eytan Louis Merkin, Elad Moshe Saadon, Boaz Kessler Halley, Lisa Marta Weinsoff, Jonathan Dov Merkin, Alan Howard Halpern, Jacob Margulies, Nicholas Albert Merkin, Hellene Kalish Traub, Geula Sadun, Ethan Kessler Halley, Eitan Pinchas Zenilman, Robert Alan Zenilman, Tomer Rom, Wendy Kessler Halley, Isaac Margulies, Sharon Celine Stein, Jane Kessler, Yonatan Meir Weinsoff Zenilman, Adam Fischer Halley, Alona Miriam Rom, Yonah Chava Landau Zenilman, |

| | | |
|---|---|---|
| | | Eli Dov Weinsoff Zenilman, Asher Solomon Margulies, Alec Meyer Lubin, Ellyn Margulies, Noam Rom as to United States Palestinian Community Network. (Tolchin, Robert) (Entered: 05/22/2025) |
| 05/28/2025 | 24 | WAIVER of service returned executed on 5-28-25 by All Plaintiffs as to Madgi Odeh. (Tolchin, Robert) Modified text on 5/29/2025 (BD). (Entered: 05/28/2025) |
| 06/17/2025 | 25 | NOTICE of Appearance by David Pina on behalf of CodePink (Pina, David) (Entered: 06/17/2025) |
| 06/17/2025 | 26 | MOTION for Miscellaneous Relief, specifically Permitting Alternative Methods of Service and Extending Time to Serve by All Plaintiffs. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1 - Affidavits of Unsuccessful Service - Taher Herzallah, # 3 Exhibit 2 - Affidavit of Service - Herzallah, NSJP, SJP c/o AMP, # 4 Exhibit 3 - Affidavit of Posting NSJP, # 5 Exhibit 4 - Affidavit of Service NSJP (atty Kleiman), # 6 Exhibit 5 - Affidavit of Service - Rafeeq Jaber, # 7 Exhibit 6 - Sheriff's Certificate of Attempted Service - Abdullah Akl, # 8 Exhibit 7 - Affidavit of Service - Zerefah Baroud - residence, # 9 Exhibit 8 - Affidavit of Service - Baroud c/o AMP, # 10 Exhibit 9 - Certificate of Attempted Service - Kitswana WOL, # 11 Exhibit 10 - Proof of Service WOL -0 Kiswani (Staten Island))(Tolchin, Robert). (Entered: 06/17/2025) |
| 06/22/2025 | 27 | STIPULATION *waiving defense of insufficient service of process and insufficient process, and extending time to answer of Defendant CODEPINK to 9/11/25* by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 06/22/2025) |
| 06/23/2025 | 28 | **ENDORSED ORDER GRANTING 27 Joint Stipulation for Extension of Time for Defendant CodePink to Answer Plaintiff's First Amended Complaint. Defendant CodePink shall file an answer or other response to the Complaint on or before September 11, 2025. Signed by Judge Mary S. Scriven on 6/23/2025. (AC)** (Entered: 06/23/2025) |
| 06/23/2025 | 29 | MOTION for Christina A. Jump to appear pro hac vice by Osama Abuirshaid, Munjed Ahmed, American Muslims for Palestine, Hatem Bazian, Saleh Sarsour, Shakeel Sayed. (e-portal) (JKB) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 06/25/2025) |
| 06/23/2025 | 30 | MOTION for Samira S. Elhosary to appear pro hac vice by Osama Abuirshaid, Munjed Ahmed, American Muslims for Palestine, Hatem Bazian, Saleh Sarsour, Shakeel Sayed. (e-portal) (JKB) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 06/25/2025) |
| 06/23/2025 | 31 | MOTION for Christina A. Boyd to appear pro hac vice by Osama Abuirshaid, Munjed Ahmed, American Muslims for Palestine, Hatem Bazian, Saleh Sarsour, Shakeel Sayed. (e-portal) (JKB) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 06/25/2025) |

| 06/24/2025 | 32 | MOTION for Extension of Time to File Answer re 8 Complaint, 6 Amended Complaint, by Osama Abuirshaid, Munjed Ahmed, American Muslims for Palestine, Hatem Bazian, Saleh Sarsour, Shakeel Sayed. (e-portal) (JKB) (Entered: 06/25/2025) |
|---|---|---|
| 06/25/2025 | 33 | **ENDORSED ORDER granting 29 Motion to Appear Pro Hac Vice; granting 30 Motion to Appear Pro Hac Vice; granting 31 Motion to Appear Pro Hac Vice. Attorneys Christina A. Jump, Samira S. Elhosary, and Christina A. Boyd may appear pro hac vice on behalf of Defendants Osama Abuirshaid, Munjed Ahmed, American Muslims for Palestine, Hatem Bazian, Saleh Sarsour, and Shakeel Sayed. Within twenty-one days from the date of this Order, counsel shall comply with the fee and electronic filing registration requirements of Local Rule 2.01(c)(5). Signed by Magistrate Judge Sean P. Flynn on 6/25/2025. (CED)** (Entered: 06/25/2025) |
| 06/26/2025 | 34 | **ENDORSED ORDER GRANTING 32 Defendants AJP Education Foundation, Inc. d/b/a American Muslims for Palestine, Dr. Osama Abuirshaid, Dr. Hatem Bazian, Salah Sarsour, Shakeel Syed, and Munjed Ahmad's Unopposed Motion for Extension of Time to Answer Plaintiff's First Amended Complaint. Defendants shall file an answer or other response to the Complaint on or before August 11, 2025. Signed by Judge Mary S. Scriven on 6/26/2025. (AC)** (Entered: 06/26/2025) |
| 06/26/2025 | 35 | MOTION for Ben H. Elson to appear pro hac vice by Hatem Abudayyeh, Madgi Odeh and United States Palestinian Community Network. (e-portal) (JKB) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 06/26/2025) |
| 06/26/2025 | 36 | **ENDORSED ORDER granting 35 Motion to Appear Pro Hac Vice. Attorney Ben H. Elson may appear pro hac vice on behalf of Defendants U.S. Palestinian Community Network, Hatem Abudayyeh, and Magdi Odeh. Within twenty-one days from the date of this Order, counsel shall comply with the fee and electronic filing registration requirements of Local Rule 2.01(c)(5). Signed by Magistrate Judge Sean P. Flynn on 6/26/2025. (CED)** (Entered: 06/26/2025) |
| 07/07/2025 | | ***PRO HAC VICE FEES PAID (Receipt Number TPA72548 for $150) by attorney Ben Elson, appearing on behalf of United States Palestinian Community Network. Related document: 35 MOTION for Ben H. Elson to appear pro hac vice. (EGP) (Entered: 07/08/2025) |
| 07/09/2025 | 37 | Unopposed MOTION for Extension of Time to File Answer by Hatem Abudayyeh, Madgi Odeh, United States Palestinian Community Network. (Elson, Ben) (Entered: 07/09/2025) |
| 07/10/2025 | 38 | **ENDORSED ORDER GRANTING 37 Defendants U.S. Palestinian Network, Hatem Abudayyeh, and Magdi Odeh's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Amended Complaint. Defendants U.S. Palestinian Network, Hatem Abudayyeh, and Magdi Odeh shall file an answer or other response to the Complaint on or before August 11, 2025. Signed by Judge Mary S. Scriven on 7/10/2025. (AC)** (Entered: 07/10/2025) |
| 07/16/2025 | | ***PRO HAC VICE FEES PAID (Receipt Number TPA72579 for $150) by attorney Christina A. Jump, (Receipt Number TPA72580 for $150) by Samira S. Elhosary, (Receipt Number TPA72580 for $150) by Christina A. Boyd appearing on behalf of Osama Abuirshaid, Munjed Ahmed, American Muslims for Palestine, Hatem Bazian, Saleh Sarsour, Shakeel Sayed. Related document: 31 MOTION for Christina A. Boyd to appear pro hac vice, 29 MOTION for Christina A. Jump to appear pro hac vice, 30 MOTION for Samira S. Elhosary to appear pro hac vice. (EGP) (Entered: 07/16/2025) |

| 08/01/2025 | 39 | Unopposed MOTION for Extension of Time to File Answer re 6 Amended Complaint by Osama Abuirshaid, Munjed Ahmed, American Muslims for Palestine, Americans for Justice in Palestine Educational Foundation, Hatem Bazian, Saleh Sarsour, Shakeel Sayed. (Jump, Christina) (Entered: 08/01/2025) |
|---|---|---|
| 08/01/2025 | 40 | MOTION for Collin Poirot to appear pro hac vice by Hatem Abudayyeh, Madgi Odeh, United States Palestinian Community Network. (eportal)(MCB) Motions referred to Magistrate Judge Sean P. Flynn. (Entered: 08/05/2025) |
| 08/06/2025 | 41 | **ENDORSED ORDER granting 40 Motion to Appear Pro Hac Vice. Attorney Collin Poirot may appear pro hac vice on behalf of Defendants. Within twenty-one (21) days of the date of this Order, counsel shall comply with the fee and electronic filing registration requirements of Local Rule 2.01(c)(5).Signed by Magistrate Judge Sean P. Flynn on 8/6/2025. (ACS)** (Entered: 08/06/2025) |
| 08/06/2025 | 42 | **ENDORSED ORDER GRANTING 39 Defendants AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine, Dr. Osama Abuirshaid, Dr. Hatem Bazian, Salah Sarsour, Shakeel Syed, and Munjed Ahmad's Unopposed Motion for Extension of Time to Answer to Plaintiff's First Amended Complaint. Defendants shall file an answer or other response to the Complaint on or before August 15, 2025. Signed by Judge Mary S. Scriven on 8/6/2025. (AC)** (Entered: 08/06/2025) |
| 08/11/2025 |  | ***PRO HAC VICE FEES PAID (Receipt Number TPA72742 for $150) by attorney Collin Poirot, appearing on behalf of Hatem Abudayyeh, Madgi Odeh, United States Palestinian Community Network. Related document: 40 MOTION for Collin Poirot to appear pro hac vice. (EGP) (Entered: 08/11/2025) |
| 08/11/2025 | 43 | NOTICE of Lead Counsel Designation by Ben H. Elson on behalf of Hatem Abudayyeh, Madgi Odeh, United States Palestinian Community Network. Lead Counsel: Ben H. Elson. (Elson, Ben) (Entered: 08/11/2025) |
| 08/11/2025 | 44 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Hatem Abudayyeh, Madgi Odeh, United States Palestinian Community Network. (Elson, Ben) (Entered: 08/11/2025) |
| 08/11/2025 | 45 | MOTION to Dismiss for Failure to State a Claim by Hatem Abudayyeh. (Elson, Ben) (Entered: 08/11/2025) |
| 08/11/2025 | 46 | MOTION to Dismiss for Failure to State a Claim by Madgi Odeh. (Elson, Ben) (Entered: 08/11/2025) |
| 08/11/2025 | 47 | MOTION to Dismiss for Failure to State a Claim by United States Palestinian Community Network. (Elson, Ben) (Entered: 08/11/2025) |
| 08/15/2025 | 48 | MOTION to Dismiss for Failure to State a Claim by American Muslims for Palestine, Americans for Justice in Palestine Educational Foundation. (Attachments: # 1 Exhibit A)(Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 49 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by American Muslims for Palestine, Americans for Justice in Palestine Educational Foundation. (Jump, Christina) Modified on 8/21/2025 to edit filer. (AET) (Entered: 08/15/2025) |
| 08/15/2025 | 50 | MOTION to Dismiss for Failure to State a Claim by Hatem Bazian. (Jump, Christina) (Entered: 08/15/2025) |

| 08/15/2025 | 51 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Hatem Bazian. (Jump, Christina) (Entered: 08/15/2025) |
|---|---|---|
| 08/15/2025 | 52 | MOTION to Dismiss for Failure to State a Claim by Osama Abuirshaid. (Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 53 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Osama Abuirshaid. (Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 54 | MOTION to Dismiss for Failure to State a Claim by Munjed Ahmed. (Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 55 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Munjed Ahmed. (Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 56 | MOTION to Dismiss for Failure to State a Claim by Saleh Sarsour. (Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 57 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Saleh Sarsour. (Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 58 | MOTION to Dismiss for Failure to State a Claim by Shakeel Sayed. (Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 59 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Shakeel Sayed. (Jump, Christina) (Entered: 08/15/2025) |
| 08/15/2025 | 60 | NOTICE of Lead Counsel Designation by Christina A. Jump on behalf of Osama Abuirshaid, Munjed Ahmed, American Muslims for Palestine, Americans for Justice in Palestine Educational Foundation, Hatem Bazian, Saleh Sarsour, Shakeel Sayed. Lead Counsel: Christina A. Jump. (Jump, Christina) (Entered: 08/15/2025) |
| 08/21/2025 | 61 | **ORDER DENYING WITHOUT PREJUDICE 26 Plaintiffs' Motion for Alternative Service and Extension of Time to Serve Defendants. Within thirty (30) days of the date of this Order, Plaintiffs may file a renewed motion to use substituted service to serve the defendants, whether under Florida law or the law of the state where service is made. See Order for details. The Court TAKES UNDER ADVISEMENT Plaintiffs' motion for an extension of the time to serve process on the defendants. The time for Plaintiffs to serve these defendants is tolled to afford the Court time to consider the propriety of permitting service by substituted means under a renewed motion. Signed by Judge Mary S. Scriven on 8/21/2025. (AC) (Entered: 08/21/2025)** |
| 08/25/2025 | 62 | WAIVER of service returned executed on 8-22-2025 by Harold M. Greenberg, Nathan Lubin, Tamir Aharon Saadon, Limor Rom, Hal David Lubin, Maurice Shnaider, Robin Lynn Lubin, Aileen Greenberg, Robert Kessler, Simon Margulies, Dvora Batya Saadon, Harvey Solomon Lipnick, Shira Ronit Zenilman Brull, Eve Lapides Lubin Marx, Sadie Kessler Halley, Eytan Louis Merkin, Elad Moshe Saadon, Boaz Kessler Halley, Lisa Marta Weinsoff, Jonathan Dov Merkin, Alan Howard Halpern, Jacob Margulies, Nicholas Albert Merkin, Hellene Kalish Traub, Geula Sadun, Ethan Kessler Halley, Eitan Pinchas Zenilman, Robert Alan Zenilman, Tomer Rom, Wendy Kessler Halley, Isaac Margulies, Sharon Celine Stein, Jane Kessler, Yonatan Meir Weinsoff Zenilman, Adam Fischer Halley, Alona Miriam Rom, Yonah Chava Landau Zenilman, Eli Dov Weinsoff Zenilman, Asher Solomon Margulies, Alec Meyer Lubin, Ellyn Margulies, Noam Rom as to Zarefah Baroud. (Tolchin, Robert) (Entered: 08/25/2025) |
| 08/25/2025 | 63 | NOTICE of Appearance and of Lead Counsel Designation by James Murray Slater on behalf of Zarefah Baroud. Lead Counsel: James M. Slater. (Slater, James) Modified on |

| | | 8/26/2025 to edit docket text (MSN). (Entered: 08/25/2025) |
|---|---|---|
| 08/25/2025 | 64 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Zarefah Baroud. (Slater, James) (Entered: 08/25/2025) |
| 08/25/2025 | 65 | MOTION to File Excess Pages by All Plaintiffs. (Tolchin, Robert) (Entered: 08/25/2025) |
| 08/26/2025 | 66 | **ENDORSED ORDER GRANTING 65 Plaintiffs' Motion to Increase Page Limits. In response to the motions to dismiss filed by Defendant Abudayyeh, Defendant Odeh, and Defendant United States Palestinian Community Network, (Dkts. 45, 46, 47), Plaintiffs may file one response not to exceed twenty-five (25) pages. In response to the motions to dismiss filed by Defendant Americans for Justice in Palestine Educational Foundation, Defendant Bazian, Defendant Abuirshaid, Defendant Ahmad, Defendant Sarsour, and Defendant Sayed, (Dkts. 48, 50, 52, 54, 56, 58), Plaintiffs may file one response not to exceed thirty (30) pages. Signed by Judge Mary S. Scriven on 8/26/2025. (AC)** (Entered: 08/26/2025) |
| 08/27/2025 | 67 | NOTICE of supplemental authority re 46 MOTION to Dismiss for Failure to State a Claim , 47 MOTION to Dismiss for Failure to State a Claim , 45 MOTION to Dismiss for Failure to State a Claim by Hatem Abudayyeh, Madgi Odeh, United States Palestinian Community Network. (Elson, Ben) (Entered: 08/27/2025) |
| 08/29/2025 | 68 | MEMORANDUM in opposition re 52 Motion to Dismiss for Failure to State a Claim, 56 Motion to Dismiss for Failure to State a Claim, 58 Motion to Dismiss for Failure to State a Claim, 50 Motion to Dismiss for Failure to State a Claim, 54 Motion to Dismiss for Failure to State a Claim filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 08/29/2025) |
| 08/29/2025 | 69 | MEMORANDUM in opposition re 46 Motion to Dismiss for Failure to State a Claim, 47 Motion to Dismiss for Failure to State a Claim, 67 NOTICE of Filing Supplemental Authority, 45 Motion to Dismiss for Failure to State a Claim filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 08/29/2025) |

| 09/05/2025 | 70 | Joint STIPULATION *for Extension of Time for Defendant to Answer Plaintiff's First Amended Complaint* by CodePink. (Pina, David) Modified on 9/8/2025 to edit docket text (MSN). (Entered: 09/05/2025) |
|---|---|---|
| 09/05/2025 | 71 | Opposed MOTION to Dismiss for Failure to State a Claim by Zarefah Baroud. (Slater, James) Modified on 9/8/2025 to edit docket text (MSN). (Entered: 09/05/2025) |
| 09/08/2025 | 72 | NOTICE TO COUNSEL David Pina of Local Rule 2.01(b)(2)(B), which requires members of the Middle District bar to maintain with the clerk a current telephone number, mailing address, and email address. Update your contact information for the Middle District through PACER. (Signed by Deputy Clerk). (MSN) (Entered: 09/08/2025) |
| 09/11/2025 | 73 | NOTICE of Lead Counsel Designation by David Pina on behalf of CodePink. Lead Counsel: David Pina, Esq.. (Pina, David) (Entered: 09/11/2025) |
| 09/11/2025 | 74 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by CodePink. (Pina, David) (Entered: 09/11/2025) |
| 09/15/2025 | 75 | **ENDORSED ORDER GRANTING 17 Joint Stipulation for Extension of Time for Defendant CODEPINK to Respond to Plaintiffs' First Amended Complaint. Defendant CODEPINK shall have up to and including September 25, 2025 to file an answer or otherwise respond to the Complaint. Signed by Judge Mary S. Scriven on 9/15/2025. (KMF)** (Entered: 09/15/2025) |
| 09/16/2025 | 76 | STRICKEN PER 89 Order. RETURN of service executed on 9-8-25 by Harold M. Greenberg, Nathan Lubin, Tamir Aharon Saadon, Limor Rom, Hal David Lubin, Maurice Shnaider, Robin Lynn Lubin, Aileen Greenberg, Robert Kessler, Simon Margulies, Dvora Batya Saadon, Harvey Solomon Lipnick, Shira Ronit Zenilman Brull, Eve Lapides Lubin Marx, Sadie Kessler Halley, Eytan Louis Merkin, Elad Moshe Saadon, Boaz Kessler Halley, Lisa Marta Weinsoff, Jonathan Dov Merkin, Alan Howard Halpern, Jacob Margulies, Nicholas Albert Merkin, Hellene Kalish Traub, Geula Sadun, Ethan Kessler Halley, Eitan Pinchas Zenilman, Robert Alan Zenilman, Tomer Rom, Wendy Kessler Halley, Isaac Margulies, Sharon Celine Stein, Jane Kessler, Yonatan Meir Weinsoff Zenilman, Adam Fischer Halley, Alona Miriam Rom, Yonah Chava Landau Zenilman, Eli Dov Weinsoff Zenilman, Asher Solomon Margulies, Alec Meyer Lubin, Ellyn Margulies, Noam Rom as to American Muslims for Palestine. (Tolchin, Robert) Modified docket text on 9/23/2025 (JOS). (Entered: 09/16/2025) |
| 09/16/2025 | 77 | RETURN of service executed on 9-8-25 by Harold M. Greenberg, Nathan Lubin, Tamir Aharon Saadon, Limor Rom, Hal David Lubin, Maurice Shnaider, Robin Lynn Lubin, Aileen Greenberg, Robert Kessler, Simon Margulies, Dvora Batya Saadon, Harvey Solomon Lipnick, Shira Ronit Zenilman Brull, Eve Lapides Lubin Marx, Sadie Kessler Halley, Eytan Louis Merkin, Elad Moshe Saadon, Boaz Kessler Halley, Lisa Marta Weinsoff, Jonathan Dov Merkin, Alan Howard Halpern, Jacob Margulies, Nicholas Albert Merkin, Hellene Kalish Traub, Geula Sadun, Ethan Kessler Halley, Eitan Pinchas Zenilman, Robert Alan Zenilman, Tomer Rom, Wendy Kessler Halley, Isaac Margulies, Sharon Celine Stein, Jane Kessler, Yonatan Meir Weinsoff Zenilman, Adam Fischer Halley, Alona Miriam Rom, Yonah Chava Landau Zenilman, Eli Dov Weinsoff Zenilman, Asher Solomon Margulies, Alec Meyer Lubin, Ellyn Margulies, Noam Rom as to Taher Herzallah. (Tolchin, Robert) (Entered: 09/16/2025) |
| 09/16/2025 | 78 | RENEWED MOTION for Alternative Service and for Leave to Serve Discovery Demands and Take Depositions Regarding Defendants' Addresses by All Plaintiffs. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # |

| | | |
|---|---|---|
| | | 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12)(Tolchin, Robert) Modified on 9/17/2025 to edit docket text (ELA). (Entered: 09/16/2025) |
| 09/16/2025 | 79 | NOTICE of Lead Counsel Designation by James Murray Slater on behalf of Taher Herzallah. Lead Counsel: James M. Slater. (Slater, James) (Entered: 09/16/2025) |
| 09/16/2025 | 80 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Taher Herzallah. (Slater, James) (Entered: 09/16/2025) |
| 09/16/2025 | 81 | OPPOSED MOTION to Dismiss for Failure to State a Claim by Taher Herzallah. (Attachments: # 1 Exhibit 1 - Declaration of Taher Herzallah)(Slater, James) Modified on 9/17/2025 to edit docket text (ELA). (Entered: 09/16/2025) |
| 09/18/2025 | 82 | MOTION for Sanctions by Madgi Odeh. (Elson, Ben) (Entered: 09/18/2025) |
| 09/18/2025 | 83 | MOTION for Sanctions by Hatem Abudayyeh. (Elson, Ben) (Entered: 09/18/2025) |
| 09/18/2025 | 84 | MOTION for Sanctions by United States Palestinian Community Network. (Elson, Ben) (Entered: 09/18/2025) |
| 09/18/2025 | 85 | Consent MOTION for Extension of Time to File Response/Reply as to 83 MOTION for Sanctions , 82 MOTION for Sanctions , 84 MOTION for Sanctions by All Plaintiffs. (Tolchin, Robert) (Entered: 09/18/2025) |
| 09/19/2025 | 86 | **ENDORSED ORDER GRANTING 85 Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendants Magdi Odeh, Hatem Abudayyeh, and United States Palestinian Community Network's Motions for Sanctions 82 83 84. Plaintiffs shall have up to and including November 3, 2025, to respond to Defendants' Motions for Sanctions. Signed by Judge Mary S. Scriven on 9/19/2025. (KMF)** Modified on 9/19/2025 (KMF). (Entered: 09/19/2025) |
| 09/19/2025 | 87 | WAIVER of service returned executed on 9/19/2025 by Harold M. Greenberg, Nathan Lubin, Tamir Aharon Saadon, Limor Rom, Hal David Lubin, Maurice Shnaider, Robin Lynn Lubin, Aileen Greenberg, Robert Kessler, Simon Margulies, Dvora Batya Saadon, Harvey Solomon Lipnick, Shira Ronit Zenilman Brull, Eve Lapides Lubin Marx, Sadie Kessler Halley, Eytan Louis Merkin, Elad Moshe Saadon, Boaz Kessler Halley, Lisa Marta Weinsoff, Jonathan Dov Merkin, Alan Howard Halpern, Jacob Margulies, Nicholas Albert Merkin, Hellene Kalish Traub, Geula Sadun, Ethan Kessler Halley, Eitan Pinchas Zenilman, Robert Alan Zenilman, Tomer Rom, Wendy Kessler Halley, Isaac Margulies, Sharon Celine Stein, Jane Kessler, Yonatan Meir Weinsoff Zenilman, Adam Fischer Halley, Alona Miriam Rom, Yonah Chava Landau Zenilman, Eli Dov Weinsoff Zenilman, Asher Solomon Margulies, Alec Meyer Lubin, Ellyn Margulies, Noam Rom as to Rafeeq Jaber. (Tolchin, Robert) (Entered: 09/19/2025) |
| 09/19/2025 | 88 | Unopposed MOTION to Strike 76 Summons Returned Executed by American Muslims for Palestine, Americans for Justice in Palestine Educational Foundation. (Attachments: # 1 Exhibit A)(Jump, Christina) (Entered: 09/19/2025) |
| 09/22/2025 | 89 | **ENDORSED ORDER GRANTING 88 Defendant American Muslims for Palestine's Unopposed Motion to Strike Docket Entry 76. Plaintiff acknowledged Docket Entry 76 was filed in error, and Plaintiff listed the correct party served at Docket Entry 77. Accordingly, the Clerk is DIRECTED to STRIKE Docket Entry 76. Signed by Judge Mary S. Scriven on 9/22/2025. (KMF)** (Entered: 09/22/2025) |
| 09/25/2025 | 90 | First MOTION to Dismiss for Failure to State a Claim *Under the Anti-Terrorism Act*, First MOTION to Dismiss Plaintiffs' First Amended Complaint *Pursuant to 12(b)(1) and 12(b)(6)*, First MOTION to Dismiss for Lack of Jurisdiction *For lack of Subject Matter Jurisdiction* by CodePink. (Pina, David) (Entered: 09/25/2025) |

| | | |
|---|---|---|
| 09/26/2025 | 91 | RESPONSE in Opposition re 71 Opposed MOTION to Dismiss for Failure to State a Claim filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 09/26/2025) |
| 10/03/2025 | 92 | RESPONSE in Opposition re 81 MOTION to Dismiss for Failure to State a Claim filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 10/03/2025) |
| 10/16/2025 | 93 | RESPONSE in Opposition re 90 First MOTION to Dismiss for Failure to State a Claim *Under the Anti-Terrorism Act*First MOTION to Dismiss Plaintiffs' First Amended Complaint *Pursuant to 12(b)(1) and 12(b)(6)*First MOTION to Dismiss for Lack of Jurisdiction *For lack of Subject Matter Jurisdiction* filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 10/16/2025) |
| 10/20/2025 | 94 | MOTION for Sanctions under Rule 11 by Zarefah Baroud. (Slater, James) Modified text on 10/21/2025 (MGB). (Entered: 10/20/2025) |
| 10/20/2025 | 95 | MOTION for Sanctions under Rule 11 by Taher Herzallah. (Slater, James) Modified text on 10/21/2025 (MGB). (Entered: 10/20/2025) |
| 10/20/2025 | 96 | DECLARATION of James M. Slater re 94 MOTION for Sanctions *under Rule 11*, 95 MOTION for Sanctions *under Rule 11* by Zarefah Baroud, Taher Herzallah. (Attachments: # 1 Exhibit A - Safe Harbor Letters and Draft Motions, # 2 Exhibit B - USPS Tracking Information)(Slater, James) (Entered: 10/20/2025) |

| 10/27/2025 | 97 | RESPONSE in Opposition re 95 MOTION for Sanctions under Rule 11, 94 MOTION for Sanctions under Rule 11 filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 10/27/2025) |
| 10/27/2025 | 98 | RESPONSE in Opposition re 83 MOTION for Sanctions , 82 MOTION for Sanctions , 84 MOTION for Sanctions filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 10/27/2025) |
| 11/20/2025 | 99 | Opposed MOTION to Dismiss for Failure to State a Claim by Rafeeq Jaber. (Slater, James) Modified on 11/21/2025 to edit docket text (AJS). (Entered: 11/20/2025) |
| 11/20/2025 | 100 | Unopposed MOTION for Miscellaneous Relief, specifically to Deem Motion to Dismiss as Timely Filed by Rafeeq Jaber. (Attachments: # 1 Declaration of James Slater)(Slater, James) (Entered: 11/20/2025) |
| 11/20/2025 | 101 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Rafeeq Jaber. (Slater, James) (Entered: 11/20/2025) |
| 11/20/2025 | 102 | NOTICE of Lead Counsel Designation by James Murray Slater on behalf of Rafeeq Jaber. Lead Counsel: James M. Slater. (Slater, James) (Entered: 11/20/2025) |
| 11/21/2025 | 103 | NOTICE TO COUNSEL Robert J. Tolchin of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who - unless the party changes the designation - remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (WLB) (Entered: 11/21/2025) |
| 11/21/2025 | 104 | **ENDORSED ORDER GRANTING Defendant Rafeeq Jaber's Unopposed Motion to Deem Response to Amended Complaint as Timely Filed 100. Defendant Jaber has shown good cause and excusable neglect under Fed. R. Civ. P. 6(b)(1)(B) to extend an expired deadline, and Plaintiffs do not oppose the Motion. As such, Defendant Jaber's Motion to Dismiss 99 is deemed timely filed. Plaintiffs shall have TWENTY-ONE (21) DAYS from the date of this Order to file a response. Signed by Judge Mary S. Scriven on 11/21/2025. (KMF)** Modified on 11/21/2025 (KMF). (Entered: 11/21/2025) |

| 11/26/2025 | 105 | NOTICE of Lead Counsel Designation by Robert J. Tolchin on behalf of Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. Lead Counsel: Robert J. Tolchin. (Tolchin, Robert) (Entered: 11/26/2025) |
| --- | --- | --- |
| 11/26/2025 | 106 | RESPONSE in Opposition re 99 Opposed MOTION to Dismiss for Failure to State a Claim filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 11/26/2025) |
| 12/09/2025 | 107 | NOTICE of Appearance by Tammie Purow on behalf of Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman (Purow, Tammie) (Entered: 12/09/2025) |
| 01/06/2026 | 108 | DEFENDANT'S MOTION for Sanctions filed by CodePink. (Attachments: # 1 Affidavit Declaration of David Pina, # 2 Exhibit A Safe Harbor Letter and Draft Motion, # 3 Exhibit B FedEx Tracking)(Pina, David) Modified on 1/6/2026 per Chambers request (CRB). Modified duplicate docket text on 1/12/2026 (SET). (Entered: 01/06/2026) |
| 01/19/2026 | 109 | MEMORANDUM in opposition re 108 Motion for Sanctions filed by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad |

| | | |
|---|---|---|
| | | Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 01/19/2026) |
| 02/04/2026 | 110 | NOTICE of supplemental authority by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. (Tolchin, Robert) (Entered: 02/04/2026) |
| 02/17/2026 | 111 | **ORDER granting in part and denying in part 78 Plaintiffs' Renewed Motion for Alternative Service. Signed by Magistrate Judge Sean P. Flynn on 2/17/2026. (ACS)** (Entered: 02/17/2026) |
| 02/24/2026 | 112 | **ORDER GRANTING Defendants' Motions to Dismiss 45 46 47 48 50 52 54 56 58 71 81 90 99. The Court TAKES UNDER ADVISEMENT the currently pending Motions for Sanctions 82 83 84 94 95 108 and DIRECTS any outstanding Motions for Sanctions to be filed, if the Motion was served at least 21 days before this Order to account for the safe harbor provision in Fed. R. Civ. P 11(c)(2). Signed by Judge Mary S. Scriven on 2/24/2026. (KMF)** (Entered: 02/24/2026) |
| 03/22/2026 | 113 | NOTICE OF APPEAL as to 112 Order on Motion to Dismiss for Failure to State a Claim Order on Motion to Dismiss / Lack of Jurisdiction by Shira Ronit Zenilman Brull, Aileen Greenberg, Harold M. Greenberg, Adam Fischer Halley, Boaz Kessler Halley, Ethan Kessler Halley, Sadie Kessler Halley, Wendy Kessler Halley, Alan Howard Halpern, Jane Kessler, Robert Kessler, Harvey Solomon Lipnick, Alec Meyer Lubin, Hal David Lubin, Nathan Lubin, Robin Lynn Lubin, Eve Lapides Lubin Marx, Asher Solomon Margulies, Ellyn Margulies, Isaac Margulies, Jacob Margulies, Simon Margulies, Eytan Louis Merkin, Jonathan Dov Merkin, Nicholas Albert Merkin, Alona Miriam Rom, Limor Rom, Noam Rom, Tomer Rom, Dvora Batya Saadon, Elad Moshe Saadon, Tamir Aharon Saadon, Geula Sadun, Maurice Shnaider, Sharon Celine Stein, Hellene Kalish Traub, Lisa Marta Weinsoff, Eitan Pinchas Zenilman, Eli Dov Weinsoff Zenilman, Robert Alan Zenilman, Yonah Chava Landau Zenilman, Yonatan Meir Weinsoff Zenilman. Filing fee $605, receipt number AFLMDC-24647199. ***Case Stayed. (Tolchin, Robert) (Entered: 03/22/2026) |