# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 25, 2026

Jamail James Hogan
USP Terre Haute - Inmate Legal Mail
PO BOX 33
TERRE HAUTE, IN 47808

Appeal Number:  26-10938-G
Case Style:  In re: Jamail Hogan
District Court Docket No:  8:05-cr-00527-SDM-AEP-1

## PETITION FOR WRIT DOCKETING NOTICE

Your petition for a writ of mandamus, a writ of prohibition, or an extraordinary writ has been filed.

Please use the appeal number for all filings in this Court.

Dismissal Notice for Failure to File a CIP
**The petition filed by you failed to include a CIP.** The petitioner must file a CIP at the same time it files the petition. 11th Cir. R. 26.1-1(a)(3).

Pursuant to 11th Cir. R. 42-1(b), **this appeal will be dismissed without further notice upon the expiration of 14 days from the date of this notice** unless the petitioner files a Certificate of Interested Persons (CIP) on the Court's docket. See 11th Cir. R. 26.1-1(a)(3).

Web-Based CIP
Only parties represented by counsel must complete the web-based Certificate of Interested Persons and Corporate Disclosure Statement (CIP). Counsel must complete the web-based CIP, through the Web-Based CIP link on the Court's website, on the same day the CIP is first filed. See 11th Cir. R. 26.1-1(b).

Obligation to Notify Court of Change of Addresses
Each pro se party and attorney has a continuing obligation to notify this Court of any changes to the party's or attorney's addresses during the pendency of the case. See 11th Cir. R. 25-7.

Clerk's Office Phone Numbers
General Information:    404-335-6100       Attorney Admissions:          404-335-6122

Case Administration:    404-335-6135    Capital Cases:               404-335-6200
CM/ECF Help Desk:    404-335-6125    Cases Set for Oral Argument: 404-335-6141

PRO-2B Mandamus deficiency letter

U.S. COURT OF APPEALS
RECEIVED
CLERK

MAR 20 2026

ATLANTA, GA

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Jamail James Hogan,
   Petitioner,

v.

United States of America,
   Respondent.

---

## PETITION FOR WRIT OF MANDAMUS
## PURSUANT TO 28 U.S.C.S. §1361

---

COMES NOW, the petitioner "Jamail James Hogan," hereinafter to be referred to as simply "Mr. Hogan," proceeding pro se,[1]/ petition requesting that the Eleventh Circuit Court of Appeals intervene pursuant to 28 U.S.C.S. § 1361, by ordering the U.S. Middle District Court of Florida (Tampa Division), to adjudge, and mete out a ruling as to Mr. Hogan's Motion For Reduction of Sentence, pursuant to 18 U.S.C. § 3582 (c)(1)(a), district court case number: 8:05-cr-00527-SDM-AEP, Docket number: 257

As grounds for Mr. Hogan's request, the following is stated:

### I. Course of Proceedings

On February 22nd, 2006 A grand jury returned a 13-count superceding indictment in the U.S. Middle District Court of Florida (Tampa Division), charging Jamail James Hogan with count ONE: Conspiracy to obstruct commerce by robbery, pursuant to 18 U.S.C. § 1951; count TWO: Carjacking, pursuant to 18 U.S.C § 2119, and §2119 (2); count's FOUR, SIX, NINE, ELEVEN:

---

[1]/ Mr. Hogan, proceeding pro se, would ask, and request that this honorable court construe his instant pleading liberally, and in a less stringent standard than pleadings drafted by attorneys so as to best achieve substantial justice. see: Haines v. Kerner, 404 U.S. 519, 520-521 (1972); and Hughes v. Lott, 350 F. 3d 1157, 1160 (11th Cir. 2003)

Hobbs Act Robbery, pursuant to 18 U.S.C. § 1951; count's THREE, FIVE, SEVEN, TEN, TWELVE: brandishing/discharging a firearm during the commission of a crime, pursuant to 18 U.S.C. § 924(c); lastly, count THIRTEEN: Possession of a firearm by convicted felon, pursuant to 18 U.S.C. § 922 (g)(1). [1] (Doc.36)

On May 16, 2006, Mr. Hogan commenced a four-day jury trial, (Doc.90)
On May 19, 2006, The jury found Mr. Hogan guilty on all counts. (Doc.104)

On August 10, 2006, U.S. District Court Judge Steven D. Merryday, Sentenced Mr. Hogan to 2,904 months (242 yrs) imprisonment. (Doc.111)

On November 30, 2024, Mr. Hogan filed to the U.S. Middle District Court of Florida (Tampa Division), a motion seeking compassionate release, and, or, reduction of sentence, pursuant to 18 U.S.C. § 3582 (c)(1)(a), and U.S.S.G. § 1B1.13(b)(6). see :( Doc.257 in 8:05-cr-527-SDM-AEP).

One-year, and two-months has elapsed since the filing of Mr. Hogan's § 3582 motion for reduction of sentence (Doc.257), and the district court has still yet to adjudge and mete out a ruling ?

This instant filing to the Eleventh Circuit Court of Appeals for petition for Writ of Mandamus now follows.

## II.  Legal Standard

"Mandamus is a possible remedy when the district court has unduly delayed in ruling on a case." see : Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62, 98 S.Ct 2552, 57 L. Ed. 2d 504 (1978)

## III.  Argument/Complaint

Mr. Hogan would ask that the Eleventh Circuit Court of Appeals intervene and

---

[1] Count Eight, was dismissed upon motion by the government.

2.

sua sponte order the lower district court to adjudge and mete out a ruling as to Mr. Hogan's § 3582(c) motion for reduction of sentence. (docket 257 in district court case #: 8:05-cr-527-SDM-AEP. This is the second time Mr. Hogan has had to petition to this honorable court to intervene and sua sponte order the district court (Judge Merryday) to adjudge a ruling 'because of unexcuseable delay'. Back in March of 2022, Judge Merryday purposely delayed ruling on a Motion for Relief, pursuant to Fed. R. Civ. P. Rule 60(b)(6), filed by Mr. Hogan, for a duration of one-year, and seven months, ("1-year, and 7 months!") to obtain a ruling from the district court (Judge Merryday), Mr. Hogan had to petition for mandamus from the 11th Circuit court of appeals then also. see: (USCA 11 case #: 22-10897-E). What is shamefully sad, and easily apparent to see is [by Judge Merryday's lack of action and delay in ruling, He will not grant Mr. Hogan's compassionate release/re-duction of sentence motion "even if" Mr. Hogan 'has' displayed and presented a showing of extraordinary and compelling circumstances, and met most the § 3553(a) factors to meet,] Mr. Hogan expects this much on account of his endurement of Judge Merryday's steady continuous stream flow of 'denial order decisions' given for the past 20-years in regards to every motion, or petition Mr. Hogan has ever filed. Yet still, Mr. Hogan would still seek and demand a ruling from the district court so that he may appeal and present his claim to those who will review and adjudge Mr. Hogan's claims for relief without bias and ill regard. Mr. Hogan is charged with four counts of 18 U.S.C. § 924(c), (counts: 5, 7, 10, and 12) to which he was sentenced by Judge Merryday to 25-years imprisonment on each § 924(c) count. this was a practice in the district courts commonly known and referred to as "stacking." Congress in 2018, pursuant to section 403 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"), eliminated both the higher penalty for 'second and subsequent § 924(c) offenses', and the stacking feature that required a defendant to serve those sentences consecutively. Congress clarified it's intent for the application of the § 924(c) 'second or subsequent penalty provision', explainning that, "the 25-year penalty applied only if it was for a second or subsequent § 924(c) conviction that occurs after a previous § 924(c) conviction had become final." Congress has

3.

categorically rejected the continued practice of district courts applying the 'second or subsequent 25-year enhanced penalty' when multiple §924 convictions occur as a result of having been charged in the same indictment or adjudicated simultaneously, as occurred in Mr. Hogan's case. The FSA's interpretation, and guidance of a [Change in Law], suggest and indicate that Mr. Hogan is currently serving an illegal sentence. Thus, it doesn't take a rocket scientist, or, (a year and two months of ponderance) to figure out Mr. Hogan is entitled to relief, and through the district court is the only form in which to obtain said relief.

## IV. Conclusion

**WHEREFORE** it is for the reasons that have been stated Mr. Hogan humbly request that the Eleventh Circuit Court of Appeals intervene and sua sponte order the lower U.S. Middle District Court of Florida (Tampa Division) to adjudge and mete a ruling as to Mr. Hogan's Motion for reduction of sentence, docket #: 257 in district court case #: 8:05-cr-527-SDM-AEP, so as to afford Mr. Hogan the right and benefit of due process of law promised to every american citizen by the U.S. Constitution.

Respectfully submitted,

/s/ Jamail Hogan

Jamail Hogan #: 48404-018
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

4.

## Certificate Of Service

I HEREBY CERTIFY, that a ture and correct copy of the foregoing Petition for writ of mandamus was mailed to the: Eleventh Circuit Court of Appeals, 56 Forsyth Street, N.W., Atlanta, GA 30303. And, to the: U.S. Middle District Court of Florida (Tampa Division), Sam M. Gibbons U.S. Courthouse, 801 North Florida Ave, 2nd Floor, Tampa, Florida 33602. on this date of: March 12, 2026

/S/ _Jamail J. Hogan_

Jamail J. Hogan #48404-018
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

5.

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF SERVICE

*(Use this form only if service is being made other than through the Court's electronic-filing system.)*

Jamail J. Hogan _____ vs. _U.S.A._____ Appeal No. _

FRAP 25(b) through (d) require that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. Unless the document is being served through the Court's electronic-filing system, the person making service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. **You may use this form to fulfill this requirement.** *Please type or print legibly.*

I hereby certify that on (date) _3/12/26_____, a true and correct copy of the foregoing (title of filing) _Petition for Writ of Mandamus_____ has been (check one):

☐ sent by mail, postage prepaid

☑ deposited in the prison's internal mailing system with first-class postage prepaid

☐ sent by electronic means with the consent of the person being served

☐ other (specify manner of service) _____

and properly addressed to the persons whose names and addresses are listed below:

_U.S. Middle District Court of Florida_

_Tampa Division_

_- Judge Steven D. Merryday -_

_Sam M. Gibbons U.S. Courthouse_

_801 North Florida Ave, 2nd Floor_

_Tampa, FL 33602_

_Jamail Hogan_____
Your Name (please print)

_Jamail Hogan_____
Your Signature

Rev.: 12/20